FILED

10 SEP -2  PM 12:47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

Luke L. Dauchot (S.B.N. 229829)
luke.dauchot@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California  90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Gregg F. LoCascio, P.C. (*pro hac vice*)
gregg.locascio@kirkland.com
Sean M. McEldowney (S.B.N. 248368)
sean.mceldowney@kirkland.com
Christopher Nalevanko (*pro hac vice*)
christopher.nalevanko@kirkland.com
Brian N. Gross (*pro hac vice*)
brian.gross@kirkland.com
Kirkland & Ellis LLP
655 Fifteenth St., N.W.
Washington, D.C.  20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Attorneys for Defendant
SIEMENS MEDICAL SOLUTIONS USA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROGRAFIX, a California corporation; WASHINGTON RESEARCH FOUNDATION, a not-for-profit Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; and SIEMENS AKTIENGESELLSCHAFT, a German corporation,<br>Defendants.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC.,<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>NEUROGRAFIX, and WASHINGTON RESEARCH FOUNDATION<br><br>Counterclaim Defendants. | CASE NO. CV 10-1990 MRP(RZX)<br><br>**DEFENDANT SIEMENS MEDICAL SOLUTIONS USA, INC.'S CORRECTED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED**<br><br>**The Hon. Mariana R. Pfaelzer United States District Court Judge** |

1

# I.     ANSWER TO COMPLAINT

Defendant Siemens Medical Solutions USA, Inc. ("Siemens Medical"), by and through its undersigned counsel, hereby answers the allegations in the First Amended Complaint of NeuroGrafix and Washington Research Foundation ("WRF") (collectively, "Plaintiffs") as follows:

## NATURE OF THE ACTION

1.     Siemens Medical admits that Plaintiffs' First Amended Complaint alleges infringement of U.S. Patent No. 5,560,360 (the "'360 patent"), but denies that there are any factual or legal bases for Plaintiffs' claims.  Siemens Medical further admits that a document that purports to be a copy of the '360 patent was attached as Exhibit A to the First Amended Complaint.  Except as specifically admitted herein, Siemens Medical denies any remaining allegations in paragraph 1.

## SUMMARY OF COMPLAINT

2.     Siemens Medical admits that Plaintiffs allege infringement against Siemens Medical and Siemens Aktiengesellschaft ("Siemens AG"), but denies that there are any factual or legal bases for Plaintiffs' claims.  Siemens Medical lacks knowledge or information to form a belief as to the truth of the allegation that Aaron G. Filler is the CEO of NeuroGrafix and therefore denies it.  Siemens Medical admits that the '360 patent was issued and that the '360 patent, on its face, lists Aaron G. Filler and others as inventors.  Except as specifically admitted herein, Siemens Medical denies the remaining allegations in paragraph 2.

3.     Siemens Medical denies the allegations in paragraph 3.

4.     Siemens Medical admits that in or around 2003, Dr. Filler and/or his

associates contacted Siemens Medical to discuss their purchasing or leasing medical equipment from Siemens Medical, and that as part of those discussions Siemens Medical obtained business information from Dr. Filler or a corporate entity with which he was affiliated for the purpose of evaluating financing options for the equipment.   Siemens Medical, however, lacks knowledge or information to form a belief as to whether or which of these communications involved NeuroGrafix, and therefore denies the allegation that "Siemens Medical and Plaintiff NeuroGrafix met." Siemens Medical admits that, pursuant to those discussions, a "Mutual Non-Disclosure Agreement" was entered between Siemens Medical and NeuroGrafix for the limited purposes of Siemens Medical providing technical information about its medical equipment and NeuroGrafix providing financial and business information so that Siemens Medical could assess financing options for the equipment.   Except as specifically admitted herein, Siemens Medical denies the remaining allegations in paragraph 4.

5.     Siemens Medical admits that it has not entered into a license agreement with Plaintiffs for the '360 patent.   Except as specifically admitted herein, Siemens Medical denies the remaining allegations in paragraph 5.

## PARTIES

6.     Siemens Medical lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7.     Siemens Medical lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8.     Siemens Medical admits that it is a Delaware corporation with a principal place of business in Malvern, Pennsylvania, and that it conducts business in the State of California.   Siemens Medical further admits that it has offices at 5210 Pacific Concourse Drive, Los Angeles, California.   Except as specifically admitted herein,

Defendant Siemens Medical Solutions
USA, Inc.'s Corrected Answer,
Affirmative Defenses, and Counterclaims

1    Siemens Medical denies the remaining allegations in paragraph 8.

2        9.    The allegations in paragraph 9 pertain to Siemens AG rather than
3    Siemens Medical and so do not require a response from Siemens Medical.  To the
4    extent paragraph 9 does require a response from Siemens Medical, Siemens Medical
5    lacks knowledge or information sufficient to form a belief as to the truth of the
6    allegations in paragraph 9 and therefore denies them.

7

8                        JURISDICTION AND VENUE

9        10.    Siemens Medical admits that this is an action alleging patent
10   infringement and that this Court would have subject matter jurisdiction over a patent
11   infringement action brought by the owner of the '360 patent.  Siemens Medical denies
12   that NeuroGrafix has constitutional standing to bring a patent infringement claim
13   under the '360 patent and therefore denies that this Court has subject matter
14   jurisdiction with respect to an infringement claim brought by Plaintiff NeuroGrafix.
15   Siemens Medical lacks knowledge or information sufficient to form a belief as to
16   WRF's constitutional standing to bring a patent infringement claim under the '360
17   patent and therefore denies that this Court has subject matter jurisdiction with respect
18   to an infringement claim brought by Plaintiff WRF.

19       11.    Subject to the denials regarding constitutional standing of the Plaintiffs in
20   paragraph 10 above, Siemens Medical admits that venue is proper in this District
21   under 28 U.S.C. §§ 1391(b) and 1400(b).  Siemens Medical admits that Siemens
22   Medical has offices in this District and that Siemens Medical conducts business within
23   the State of California.  To the extent the allegations in paragraph 11 pertain to
24   Siemens AG, they do not require a response from Siemens Medical.  To the extent the
25   allegations pertaining to Siemens AG require a response from Siemens Medical,
26   Siemens Medical lacks knowledge or information sufficient to form a belief as to the

27

28

4    Defendant Siemens Medical Solutions
     USA, Inc.'s Corrected Answer,
     Affirmative Defenses, and Counterclaims

truth of those allegations and therefore denies them.  Except as specifically admitted herein, Siemens Medical denies the remaining allegations in paragraph 11.

12.    Siemens Medical admits that Siemens Medical has offices in this District and that Siemens Medical conducts business within the State of California and that this Court has personal jurisdiction over Siemens Medical in this case.  To the extent the allegations in paragraph 12 pertain to Siemens AG, they do not require a response from Siemens Medical.   To the extent the allegations pertaining to Siemens AG require a response from Siemens Medical, Siemens Medical lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

FACTUAL ALLEGATIONS

13.    Siemens Medical admits that before the priority date for the '360 patent "many techniques were already known for locating and viewing the brain, spinal cord, and spinal roots within the spinal cord," and that "MRI technology provided an opportunity to view certain structures such as the peripheral nerves."   Except as specifically admitted herein, Siemens Medical denies the remaining allegations in paragraph 13.

14.    Siemens Medical denies the allegations in paragraph 14.

15.    Siemens Medical denies the allegations in paragraph 15.

16.    Siemens Medical admits that the '360 patent lists March 8, 1993 as the date on which United States Patent Application No. 08/028,795 was filed with the United States Patent & Trademark Office ("PTO").   Except as specifically admitted herein, Siemens Medical denies the remaining allegations in paragraph 16.

17.    Siemens Medical admits that the '360 patent, entitled "Image Neurography and Diffusion Anisotropy Imaging," issued on October 1, 1996, but otherwise denies the allegations in first sentence of paragraph 17.  Siemens Medical

Defendant Siemens Medical Solutions
USA, Inc.'s Corrected Answer,
Affirmative Defenses, and Counterclaims

1    lacks knowledge or information sufficient to form a belief as to the truth of the
2    allegations in the second sentence of paragraph 17 and therefore denies them.

3        18.    Siemens Medical denies the allegations in paragraph 18.  Further, to the
4    extent Siemens Medical has used the phrases "MR Neurography," "DW
5    Neurography," and/or "DTI," Siemens Medical disagrees with the meaning ascribed
6    to them in paragraph 18.  Siemens Medical denies the allegation in paragraph 18 that
7    "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography,"
8    or "DTI," as Siemens Medical understands, or may have used, those terms and as
9    those terms are understood and used in the field.  As Siemens Medical understands, or
10   may have used those or similar phrases, and as those and similar phrases are
11   understood and used in the field, Siemens Medical denies that the '360 patent claims
12   the use of MR for neurography, diffusion weighted imaging for neurography, or
13   diffusion tensor imaging, and denies that the individuals listed as inventors on the face
14   of the '360 patent invented the use of MR for neurography, diffusion weighted
15   imaging for neurography, or diffusion tensor imaging.

16       19.    Siemens Medical lacks knowledge or information sufficient to form a
17   belief as to the truth of the allegations in paragraph 19 and therefore denies them.

18       20.    Siemens Medical denies that "Dr. Filler and his co-inventors developed
19   the technology claimed in the '360 patent."  Siemens Medical lacks knowledge or
20   information sufficient to form a belief as to the truth of the remaining allegations in
21   paragraph 20 and therefore denies them.

22       21.    Siemens Medical lacks knowledge or information sufficient to form a
23   belief as to the truth of the allegations in paragraph 21 and therefore denies them.

24       22.    Siemens Medical denies the allegation that WRF granted NeuroGrafix all
25   substantial rights in the '360 patent pursuant to an exclusive license agreement, and
26   notes that this Court has already held that "NeuroGrafix was not granted 'all
27   substantial rights' under the '360 patent."  (D.I. 47, 6/30/10 Order at 10.)  Siemens

28

6

Medical lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies them.

23. To the extent paragraph 23 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field. Siemens Medical lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies them.

24. Siemens Medical lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

25. To the extent paragraph 25 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field. Siemens Medical admits that in or around 2003, Dr. Filler and/or his associates contacted Siemens Medical, including Sven Hackmann who was a sales representative, to discuss their purchasing or leasing medical equipment from Siemens Medical, and that as part of those discussions Siemens Medical obtained business information from Dr. Filler or a corporate entity with which he was affiliated for the purpose of evaluating financing options for the equipment. Siemens Medical admits that, pursuant to those discussions, a "Mutual Non-Disclosure Agreement" was entered between Siemens Medical and NeuroGrafix for the limited purposes of Siemens Medical providing technical information about its medical equipment and NeuroGrafix providing financial and business information so that Siemens Medical could assess financing options for the equipment. Siemens Medical admits that in the course of those

Defendant Siemens Medical Solutions
USA, Inc.'s Corrected Answer,
Affirmative Defenses, and Counterclaims

discussions regarding the purchase or lease of Siemens Medical equipment, Dr. Filler inquired to Mr. Hackmann whether Siemens Medical would be interested in collaborating on research with Dr. Filler, and Mr. Hackmann informed Dr. Filler that sales representatives for Siemens Medical do not discuss research collaboration with customers, and referred Dr. Filler to Siemens Medical's research and development group. Siemens Medical denies that Mr. Hackmann "expressed his desire to introduce NeuroGrafix's innovations to others at Siemens." Except as specifically admitted herein, Siemens Medical denies the remaining allegations in paragraph 25.

26. To the extent paragraph 26 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field. Siemens Medical admits that Dr. Filler may have had communications with scientists at Siemens Medical in or around 2003. Siemens Medical denies the remaining allegations in paragraph 26.

27. To the extent paragraph 27 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field. Siemens Medical admits that in or around 2003, Dr. Filler and/or his associates contacted Siemens Medical to discuss their purchasing or leasing medical equipment from Siemens Medical, and that subsequent discussions with sales representatives regarding the purchase or lease of equipment from Siemens Medical included emails, telephone calls, and at least one face-to-face meeting. Siemens Medical, however, lacks knowledge or information to form a belief as to whether or which of these

Defendant Siemens Medical Solutions
USA, Inc.'s Corrected Answer,
Affirmative Defenses, and Counterclaims

communications involved NeuroGrafix, and therefore denies the allegation that Siemens Medical employees "met with NeuroGrafix." Siemens Medical denies that as a result of these communications it "became aware of NeuroGrafix's commercialization of the '360 patent." Siemens Medical admits that, pursuant to those communications, a "Mutual Non-Disclosure Agreement" was entered between Siemens Medical and NeuroGrafix for the limited purposes of Siemens Medical providing technical information about its medical equipment and NeuroGrafix providing financial and business information so that Siemens Medical could assess financing options for the equipment. Siemens Medical denies the remaining allegations in the first, second, and fourth sentences of paragraph 27. Siemens Medical lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third, fifth, and sixth sentences of paragraph 27 and therefore denies them.

28. To the extent paragraph 28 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field. Siemens Medical admits that in or around 2003, Dr. Filler and/or his associates contacted Siemens Medical to discuss their purchasing or leasing medical equipment from Siemens Medical, and that as part of those discussions Siemens Medical obtained business information from Dr. Filler or a corporate entity with which he was affiliated for the purpose of evaluating financing options for the equipment. Siemens Medical denies the remaining allegations in paragraph 28.

29. To the extent paragraph 29 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW

Defendant Siemens Medical Solutions
USA, Inc.'s Corrected Answer,
Affirmative Defenses, and Counterclaims

Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field.   Siemens Medical denies the remaining allegations in paragraph 29.

30.   To the extent paragraph 30 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field.   Siemens Medical denies the remaining allegations in paragraph 30.

31.   The allegations in paragraph 31 pertain to Siemens AG rather than Siemens Medical and so do not require a response from Siemens Medical.   To the extent paragraph 31 requires a response from Siemens Medical, Siemens Medical lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them.

32.   To the extent paragraph 32 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field.   Siemens Medical admits that it has agreements with IMRIS and BrainLab and that Siemens Medical supplies IMRIS and BrainLab with medical equipment.   Siemens Medical admits that it has not entered into a license agreement with Plaintiffs for the '360 patent, and that Siemens Medical has not funded NeuroGrafix.   Except as specifically admitted herein, Siemens Medical denies the remaining allegations in paragraph 32.

33.   To the extent paragraph 33 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW

Defendant Siemens Medical Solutions
USA, Inc.'s Corrected Answer,
Affirmative Defenses, and Counterclaims

Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field.  Siemens Medical admits that in a 2006 document it stated that "Diffusion tensor imaging (DTI) represents the next generation of diffusion weighted imaging."  Siemens Medical admits that in a 2006 document it stated that "Siemens has recognized the need for a robust DTI package and responded by offering a complete solution," but denies that those statements were made about any technology covered by the '360 patent.  Except as specifically admitted herein, Siemens Medical denies the remaining allegations in paragraph 33.

34.    To the extent paragraph 34 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field.  Siemens Medical admits that in or around 2007 Siemens Medical was marketing and selling MRI equipment, and offering a software package referred to as Neuro Suite.  Siemens Medical admits that in documents it has stated that "Diffusion weighted imaging is possible with up to 16 b-values in the orthogonal directions as well as multiple direction diffusion weighting in 6 or 12 directions to generate data sets for diffusion tensor imaging," but denies that those statements were made about any technology covered by the '360 patent.  Except as specifically admitted herein, Siemens Medical denies the remaining allegations in paragraph 34.

35.    To the extent paragraph 35 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field.  Siemens Medical

Defendant Siemens Medical Solutions
USA, Inc.'s Corrected Answer,
Affirmative Defenses, and Counterclaims

admits that in or around 2009 it was selling and marketing medical equipment for MR imaging, including syngo DTI Tractography. Siemens Medical admits that it provides instructions for use of its products. Except as specifically admitted herein, Siemens Medical denies the remaining allegations in paragraph 35.

36. To the extent paragraph 36 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field. Siemens Medical denies the allegations in paragraph 36.

37. To the extent paragraph 37 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field. Siemens Medical denies the allegations in paragraph 37.

38. To the extent paragraph 38 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field. Siemens Medical admits that Exhibit B to the First Amended Complaint is a copy of materials that have been available on Siemens Medical's website. Siemens Medical admits that it distributes advertising and promotion materials, including Magnetom Flash magazine. To the extent the allegations in paragraph 38 pertain to Siemens AG, they do not require a response from Siemens Medical. To the extent the allegations pertaining to Siemens AG do require a response from Siemens Medical, Siemens Medical lacks

Defendant Siemens Medical Solutions USA, Inc.'s Corrected Answer, Affirmative Defenses, and Counterclaims

knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Siemens AG in paragraph 38 and therefore denies them.   Except as specifically admitted herein, Siemens Medical denies the remaining allegations in paragraph 38.

39.   To the extent paragraph 39 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field.   Siemens Medical admits that it has distributed Magnetom Flash magazine at RSNA meetings.   Except as specifically admitted herein, Siemens Medical denies the remaining allegations in paragraph 39.

40.   To the extent paragraph 40 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field.   Siemens Medical denies the allegations in the first and fifth sentences of paragraph 40 of the Complaint. Siemens Medical lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of paragraph 40 and therefore denies them.

41.   To the extent paragraph 41 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field.   Siemens Medical lacks knowledge or information sufficient to form a belief as to the truth of the remaining

Defendant Siemens Medical Solutions
USA, Inc.'s Corrected Answer,
Affirmative Defenses, and Counterclaims

1    allegations in paragraph 41 and therefore denies them.

2        42.    To the extent paragraph 42 refers to "MR Neurography," "DW

3    Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in

4    paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW

5    Neurography," or "DTI," as Siemens Medical understands, or may have used, those

6    terms and as those terms are understood and used in the field.   Siemens Medical

7    admits that it supplies applications referred to as Neuro Suite, syngo DTI

8    Tractography, syngo DTI Evaluation, Inline Diffusion, and syngo DTI.   Siemens

9    Medical admits that its equipment has machine settings and protocols.   Except as

10   specifically admitted herein, Siemens Medical denies the remaining allegations in

11   paragraph 42.

12       43.    Siemens Medical admits that it has provided IMRIS and/or others with

13   MRI scanners.   Siemens Medical admits that it has provided to third parties MRI

14   scanners incorporating the following systems: the V-Engine, Quantum, TQ-Engine, or

15   VQ-Engine systems.   Siemens Medical admits that its equipment and gradients have

16   undergone technological progression from 2000 to the present.   Siemens Medical

17   denies the remaining allegations in paragraph 43.

18       44.    To the extent paragraph 44 refers to "MR Neurography," "DW

19   Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in

20   paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW

21   Neurography," or "DTI," as Siemens Medical understands, or may have used, those

22   terms and as those terms are understood and used in the field.   Siemens Medical

23   denies the allegations in paragraph 44.

24       45.    Siemens Medical admits that in 2008 Cedars-Sinai indicated to Dr. Filler

25   that he should address correspondence regarding the '360 patent to Siemens Medical

26   or Siemens AG.   Siemens Medical lacks knowledge or information sufficient to form

27   a belief as to the truth of the remaining allegations in paragraph 45 and therefore

28

14              Defendant Siemens Medical Solutions
                USA, Inc.'s Corrected Answer,
                Affirmative Defenses, and Counterclaims

denies them.

46.   Siemens Medical admits that in or around November 2008 Dr. Filler contacted Siemens AG to ask if Siemens was interested in an exclusive or a non-exclusive license to the '360 patent.   Siemens Medical denies the remaining allegations in paragraph 46 of the Complaint.

47.   To the extent paragraph 47 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field.   Siemens Medical admits that Dr. Filler was informed that Siemens Medical's products did not require a license to any valid claim of the '360 patent.   Siemens Medical denies the remaining allegations in paragraph 47.

48.   Siemens Medical denies the allegations in paragraph 48.

49.   To the extent paragraph 49 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field.   Siemens Medical denies the allegations in paragraph 49 of the Complaint.

50.   Siemens Medical denies the allegations in paragraph 50 of the Complaint.

COUNT I – INFRINGEMENT OF THE '360 PATENT

51.   Siemens Medical incorporates its responses to paragraphs 1 through 50 herein by reference.

52.   Siemens Medical admits that the Complaint purports to set forth a claim

Defendant Siemens Medical Solutions
USA, Inc.'s Corrected Answer,
Affirmative Defenses, and Counterclaims

under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.*, but denies that there are any factual or legal bases for Plaintiffs' claims.

53.   Siemens Medical admits that the '360 patent, entitled "Image Neurography and Diffusion Anisotropy Imaging," was issued on October 1, 1996. Siemens Medical denies the remaining allegations in paragraph 53 of the Complaint.

54.   Siemens Medical lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies them.

55.   Siemens Medical lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies them.

56.   Siemens Medical denies the allegations in paragraph 56 of the Complaint.   Siemens Medical further notes that this Court has already held that "NeuroGrafix was not granted 'all substantial rights' under the '360 patent." (D.I. 47, 6/30/10 Order at 10.)

57.   To the extent paragraph 57 refers to "MR Neurography," "DW Neurography," or "DTI," Siemens Medical reiterates that it denies the allegation in paragraph 18 that "the '360 encompasses" or validly claims "MR Neurography," "DW Neurography," or "DTI," as Siemens Medical understands, or may have used, those terms and as those terms are understood and used in the field.   Siemens Medical denies the allegations in paragraph 57 of the Complaint.

58.   Siemens Medical denies the allegations in paragraph 58 of the Complaint.

59.   Siemens Medical denies the allegations in paragraph 59 of the Complaint.

60.   Siemens Medical denies that Plaintiffs are entitled to any relief whatsoever in this action, either as prayed for in the First Amended Complaint or otherwise.

61.   To the extent the section headings in the First Amended Complaint are

Defendant Siemens Medical Solutions
USA, Inc.'s Corrected Answer,
Affirmative Defenses, and Counterclaims

intended to contain any allegations, Siemens Medical specifically denies each and every allegation in the section headings. Siemens Medical further denies each and every allegation in the First Amended Complaint to which Siemens Medical has not specifically admitted.

## II.   AFFIRMATIVE AND OTHER DEFENSES

Siemens Medical alleges and asserts the following defenses in response to the allegations in the First Amended Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

### FIRST DEFENSE

62.   The First Amended Complaint fails to state a claim upon which relief can be granted, including but not limited to its failure to state a claim that Siemens Medical purportedly jointly infringes the '360 patent by directing or controlling the actions of other parties.

### SECOND DEFENSE

63.   Siemens Medical does not infringe, has not infringed, directly, indirectly, willfully, or otherwise, and does not and has not induced infringement or contributed to infringement of the '360 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

### THIRD DEFENSE

64.   The claims of the '360 patent are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE

65.   By reason of statements and claim amendments made by or on behalf of the applicants during the prosecution of the applications that led to the issuance of the '360 patent, Plaintiffs are estopped from asserting a scope for the claims of the '360

patent that would cover Siemens Medical's allegedly infringing activity.

### FIFTH DEFENSE

66.    Plaintiffs' suit is barred or its claim for recovery is limited under the doctrines of waiver, acquiescence, estoppel, implied license, and/or unclean hands.

### SIXTH DEFENSE

67.    Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

### SEVENTH DEFENSE

68.    Plaintiffs' suit is barred or its claim for recovery is limited by license and/or patent exhaustion.

### EIGHTH DEFENSE

69.    Plaintiffs' claim for recovery is barred in whole or in part by 35 U.S.C. §§ 286 and/or 287.

### NINTH DEFENSE

70.    Plaintiffs' claims are barred by 28 U.S.C. § 1498 to the extent they relate to use or manufacture of the inventions of the '360 patent by or for the United States.

### TENTH DEFENSE

71.    Plaintiffs are not entitled to injunctive relief because any alleged injury is not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

### ELEVENTH DEFENSE

72.    Siemens Medical reserves the right to assert any additional defenses as they become known during the course of this action or to the extent they are not otherwise deemed affirmative defenses by law.

### TWELFTH DEFENSE

73.    Plaintiffs do not have standing to sue for infringement of the '360 patent.

## III.    COUNTERCLAIMS

Siemens Medical, for its counterclaims against plaintiffs and counterclaim defendants NeuroGrafix and WRF (collectively, "Plaintiffs"), alleges as follows:

18                Defendant Siemens Medical Solutions
USA, Inc.'s Corrected Answer,
Affirmative Defenses, and Counterclaims

## JURISDICTION AND VENUE

74.    This is a civil action for a declaration of non-infringement, invalidity, and unenforceability of the patents-in-suit arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

75.    Siemens Medical denies that Plaintiffs have standing to bring this suit and therefore denies that this Court has subject matter jurisdiction.  To the extent the Plaintiffs are found to have standing to bring this suit, this Court has subject matter jurisdiction over these counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and 28 U.S.C. §§ 1331 and 1338(a).

76.    Plaintiffs have submitted to personal jurisdiction in this Court.  This Court also has personal jurisdiction over Plaintiffs by virtue of the business activities they conduct within California and within this District.  This Court also has personal jurisdiction over Plaintiff NeuroGrafix because they are located in this District.

77.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b), and because Plaintiffs filed their Complaint in this district.

## THE PARTIES

78.    Defendant and counterclaim plaintiff Siemens Medical is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Malvern, Pennsylvania.

79.    Upon information and belief, plaintiff and counter-claim defendant NeuroGrafix is a California corporation with its principal place of business in Santa Monica, California.

80.    Upon information and belief, plaintiff and counter-claim defendant WRF is a not-for-profit corporation incorporated and existing under the laws of the State of Washington.

Defendant Siemens Medical Solutions
USA, Inc.'s Corrected Answer,
Affirmative Defenses, and Counterclaims

## COUNTERCLAIM I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

81.    Siemens Medical incorporates by reference and realleges the allegations in paragraphs 74 through 80 above, as though fully set forth herein.

82.    Plaintiffs filed their First Amended Complaint in this Court alleging that Siemens Medical infringes the '360 patent and that Plaintiffs have standing to bring a suit alleging infringement of the '360 patent.

83.    Because Plaintiffs have sued Siemens Medical in the present action alleging infringement of the '360 patent, an immediate, real and justiciable controversy exists between Siemens Medical and Plaintiffs with respect to the alleged infringement of the '360 patent.

84.    Siemens Medical does not infringe, has not infringed, directly, indirectly, willfully or otherwise, and does not and has not induced infringement or contributed to infringement of the '360 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

85.    No claim of the '360 patent can validly be construed to cover any product made, used, sold, offered for sale, or imported by Siemens Medical.

86.    In addition, Siemens Medical has defenses that preclude a finding of infringement, in whole or in part, including those listed in paragraphs 62-73.

87.    Siemens Medical requests declaratory judgment that Siemens Medical does not infringe, directly or indirectly, any claim of the '360 patent.

## COUNTERCLAIM II
## DECLARATORY JUDGMENT OF INVALIDITY

88.    Siemens Medical incorporates by reference and realleges the allegations in paragraphs 74 through 80 above, as though fully set forth herein.

89.    An immediate, real and justiciable controversy exists between Siemens Medical and Plaintiffs with respect to the invalidity of the '360 patent.

90.     Upon information and belief, discovery is likely to show that the claims of the '360 patent are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

91.     Siemens Medical requests declaratory judgment that all claims of the '360 patent are invalid.

## COUNTERCLAIM III
## DECLARATORY JUDGMENT OF UNENFORCEABILITY

92.     Siemens Medical incorporates by reference and realleges the allegations in paragraphs 74 through 80 above, as though fully set forth herein.

93.     An immediate, real and justiciable controversy exists between Siemens Medical and Plaintiffs with respect to the unenforceability of the '360 patent.

94.     Upon information and belief, discovery is likely to show that the '360 patent is unenforceable against Siemens Medical in whole or in part under the doctrines of waiver, acquiescence, estoppel, implied license, unclean hands, laches, release, and/or Plaintiffs' failure to comply with 35 U.S.C. § 287.

95.     Siemens Medical requests declaratory judgment that the claims of the '360 patent are unenforceable against Siemens Medical and that Plaintiffs are entitled to no recovery or relief in this case.

## PRAYER FOR RELIEF

WHEREFORE, Siemens Medical prays for judgment in its favor and against Plaintiffs and that Siemens Medical be granted the following relief:

A.     Dismissal with prejudice of Plaintiffs' Complaint in its entirety;

B.     Denial of all remedies and relief sought by Plaintiffs in their Complaint;

C.     Declaring that Siemens Medical does not infringe and has not infringed, willfully or otherwise, any claim of the '360 patent, either directly or indirectly, or literally or under the doctrine of equivalents;

Defendant Siemens Medical Solutions
USA, Inc.'s Corrected Answer,
Affirmative Defenses, and Counterclaims

1         D.     Declaring that the claims of the '360 patent are invalid for failing to

2   comply with one or more of the conditions for patentability as set forth in Title 35 of

3   the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103,

4   and/or 112;

5         E.    Declaring that the '360 patent is unenforceable against Siemens Medical

6   in whole or in part under the doctrines of waiver, acquiescence, estoppel, implied

7   license, unclean hands, laches, release, and/or Plaintiffs' failure to comply with 35

8   U.S.C. § 287;

9         F.     Declaring that Siemens Medical is a prevailing party under Federal Rule

10   of Civil Procedure 54(d)(1) and awarding costs.

11         G.     Declaring that this is an exceptional case pursuant to 35 U.S.C. § 285 and

12   awarding Siemens Medical its costs, expenses, and disbursements in this action,

13   including reasonable attorneys fees; and

14         H.    Awarding Siemens Medical such other and further relief as the Court

15   deems just and proper.

### DEMAND FOR JURY TRIAL

17       Siemens Medical hereby demands a jury trial on all the issues so triable.

18

19

20

21

22

23

24

25

26

27

28

Defendant Siemens Medical Solutions
USA, Inc.'s Corrected Answer,
Affirmative Defenses, and Counterclaims

1

2  DATED: September 2, 2010            By:      /s/ Sean M. McEldowney

3                                     Gregg F. LoCascio, P.C. (*pro hac vice*)
                                      gregg.locascio@kirkland.com
                                      Sean M. McEldowney (S.B.N. 248368)
4                                     sean.mceldowney@kirkland.com
                                      Christopher R. Nalevanko (*pro hac vice*)
5                                     christopher.nalevanko@kirkland.com
                                      Brian N. Gross (*pro hac vice*)
6                                     brian.gross@kirkland.com
                                      KIRKLAND & ELLIS LLP
7                                     655 15th St. N.W., Suite 1200
                                      Washington, D.C.  20005
8                                     Telephone: (202) 879-5000
                                      Facsimile: (202) 879-5200

9
                                      Luke L. Dauchot (S.B.N. 229829)
10                                    luke.dauchot@kirkland.com
                                      KIRKLAND & ELLIS LLP
11                                    333 South Hope Street
                                      Los Angeles, California  90071
12                                    Telephone: (213) 680-8400
                                      Facsimile: (213) 680-8500

13
                                      Attorneys for Defendant
14                                    SIEMENS MEDICAL SOLUTIONS USA, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

23                          Defendant Siemens Medical Solutions
                            USA, Inc.'s Corrected Answer,
                            Affirmative Defenses, and Counterclaims

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

I, Sean M. McEldowney, am employed in the District of Columbia.  I am over the age of 18 and not a party to the within action; my business address is 655 15th St., N.W., Washington, D.C.  20005.

On September 2, 2010, I served copy of the following document(s) described as:

**DEFENDANT SIEMENS MEDICAL SOLUTIONS USA, INC.'S CORRECTED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

on the interested parties in this action as follows:

☐   **By Facsimile**

By transmitting via facsimile, the document(s) listed above to the fax number set forth below on this date before 5:00 p.m.  I am aware that service is presumed invalid unless the transmission machine properly issues a transmission report stating the transmission is complete and without error.

☐   **By U.S. Mail**

By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, to the addressee(s) set forth below.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing.

☑   **By Overnight Mail**

By causing the document(s) listed above to be delivered to the addressee(s) set forth below on the following business morning by Federal Express Corporation or Express Mail.

☐   **By Personal or Messenger Service**

By causing the document(s) listed above to be personally served in such envelope by hand to the person at the address(s) set forth below:

1   Arthur S. Beeman
    Brent Alan Lovejoy
2   Pamela K. Fulmer
    Matthew J. Silveira
3   Noel Rodriguez
    JONES DAY
4   555 California St.
    26th Floor
5   San Francisco, CA 94104
    Main:        (415) 626-3939
6   Fax:         (415) 875-5700

7   Brent D. Sokol
    JONES DAY
8   555 South Flower St.
    50th Floor
9   Los Angeles, CA 90071
    Main:        (213) 489-3939
10  Fax:         (213) 243-2539

11  David T. McDonald
    K & L GATES
12  925 Fourth Avenue,
    Suite 2900
13  Seattle, WA 98104
    Main:        (206) 623-7580
14  Fax:         (206) 623-7022

15  Bradley Wiliam Gunning
    K & L GATES
16  10100 Santa Monica Blvd.,
    7th Floor
17  Los Angeles, CA 90067
    Main:        (310) 552-5000
18  Fax:         (310) 552-5001

19

20      I declare under penalty of perjury that the foregoing is true and correct.

21      Executed on September 2, 2010, at Washington, D.C.

22
        _____         /s/ Sean M. McEldowney
23      Sean M. McEldowney              _____

24

25

26

27

28