1  Arthur S. Beeman (State Bar No. 237996)
   asbeeman@jonesday.com
2  JONES DAY
   555 California Street, 26th Floor
3  San Francisco, CA 94104
   Telephone: (415) 626-3939
4  Facsimile: (415) 875-5700

5  Attorneys for Plaintiff and Counterdefendant
   NEUROGRAFIX
6
   David T. McDonald (*Pro Hac Vice*)
7  david.mcdonald@klgates.com
   K & L GATES
8  925 Fourth Ave., Suite 2900
   Seattle, WA 98104-1158
9  Telephone: (206) 370-7957
   Facsimile: (206) 623-7022
10
   Attorneys for Plaintiff and Counterdefendant
11 WASHINGTON RESEARCH FOUNDATION

12 Gregg F. LoCascio (*Pro Hac Vice*)
   gregg.locascio@kirkland.com
13 KIRKLAND & ELLIS LLP
   655 Fifteenth St., N.W.
14 Washington, D.C. 20005
   Telephone: (202) 879-5000
15 Facsimile: (202) 879-5200

16 Attorneys for Defendant and Counterclaimant
   SIEMENS MEDICAL SOLUTIONS USA,
17 INC. and for Defendant SIEMENS
   AKTIENGESELLSCHAFT
18

19
20           UNITED STATES DISTRICT COURT

21       CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

22

| | |
|---|---|
| 23  NEUROGRAFIX, a California corporation; WASHINGTON RESEARCH FOUNDATION, a not-for-profit Washington corporation, | Case No. 10-CV-1990 MRP (RZx) |
| 25          Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| 26     v. | |
| 27  SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; and SIEMENS | |

STIPULATED PROTECTIVE ORDER

| | |
|---|---|
| 1 | AKTIENGESELLSCHAFT, a German Corporation, |
| 2 | |
| 3 | Defendants. |
| 4 | SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation, |
| 5 | Counterclaimant, |
| 6 | v. |
| 7 | NEUROGRAFIX, a California corporation; WASHINGTON RESEARCH FOUNDATION, a not-for-profit Washington corporation, |
| 8 | |
| 9 | |
| 10 | Counterdefendants. |

STIPULATED PROTECTIVE ORDER

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could

1 not be avoided by less restrictive means.

2     2.5  Receiving Party: a Party that receives Disclosure or Discovery
3 Material from a Producing Party.

4     2.6  Producing Party: a Party or non-party that produces Disclosure
5 or Discovery Material in this action.

6     2.7.  Designating Party: a Party or non-party that designates
7 information or items that it produces in disclosures or in responses to discovery as
8 "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

9     2.8  Protected Material: any Disclosure or Discovery Material that is
10 designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

11     2.9.  Outside Counsel: attorneys who are not employees of a Party
12 but who are retained to represent or advise a Party in this action.

13     2.10  House Counsel: attorneys who are employees of a Party.

14     2.11  Counsel (without qualifier): Outside Counsel and House
15 Counsel (as well as their support staffs).

16     2.12  Expert: a person with specialized knowledge or experience in a
17 matterpertinent to the litigation who has been retained by a Party or its counsel to
18 serve as an expert witness or as a consultant in this action and who is not a past or a
19 current employee of a Party or of a competitor of a Party and who, at the time of
20 retention, is not anticipated to become an employee of a Party or a competitor of a
21 Party. This definition includes a professional jury or trial consultant retained in
22 connection with this litigation.

23     2.13  Professional Vendors: persons or entities that provide litigation
24 support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or
25 demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*)
26 and their employees and subcontractors.

27   3.  SCOPE
28     The protections conferred by this Order cover not only Protected Material (as

defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as

STIPULATED PROTECTIVE ORDER

1  otherwise stipulated or ordered, material that qualifies for protection under this
2  Order must be clearly so designated before the material is disclosed or produced.
3  Designation in conformity with this Order requires:
4      (a) <u>for information in documentary form</u> (apart from transcripts
5  of depositions or other pretrial or trial proceedings), that the Producing Party affix
6  the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
7  EYES ONLY" at the top of each page that contains protected material.
8      A Party or non-party that makes original documents or materials
9  available for inspection need not designate them for protection until after the
10 inspecting Party has indicated which material it would like copied and produced.
11 During the inspection and before the designation, all of the material made available
12 for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'
13 EYES ONLY." After the inspecting Party has identified the documents it wants
14 copied and produced, the Producing Party must determine which documents, or
15 portions thereof, qualify for protection under this Order, then, before producing the
16 specified documents, the Producing Party must affix the appropriate legend
17 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
18 ONLY") at the top of each page that contains Protected Material.
19     (b) <u>for testimony given in deposition or in other pretrial or trial</u>
20 <u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony
21 identify on the record, before the close of the deposition, hearing, or other
22 proceeding, all protected testimony, and further specify any portions of the
23 testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
24 ONLY." When it is impractical to identify separately each portion of testimony
25 that is entitled to protection, and when it appears that substantial portions of the
26 testimony may qualify for protection, the Party or non-party that sponsors, offers,
27 or gives the testimony may invoke on the record (before the deposition or
28 proceeding is concluded) a right to have up to 20 days to identify the specific

portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>. Unless a prompt challenge to a

1  Designating Party's confidentiality designation is necessary to avoid foreseeable
2  substantial unfairness, unnecessary economic burdens, or a later significant
3  disruption or delay of the litigation, a Party does not waive its right to challenge a
4  confidentiality designation by electing not to mount a challenge promptly after the
5  original designation is disclosed.

6        6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a
7  Designating Party's confidentiality designation must do so in good faith and must
8  begin the process by conferring directly (in voice to voice dialogue; other forms of
9  communication are not sufficient) with counsel for the Designating Party.  In
10 conferring, the challenging Party must explain the basis for its belief that the
11 confidentiality designation was not proper and must give the Designating Party an
12 opportunity to review the designated material, to reconsider the circumstances, and,
13 if no change in designation is offered, to explain the basis for the chosen
14 designation.  A challenging Party may proceed to the next stage of the challenge
15 process only if it has engaged in this meet and confer process first.

16       6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to
17 a confidentiality designation after considering the justification offered by the
18 Designating Party may file and serve a motion under Civil Local Rule 7 (and in
19 compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged
20 material and sets forth in detail the basis for the challenge.  Each such motion must
21 be accompanied by a competent declaration that affirms that the movant has
22 complied with the meet and confer requirements imposed in the preceding
23 paragraph and that sets forth with specificity the justification for the confidentiality
24 designation that was given by the Designating Party in the meet and confer
25 dialogue.

26       The burden of persuasion in any such challenge proceeding shall be on
27 the Designating Party.  Until the court rules on the challenge, all parties shall
28 continue to afford the material in question the level of protection to which it is

STIPULATED PROTECTIVE ORDER

entitled under the Producing Party's designation.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

7.3 **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to

1 whom disclosure is reasonably necessary for this litigation and who have signed the
2 "Acknowledgement and Agreement to Be Bound" (Exhibit A); and
3     (e) the author of the document or the original source of the
4 information.

5     7.4 <u>Procedures for Approving Disclosure of "HIGHLY
6 CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to
7 "Experts"</u>

8     (a) Unless otherwise ordered by the court or agreed in writing by
9 the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in
10 this Order) any information or item that has been designated "HIGHLY
11 CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written
12 request to the Designating Party that (1) identifies the specific HIGHLY
13 CONFIDENTIAL information that the Receiving Party seeks permission to
14 disclose to the Expert, (2) sets forth the full name of the Expert and the city and
15 state of his or her primary residence, (3) attaches a copy of the Expert's current
16 resume, (4) identifies the Expert's current employer(s), (5) identifies each person or
17 entity from whom the Expert has received compensation for work in his or her
18 areas of expertise or to whom the expert has provided professional services at any
19 time during the preceding five years, and (6) identifies (by name and number of the
20 case, filing date, and location of court) any litigation in connection with which the
21 Expert has provided any professional services during the preceding five years.

22     (b) A Party that makes a request and provides the information
23 specified in the preceding paragraph may disclose the subject Protected Material to
24 the identified Expert unless, within seven court days of delivering the request, the
25 Party receives a written objection from the Designating Party. Any such objection
26 must set forth in detail the grounds on which it is based.

27     (c) A Party that receives a timely written objection must meet
28 and confer with the Designating Party (through direct voice to voice dialogue) to try

1. to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective

1  Order promptly to the Party in the other action that caused the subpoena or order to
2  issue.
3    The purpose of imposing these duties is to alert the interested parties to the
4  existence of this Protective Order and to afford the Designating Party in this case an
5  opportunity to try to protect its confidentiality interests in the court from which the
6  subpoena or order issued. The Designating Party shall bear the burdens and the
7  expenses of seeking protection in that court of its confidential material – and
8  nothing in these provisions should be construed as authorizing or encouraging a
9  Receiving Party in this action to disobey a lawful directive from another court.
10   9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL
11   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
12 Protected Material to any person or in any circumstance not authorized under this
13 Stipulated Protective Order, the Receiving Party must immediately (a) notify in
14 writing the Designating Party of the unauthorized disclosures, (b) use its best
15 efforts to retrieve all copies of the Protected Material, (c) inform the person or
16 persons to whom unauthorized disclosures were made of all the terms of this Order,
17 and (d) request such person or persons to execute the "Acknowledgment and
18 Agreement to Be Bound" that is attached hereto as Exhibit A.
19   10. FILING PROTECTED MATERIAL. Without written permission from
20 the Designating Party or a court order secured after appropriate notice to all
21 interested persons, a Party may not file in the public record in this action any
22 Protected Material. A Party that seeks to file under seal any Protected Material
23 must comply with Civil Local Rule 79-5.
24   11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing
25 by the Producing Party, within sixty days after the final termination of this action,
26 each Receiving Party must return all Protected Material to the Producing Party. As
27 used in this subdivision, "all Protected Material" includes all copies, abstracts,
28 compilations, summaries or any other form of reproducing or capturing any of the

Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **MISCELLANEOUS**

    12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | | | |
|---|---|---|---|
| 1 | Dated: | October 25, 2010 | JONES DAY |
| 2 | | | |
| 3 | | | By: /s/ Arthur S. Beeman |
| | | | Arthur S. Beeman |
| 4 | | | |
| | | | Attorneys for Plaintiff |
| 5 | | | NEUROGRAFIX |
| 6 | Dated: | October 25, 2010 | K & L GATES |
| 7 | | | |
| 8 | | | By: /s/ David T. McDonald |
| | | | David T. McDonald |
| 9 | | | |
| 10 | | | Attorneys for Plaintiff |
| | | | WASHINGTON RESEARCH |
| | | | FOUNDATION |
| 11 | | | |
| 12 | Dated: | October 25, 2010 | KIRKLAND & ELLIS LLP |
| 13 | | | |
| 14 | | | By: /s/ Gregg F. LoCascio |
| | | | Gregg F. LoCascio |
| 15 | | | |
| | | | Attorneys for Defendants |
| 16 | | | DEFENDANTS SIEMENS MEDICAL |
| | | | SOLUTIONS USA, INC. and |
| 17 | | | SIEMENS AKTIENGESELLSCHAFT |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: October 26, 2010

/s/ Mariana R. Pfaelzer
Honorable Mariana R. Pfaelzer
United States District Court Judge
Central District of California

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2010 in the case of *NeuroGrafix, et al. v. Siemens Medical Solutions USA, Inc., et al.* (C.D. Cal. Case No. 10-CV-1990 MRP (RZx)). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City, State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

SF1-652606v1

- 16 -
STIPULATED PROTECTIVE ORDER



| | |
|---|---|
| **Subject:** | Fw: Activity in Case 2:10-cv-01990-MRP -RZ NeuroGrafix et al v. Siemens Medical Solutions USA, Inc. et al Joint Report Rule 26(f) Discovery Plan |
| **From:** | Lillian Wong    10/25/2010 05:29 PM<br>Extension: 35884 |
| **To:** | Tracy N Isenberg |
| **Cc:** | Lisa Hardcastle |
| **History:** | This message has been replied to. |

----- Forwarded by Lillian Wong/JonesDay on 10/25/2010 05:28 PM -----



| | |
|---|---|
| **Subject:** | Activity in Case 2:10-cv-01990-MRP -RZ NeuroGrafix et al v. Siemens Medical Solutions USA, Inc. et al Joint Report Rule 26(f) Discovery Plan |
| **From:** | cacd_ecfmail    10/25/2010 05:03 PM |
| **To:** | ecfnef |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Beeman, Arthur on 10/25/2010 at 5:01 PM PDT and filed on 10/25/2010

| | |
|---|---|
| **Case Name:** | NeuroGrafix et al v. Siemens Medical Solutions USA, Inc. et al |
| **Case Number:** | 2:10-cv-01990-MRP -RZ |
| **Filer:** | NeuroGrafix |
| **Document Number:** | 87 |

**Docket Text:**
**JOINT REPORT Rule 26(f) Discovery Plan** *and Parties' Joint Initial Case Management Conference Statement* **; estimated length of trial 10 - 14 court days, filed by Plaintiff NeuroGrafix.. (Attachments: # (1) Exhibit A)(Beeman, Arthur)**

**2:10-cv-01990-MRP -RZ Notice has been electronically mailed to:**

Arthur S Beeman     asbeeman@jonesday.com, lhardcastle@jonesday.com, lyzevans@jonesday.com

Bradley William Gunning     brad.gunning@klgates.com, klgateseservice@klgates.com

Brent D Sokol     bdsokol@jonesday.com

Brett Alan Lovejoy     blovejoy@jonesday.com

Brian N Gross     brian.gross@kirkland.com

Christopher Nalevanko     christopher.nalevanko@kirkland.com

David T McDonald     david.mcdonald@klgates.com

Gregg LoCascio     gregg.locascio@kirkland.com

Luke L Dauchot     luke.dauchot@kirkland.com

Matthew J Silveira     msilveira@jonesday.com, lwong@jonesday.com

Noel Rodriguez     nrodriguez@jonesday.com, ybennett@jonesday.com

Pamela K Fulmer     pkfulmer@jonesday.com

Sean M McEldowney     sean.mceldowney@kirkland.com

**2:10-cv-01990-MRP -RZ Notice has been delivered by First Class U. S. Mail or by fax to: :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\JP014413\Desktop\Rule 26 F Report.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=10/25/2010] [FileNumber=10551873-0] [c5691dbfa87d49761f387fad3fd6ea3cb685a6fd09a177650a47ec94359a775130 9b9f0c0e73d6912d3111d0a517f354babece9166cf4015eef3767447504a09]]
**Document description:** Exhibit A
**Original filename:** C:\Documents and Settings\JP014413\Desktop\Exhibit A.pdf
**Electronic document Stamp:**

[STAMP cacdStamp_ID=1020290914 [Date=10/25/2010] [FileNumber=10551873-1] [2d042c9fdfa842d58c57279cf9e954f3b64c6cf69fda9b4178da31e8012e59a39d615e718ca6dd22dc70dfbf11a33f4c1d100c861685d1b5fd209fd8fb039a72]]