Gregg F. LoCascio, P.C. (*pro hac vice*)
gregg.locascio@kirkland.com
Sean M. McEldowney (S.B.N. 248368)
sean.mceldowney@kirkland.com
Christopher Nalevanko (*pro hac vice*)
christopher.nalevanko@kirkland.com
Brian N. Gross (*pro hac vice*)
brian.gross@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Luke L. Dauchot (S.B.N. 229829)
luke.dauchot@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope St.
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendants
SIEMENS MEDICAL SOLUTIONS USA, INC.
and SIEMENS AKTIENGESELLSCHAFT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROGRAFIX, a California corporation; WASHINGTON RESEARCH FOUNDATION, a not-for-profit Washington corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; and SIEMENS AKTIENGESELLSCHAFT, a German corporation,<br><br>Defendants. | CASE NO. CV 10-1990 MRP(RZX)<br><br>**SIEMENS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF SIEMENS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY REGARDING CLAIMS 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, AND 62 IN U.S. PATENT NO. 5,560,360 IN LIGHT OF CLAIM CONSTRUCTION ORDER**<br><br>The Hon. Mariana R. Pfaelzer<br>United States District Court Judge<br><br>**Hearing Date:    TBD**<br>**Time:                  TBD**<br>**Location:            Courtroom 12** |

| | |
|---|---|
| 1 | SIEMENS MEDICAL SOLUTIONS USA, INC. |
| 2 | |
| 3 | Counterclaim Plaintiff, |
| 4 | vs. |
| 5 | NEUROGRAFIX, and WASHINGTON RESEARCH FOUNDATION, |
| 6 | |
| 7 | Counterclaim Defendants. |

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-1, Defendant and Counterclaim Plaintiff Siemens Medical Solutions USA, INC. and Defendant Siemens Aktiengesellschaft ("Siemens") hereby submit this separate Statement of Uncontroverted Facts and Conclusions of Law in Support of Siemens' Motion for Partial Summary Judgment of Invalidity Regarding Claims 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62 in U.S. Patent No. 5,560,360 in Light of Claim Construction Order. To the extent the following Uncontroverted Facts may be deemed to be Conclusions of Law, they are incorporated by reference in the Conclusions of Law. To the extent that the following Conclusions of Law may be deemed to be Uncontroverted Facts, they are incorporated by reference in the Uncontroverted Facts.

I.   STATEMENT OF UNCONTROVERTED FACTS

    A.   **Statement of Uncontroverted Facts Supporting Partial Summary Judgment of Anticipation of Claims 3, 4, and 5 by the Hajnal Reference**

| | UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | J.V. Hajnal et al., *MR Imaging of Anistropically Restricted Diffusion of Water in the Nervous System: Technical, Anatomic, and Pathological Considerations*, 15 J. Computer Assisted Tomography, 1-18 (2001) ("the Hajnal reference") is prior art to the '360 patent under 35 U.S.C. §102. | Exhibit 1 [the Hajnal Reference] at 1; *see also* Exhibit 4 [the '360 patent] at cover page.[1] |
| 2. | The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a method that involved exposing an in vivo region of a subject to a magnetic polarizing field. | Exhibit 1 [the Hajnal Reference] at 1-2, 7, fig. 5, 10. |
| 3. | The Hajnal reference discloses the claim 3(a) element of "exposing an in vivo region of a subject to a magnetic polarizing field." | Exhibit 1 [the Hajnal Reference] at 1-2, 7, fig. 5, 10. |
| 4. | The Hajnal reference discloses, expressly or inherently, that the region shown in Figure 5 includes non-neural tissue and a nerve. | Exhibit 1 [the Hajnal Reference] at 7, fig. 5, 11. |
| 5. | The Hajnal reference discloses the claim 3(a) element of "the in vivo region including non-neural tissue and a nerve." | Exhibit 1 [the Hajnal Reference] at 7, fig. 5, 11. |

---

[1] Cited Exhibits refer to the exhibits to the Declaration of Sean M. McEldowney in Support of Siemens' Notice of Motion and Motion for Partial Summary Judgment of Invalidity Regarding Claims 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62 in U.S. Patent No. 5,560,360 in Light of Claim Construction Order, filed concurrently herewith.

| | UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 6. | The Hajnal reference discloses, expressly or inherently, that the region shown in Figure 5 includes the trigeminal nerve, which is cranial nerve 5. | Exhibit 1 [the Hajnal Reference] at 7, fig. 5, 11; *see also* Exhibit 5 [*Taber's Cyclopedic Medical Dictionary*] at 464; Claim Construction Order (D.I. 114) at 9-10. |
| 7. | The Hajnal reference discloses the claim 3(a) element of "the nerve being a member of the group consisting of peripheral nerves, cranial nerves numbers three through twelve, and autonomic nerves." | Exhibit 1 [the Hajnal Reference] at 7, fig. 5, 11; *see also* Exhibit 5 [*Taber's Cyclopedic Medical Dictionary*] at 464; Claim Construction Order (D.I. 114) at 9-10. |
| 8. | The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a method that involved exposing the in vivo region to an electromagnetic excitation field. | Exhibit 1 [the Hajnal Reference] at 2, fig. 5, 10. |
| 9. | The Hajnal reference discloses the claim 3(b) element of "exposing the in vivo region to an electromagnetic excitation field." | Exhibit 1 [the Hajnal Reference] at 2, fig. 2, 10. |
| 10. | The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a method that involved sensing a resonant response of the in vivo region to the polarizing and excitation fields and producing an output indicative of the resonant response. | Exhibit 1 [the Hajnal Reference] at 10. |
| 11. | The Hajnal reference discloses the claim 3(c) element of "sensing a resonant response of the in vivo region to the polarizing and excitation fields and producing an output indicative of the resonant response." | Exhibit 1 [the Hajnal Reference] at 10. |

| | UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 12. | The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a method that involved controlling the performance of the steps (a), (b), and (c) (as recited in claim 3) to enhance, in the output produced, the selectivity of the nerve. | Exhibit 1 [the Hajnal Reference] at 6, 7, fig. 5, 9; *see also* Exhibit to Joint Claim Construction Statement (D.I. 99-1) at 15. |
| 13. | The Hajnal reference discloses the claim 3(d) element "controlling the performance of the steps (a), (b), and (c) to enhance, in the output produced, the selectivity of said nerve." | Exhibit 1 [the Hajnal Reference] at 6, 7, fig. 5, 9; *see also* Exhibit to Joint Claim Construction Statement (D.I. 99-1) at 15. |
| 14. | The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made while the nerve was living in the in vivo region of the subject. | Exhibit 1 [the Hajnal Reference] at 7, fig. 5. |
| 15. | The Hajnal reference discloses the claim 3(d) element of "while the nerve is living in the in vivo region of the subject." | Exhibit 1 [the Hajnal Reference] at 7, fig. 5. |
| 16. | The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a method that involved selecting a combination of echo time and repetition time that exploits a characteristic spin-spin relaxation coefficient of peripheral nerves, cranial nerves numbers three through twelve, and autonomic nerves, wherein said spin-spin relaxation coefficient is substantially longer than that of other surrounding tissue. | Exhibit 1 [the Hajnal Reference] at 6, 7, fig. 5, 9; *see also* Exhibit to Joint Claim Construction Statement (D.I. 99-1) at 15. |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 17. The Hajnal reference discloses the claim 3(d) element of "said step of controlling the performance of steps (a), (b), and (c) including selecting a combination of echo time and repetition time that exploits a characteristic spin-spin relaxation coefficient of peripheral nerves, cranial nerves numbers three through twelve, and autonomic nerves, wherein said spin-spin relaxation coefficient is substantially longer than that of other surrounding tissue." | Exhibit 1 [the Hajnal Reference] at 6, 7, fig. 5, 9; *see also* Exhibit to Joint Claim Construction Statement (D.I. 99-1) at 15. |
| 18. The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a method that involved processing the output to generate a data set describing the shape and position of the nerve. | Exhibit 1 [the Hajnal Reference] at 2, 7, fig. 5. |
| 19. The Hajnal reference discloses the claim 3(e) element of "processing the output to generate a data set describing the shape and position of said nerve." | Exhibit 1 [the Hajnal Reference] at 2, 7, fig. 5. |
| 20. The image shown in Figure 5 of the Hajnal reference shows cranial nerve 5 having a conspicuity of at least 1.1 times that of the non-neural tissue. | D.I. 102 [Prosecution History] at JA113; Exhibit 1 [the Hajnal Reference] at 7, fig. 5; Exhibit 5 [*Taber's Cyclopedic Medical Dictionary*] at 464; Claim Construction Order (D.I. 114) at 9-10. |
| 21. The Hajnal reference discloses the claim 3(e) element of "said data set distinguishing said nerve from non-neural tissue, in the in vivo region to provide a conspicuity of the nerve that is at least 1.1 times that of the non-neural tissue." | D.I. 102 [Prosecution History] at JA113; Exhibit 1 [the Hajnal Reference] at 7, fig.5; Exhibit 5 [*Taber's Cyclopedic Medical Dictionary*] at 464; Claim Construction Order (D.I. 114) at 9-10. |
| 22. The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a method that did not involve the use of a neural contrast agent. | Exhibit 1 [the Hajnal Reference] at 1-18. |

| | UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 23. | The Hajnal reference discloses the claim 3(e) element of "without the use of neural contrast agents." | Exhibit 1 [the Hajnal Reference] at 1-18. |
| 24. | The Hajnal reference discloses, expressly or inherently, each and every element of claim 3. | D.I. 102 [Prosecution History] at JA113; Exhibit 1 [the Hajnal Reference]; Exhibit 5 [*Taber's Cyclopedic Medical Dictionary*] at 464; Claim Construction Order (D.I. 114) at 9-10. |
| 25. | The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a method that involved selection of an echo time that is greater than 60 milliseconds. | Exhibit 1 [the Hajnal Reference] at 6, 7, fig. 5. |
| 26. | The Hajnal reference discloses the claim 4 element of "wherein the step of selecting said combination of echo time and repetition time includes selection of an echo time that is greater than 60 milliseconds to enhance the distinction of said nerve from non-neural tissue in the in vivo region." | Exhibit 1 [the Hajnal Reference] at 6, 7, fig. 5. |
| 27. | The Hajnal reference discloses, expressly or inherently, each and every element of claim 4. | Exhibit 1 [the Hajnal Reference] at 6, 7, fig. 5. |
| 28. | The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a method that involved repeating the step of exposing the in vivo region to an excitation field after a repetition time that is greater than one second. | Exhibit 1 [the Hajnal Reference] at 6, 7, fig. 5. |
| 29. | The Hajnal reference discloses the claim 5 element of "repeating said step of exposing the in vivo region to an excitation field after a repetition time that is greater than one second to enhance the distinction of said nerve from the non-neural tissue in the in vivo region." | Exhibit 1 [the Hajnal Reference] at 6, 7, fig. 5. |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 30. The Hajnal reference discloses, expressly or inherently, each and every element of claim 5. | Exhibit 1 [the Hajnal Reference] at 6, 7, fig. 5. |

**B.   Statement of Uncontroverted Facts Supporting Partial Summary Judgment of Invalidity of Claims 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62**

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 31. The Court has held claims 36, 39, 46, 49, 55, 58, and 81 of the '360 patent are indefinite because the patent fails to disclose sufficient structures or acts corresponding to certain means- and steps-plus-function elements in those claims. | Claim Construction Order (D.I. 114) at 16-28. |
| 32. Claims 37, 40-44, 47, and 50 of the '360 patent depend on claim 36. | Exhibit 4 [the '360 patent] at 43:2-45:17. |
| 33. Claims 56, 59, and 62 of the '360 patent depend on claim 55. | Exhibit 4 [the '360 patent] at 46:46-48:28. |
| 34. Plaintiffs do not oppose partial summary judgment of invalidity for claims 55, 56, 58, 59, 61, and 62. | Exhibit 2 [5/18/11 Weiss to McEldowney] at 1. |

**II.   CONCLUSIONS OF LAW**

| CONCLUSIONS OF LAW | LEGAL SUPPORT |
|---|---|
| 1. An alleged invention must be new to meet the requirements of patentability. | *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1349 (Fed. Cir. 1998). |
| 2. "A claim is anticipated [under 35 U.S.C. §102] and thus invalid if each and every [step] of a claim is found, expressly or inherently, in a single prior art reference." | *Planet Bingo, LLC v. GameTech Int'l, Inc.*, 472 F.3d 1338, 1346 (Fed. Cir. 2006) |

| | CONCLUSIONS OF LAW | LEGAL SUPPORT |
|---|---|---|
| 3. | "While anticipation is a question of fact, 'it may be decided on summary judgment if the record reveals no genuine dispute of material fact.'" | *Leggett & Platt, Inc. v. VUTEk, Inc.*, 537 F.3d 1349, 1352 (Fed. Cir. 2008) (citing *Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318, 1321 (Fed. Cir. 2008)) |
| 4. | Claims 3, 4, and 5 of the '360 patent are anticipated by the Hajnal reference and therefore invalid as a matter of law under 35 U.S.C. §102. | *See* accompanying memorandum of points and authorities. |
| 5. | Indefinite claims are invalid as a matter of law under 35 U.S.C. §112, ¶ 2. | *Blackboard, Inc. v. Desire2Learn, Inc.*, 574 F.3d 1371, 1382 (Fed. Cir. 2009). |
| 6. | A dependent claim incorporates the limitations of the claims from which it depends. | 35 U.S.C. §112, ¶ 4. |
| 7. | Claims 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62 are indefinite and therefore invalid as a matter of law. | *See* accompanying memorandum of points and authorities. |

Respectfully submitted,

DATED: July 15, 2011

By: ___/s/ Sean M. McEldowney___
Gregg F. LoCascio, P.C. (*pro hac vice*)
gregg.locascio@kirkland.com
Sean M. McEldowney (S.B.N. 248368)
sean.mceldowney@kirkland.com
Christopher R. Nalevanko (*pro hac vice*)
christopher.nalevanko@kirkland.com
Brian N. Gross (*pro hac vice*)
brian.gross@kirkland.com
KIRKLAND & ELLIS LLP
655 15th St. N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Luke L. Dauchot (S.B.N. 229829)
luke.dauchot@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope St.
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendants
SIEMENS MEDICAL SOLUTIONS USA, INC.
and SIEMENS AKTIENGESELLSCHAFT

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2011, a copy of the foregoing SIEMENS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF SIEMENS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY REGARDING CLAIMS 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, AND 62 IN U.S. PATENT NO. 5,560,360 IN LIGHT OF CLAIM CONSTRUCTION ORDER was served upon counsel of record for Plaintiffs registered with the Court's CM/ECF system.

/s/Sean M. McEldowney