1   RUSS, AUGUST & KABAT
    Marc A. Fenster, State Bar No. 181067
2   Email: mfenster@raklaw.com
    Alexander C.D. Giza, State Bar No. 212327
3   Email: agiza@raklaw.com
    Andrew D. Weiss, State Bar No. 232974
4   Email: aweiss@raklaw.com
    12424 Wilshire Boulevard, 12th Floor
5   Los Angeles, California  90025
    Telephone:  (310) 826-7474
6   Facsimile: (310) 826-6991

7   Attorneys for Plaintiff
    NEUROGRAFIX
8
    K&L GATES LLP
9   David T. McDonald
    Email:  david.mcdonald@klgates.com
10  925 Fourth Avenue
    Suite 2900
11  Seattle, WA 98104-1158
    Telephone:  (206) 623-7580
12  Facsimile:  (206) 623-7022
    Attorneys for Plaintiff
13  WASHINGTON RESEARCH FOUNDATION

14              **UNITED STATES DISTRICT COURT**

15      **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

16

17  NEUROGRAFIX, a California          Case No. 10-CV-1990 MRP (RZx)
    corporation; WASHINGTON
18  RESEARCH FOUNDATION, a not-for-    [Assigned to The Honorable Mariana
    profit Washington corporation,     R. Pfaelzer]

19              Plaintiffs,            **PLAINTIFFS' OPPOSITION TO
                                       SIEMENS' MOTION FOR**
20      vs.                            **PARTIAL SUMMARY
                                       JUDGMENT OF INVALIDITY**
21  SIEMENS MEDICAL SOLUTIONS          **REGARDING CLAIMS 3-5, 36, 37,**
    USA, INC., a Delaware corporation; and  **39-44, 46, 47, 49, 50, 55, 56, 58, 59,**
22  SIEMENS AKTIENGESELLSCHAFT, a      **61, AND 62 IN U.S. PATENT NO.**
    German Corporation,                **5,560,360 IN LIGHT OF CLAIM**
23                                     **CONSTRUCTION ORDER**
                Defendants.
24                                     First Amended Complaint Filed:
25                                      July 30, 2010

26

27

28

110808 Response to MSJ.doc

RUSS, AUGUST & KABAT

# TABLE OF CONTENTS

I.     INTRODUCTION..................................................................................1

II.    APPLICABLE LEGAL STANDARD: INVALIDITY MUST BE
       SHOWN BY CLEAR AND CONVINCING EVIDENCE ...........................2

III.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT MUST
       BE REJECTED BECAUSE DEFENDANTS HAVE FAILED OT
       ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT
       HAJNAL ANTICIPATES CLAIMS 3, 4, AND 5 OF THE
       '360 PATENT ...................................................................................2

       A     Defendants Have Failed To Satisfy Their Prima Facie Burden of
             Establishing That Claims 3, 4, and 5 of the '360 Paten Are
             Anticipated
             by Figure 5 of the Hajnal Article ............................................2

       B.    Figure 5 of the Hajnal Reference Does Not Meet The Requirements
             of Claim 3 .................................................................................4

IV.    ASSERTED CLAIMS 55, 56, 58, 59, 61, AND 62 ........................................5

V.     ASSERTED CLAIMS 36, 37, 39-44, 47, AND 50 ........................................5

VI.    CONCLUSION ..................................................................................5

# TABLE OF AUTHORITIES

*Callaway Golf v. Acushnet Co.*,
    576 F.3d 1331 (Fed. Cir. 2009) ..................................................................3

*Dayco Prods., Inc. v. Total Containment, Inc.*,
    329 F.3d 1358 (Fed. Cir. 2003) ..................................................................2

*Douglas Dynamics, LLC v. Buyers Products Co.*,
    745 F. Supp. 2d 876 (Fed. Cir. 2010) ........................................................2

*Retractable Techs., Inc. v. Becton*,
    No. 2010-1402, 2011 U.S. App. LEXIS 13925, (Fed. Cir. July 8, 2011) .........2

*Trintec Indus., Inc. v. Top-U.S.A. Corp.*,
    295 F.3d 1292 (Fed. Cir. 2002) ..................................................................2

**STATUTES**

35 U.S.C. § 282 ..............................................................................................2

RUSS, AUGUST & KABAT

1    Plaintiffs NeuroGrafix and Washington Research Foundation ("WRF")
2   (collectively, "NeuroGrafix") submit this response to Defendants' Motion for
3   Partial Summary Judgment of Invalidity Regarding Claims 3-5, 36, 37, 39-44, 46,
4   47, 49, 50, 55, 56, 58, 59, 61, and 62 in U.S. Patent No. 5,560,360 in Light of
5   Claim Construction Order (the "Motion").

6   **I.      INTRODUCTION.**

7    Defendants are not entitled to summary judgment that Claims 3, 4, and 5 of
8   U.S. Patent No. 5,560,360 (the "'360 patent") are invalid for anticipation.  First,
9   Defendants have failed to provide any evidence, much less clear and convincing
10  evidence, that the Hajnal reference discloses certain elements of Claim 3.
11  Specifically, Defendants have not (and cannot) provide evidence that the Hajnal
12  reference discloses claim element (d)[iii] – the requirement that "wherein said spin-
13  spin relaxation coefficient is substantially longer than that of other surrounding
14  tissue."  '360 patent, col. 37:54-55.  Accordingly, the Hajnal reference does not
15  anticipate claims 3, 4, or 5 of the '360 patent, and Defendants' request for summary
16  judgment that claims 3, 4, and 5 are invalid should be denied.

17   The patent is aimed at imaging nerves in the periphery.  As explained in the
18  patent and in the file history, this patent is not aimed at imaging nerves in the
19  "brain, spinal cord, and spinal roots within the spinal canal."  '360 patent, col. 1:27-
20  28.  Hajnal describes imaging the trigeminal nerve, which is a cranial nerve in the
21  brain.  Thus, it is not surprising that Hajnal, which was expressly distinguished
22  during the prosecution history, does not disclose all of the elements of the claimed
23  invention.

24   Defendants are also not entitled to summary judgment that claims 36, 37,
25  39-44, 47, and 50 of the '360 patent are invalid for the reasons stated in
26  NeuroGrafix's Motion for Reconsideration, filed concurrently herewith.

27
28

RUSS, AUGUST & KABAT

3199-002

1

## II.   APPLICABLE LEGAL STANDARD:
### INVALIDITY MUST BE SHOWN BY CLEAR AND CONVINCING EVIDENCE.

Pursuant to 35 U.S.C. § 282, "[e]ach claim of a patent shall be presumed valid."  An accused infringer "seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise."  *Douglas Dynamics, LLC v. Buyers Products Co.*, 745 F. Supp. 2d 876, 878 (Fed. Cir. 2010).  In order to show that a prior art reference anticipates, it must disclose every claim element of the asserted claims.  *Dayco Prods., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1368-69 (Fed. Cir. 2003).  Anticipation is a question of fact.  *Retractable Techs., Inc. v. Becton*, No. 2010-1402, 2011 U.S. App. LEXIS 13925, at *31 (Fed. Cir. July 8, 2011).  Accordingly, "a district court properly may grant summary judgment on this identity question ***only*** when the record discloses no genuine material factual issues."  *Trintec Indus., Inc. v. Top-U.S.A. Corp.*, 295 F.3d 1292, 1294 (Fed. Cir. 2002) (emphasis added) (vacating the grant of summary judgment of anticipation).

## III.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT MUST BE REJECTED BECAUSE DEFENDANTS HAVE FAILED TO ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT HAJNAL ANTICIPATES CLAIMS 3, 4, AND 5 OF THE '360 PATENT.

Defendants' motion for summary judgment should be rejected for two reasons:  (1) Defendants have failed to make out a *prima facie* case of anticipation; and (2) Figure 5 of Hajnal does not disclose all of the elements of claim 3.

### A.   Defendants Have Failed to Satisfy Their *Prima Facie* Burden of Establishing That Claims 3, 4 and 5 of the '360 Patent Are Anticipated by Figure 5 of the Hajnal Article.

In order to prove that Figure 5 of the Hajnal article anticipates claims 3, 4 and 5 of the '360 patent, Defendants must show that every element of each claim is expressly or inherently disclosed in a single prior art reference.  *Dayco Prods., Inc.*, 329 F.3d at 1368-69.  Because Defendants have not shown that all of the

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

1    requirements of Claim 3 are taught by Figure 5 of the Hajnal reference, Defendants

2    have failed to meet their burden here.[1]

3           Element 3(d)[iii] of the '360 patent requires that "[the] characteristic spin-

4    spin relaxation coefficient [of the nerve] is ***substantially longer*** than that of other

5    surrounding tissue." '360 patent at 37:54-56 (emphasis added).  A person of

6    ordinary skill in the art understands that the "characteristic spin-spin relationship

7    coefficient" of a tissue refers to the T2 decay time of the tissue.  BZ Decl. ¶ 8.  To

8    a person of ordinary skill in the art, this requirement means that the nerve must

9    have a T2 decay time that is substantially longer than the tissue around it.  '360

10   patent at 2:40-49; Docket No. 103-4 at 14; BZ Decl. ¶ 8.  Although a structure's T2

11   decay time changes depending on the magnetic field strength, each structure shown

12   on an MR image has its own characteristic T2 decay time.  BZ Decl. ¶ 8, Exh. A.

13          This requirement – that the T2 decay time of nerve is longer than that of

14   surrounding tissue is true in peripheral nerves that are surrounded by muscle.  This

15   requirement is not true for nerves in the brain, or those surrounded by cerebral

16   spinal fluid.  Thus, Claim 3 explicitly applies only to methods applied where this

17   condition – that the T2 decay time of nerve is substantially longer than the

18   surrounding tissue – is met (i.e., not in the brain, spinal cord, or spinal roots within

19   the spinal canal).

20          Defendants present no evidence or argument as to how the Hajnal reference

21   discloses an MR image showing a nerve that has a characteristic T2 decay time

22   that is substantially longer than the surrounding tissue.  Rather, Defendants only

23   show that Figure 5 of the Hajnal reference may have been generated using a pulse

24   sequence where the signal intensity is influenced by T2 weighting.  D.I. 119 at 11-

25

26   _____
     [1] Dependent Claims 4 and 5 contain all the limitations of independent Claim 3 and

27   a further limitation.  Accordingly, dependent Claims 4 and 5 cannot be invalid
     because of anticipation unless Claim 3 is also invalid, which it is not. *See Callaway*

28   *Golf v. Acushnet Co.*, 576 F.3d 1331, 1333 (Fed. Cir. 2009) ("A broader
     independent claim cannot be nonobvious where a dependent claim stemming from
     that independent claim is invalid for obviousness.").

3199-002                                    3

12.  In fact, as discussed below, Figure 5 in the Hajnal reference shows a structure with higher signal intensity despite a substantially shorter T2 time than the surrounding tissue (*i.e.*, cerebrospinal fluid).

Further, Defendants' citation to NeuroGrafix's infringement contentions as support for its argument fails.  Contrary to the implication of Defendants' argument, NeuroGrafix's infringement contentions expressly disclose how the Accused Instrumentalities practice claim element 3(d)[iii]:   "For example, a spin-spin relaxation coefficient of the imaged nerves that is substantially longer than that of other surrounding tissue was exploited to prepare the [Siemens] Trio image."  Weiss Decl. ¶ 2, Ex. 1.

Accordingly, Defendants' request for summary judgment must be rejected because they have failed to meet their *prima facie* that claim element 3(d)[iii] is disclosed by Figure 5 of the Hajnal reference.

**B.    Figure 5 of the Hajnal Reference Does Not Meet the Requirements of Claim 3.**

The Hajnal reference is not anticipatory prior art.  Even assuming that Figure 5 of the Hajnal reference discloses the trigeminal nerve as Defendants argue, the trigeminal nerve has a T2 decay time that is ***substantially shorter***, not substantially longer, than the surrounding tissue.

The structure identified in Figure 5 of the Hajnal reference is located inside the skull and is therefore surrounded by cerebral spinal fluid ("CSF").  BZ Decl. ¶ 9.  Although T2 decay time varies dependent on field strength, the T2 decay time is measurable for a given field strength.  BZ Decl. ¶ 8, Exh. A.  However, regardless of field strength, the characteristic T2 decay time of the trigeminal nerve is not substantially longer than that of surrounding tissue.  BZ Decl. ¶ 10.  For example, at a field strength of 0.35 tesla, the T2 decay time for the surrounding cerebral spinal fluid is 166.3 ms.  BZ Decl. ¶ 10, Exh. A.  Even if Defendants argue that CSF should be discounted, at the same field strength, the T2 decay time of the trigeminal nerve is similar to – not substantially longer than – surrounding

Russ, August & Kabat

1   white and grey brain matter, which ranges from 56.8 ms to 59.8 ms. *Id*. The only

2   reason the surrounding CSF appears black, and the nerve appears brighter, in

3   Figure 5 is because Hajnal et al. used diffusion weighted sequences, which make

4   essentially pure water collections like spinal fluid look black (diffusion weighted

5   sequences are designed to show increased signal from tissue where microscopic

6   water motion is restricted by membranes or other boundaries). BZ Decl. ¶ 10.

7       Thus, Figure 5 of the Hajnal reference does not teach the elements of Claim

8   3. BZ Decl. ¶ 11. At best, whether Figure 5 discloses the requirements of Claim 3

9   is a material question of fact. Defendants Motion should therefore be denied.

10  **IV.   ASSERTED CLAIMS 55, 56, 58, 59, 61, AND 62**

11      While reserving all of its applicable rights, including the right to appeal,

12  NeuroGrafix confirms that it does not oppose partial summary judgment of

13  invalidity for asserted Claims 55, 56, 58, 59, 61, and 62.

14  **V.   ASSERTED CLAIMS 36, 37, 39-44, 47, AND 50**

15      NeuroGrafix's position regarding Claims 36, 37, 39-44, 47, and 50 is

16  explained in its Motion for Reconsideration (Docket No. __), filed concurrently

17  herewith]. For the reasons stated in NeuroGrafix's Motion for Reconsideration,

18  Claims 36, 37, 39-44, 47, and 50 are not invalid for obviousness.

19  **VI.   CONCLUSION**

20      For all the reasons articulated above, the Court should deny Siemens' motion

21  for partial summary judgment with respect to Claims 3-5, 36, 37, 39-44, and 50 of

22  the '360 patent.

23  Dated: August 8, 2011          Respectfully submitted,

24                                 **RUSS, AUGUST & KABAT**

25

26                                 By:___/s/ Andrew D. Weiss_____
                                      Andrew D. Weiss

27                                 **Attorneys for Plaintiff**
28                                 **NEUROGRAFIX**

RUSS, AUGUST & KABAT

1

2

**K&L GATES**

3

By:   /s/ David T. McDonald (*by permission*)
       David T. McDonald

4

5

**Attorneys for Plaintiff**
**WASHINGTON RESEARCH FOUNDATION**

6

7

**CERTIFICATE OF SERVICE**

8

9

10

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on August 8, 2011.  Any other counsel of record will be served via First Class U.S. Mail on this same date.

11

12

By:   /s/ Andrew D. Weiss
       Andrew D. Weiss

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Russ, August & Kabat