RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
Email: mfenster@raklaw.com
Alexander C.D. Giza, State Bar No. 212327
Email: agiza@raklaw.com
Andrew D. Weiss, State Bar No. 232974
Email: aweiss@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
NEUROGRAFIX

K&L GATES LLP
David T. McDonald
Email: david.mcdonald@klgates.com
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Facsimile: (206) 623-7022
Attorneys for Plaintiff
WASHINGTON RESEARCH FOUNDATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| NEUROGRAFIX, a California corporation; WASHINGTON RESEARCH FOUNDATION, a not-for-profit Washington corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; and SIEMENS AKTIENGESELLSCHAFT, a German Corporation,<br><br>Defendants. | Case No. 10-CV-1990 MRP (RZx)<br><br>[Assigned to The Honorable Mariana R. Pfaelzer]<br><br>**PLAINTIFFS NEUROGRAFIX AND WASHINGTON RESEARCH FOUNDATION'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND RESPONSE TO SIEMENS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF SIEMENS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>First Amended Complaint Filed: July 30, 2010 |

1

Pursuant to Fed. R. Civ. P. 56(d) and Local Rule 56-2, Plaintiffs NeuroGrafix and Washington Research Foundation (collectively, "NeuroGrafix") set forth the following material facts as to which they contends there exists a genuine issue necessary to be litigated with respect to Defendants Siemens Medical Solutions USA, Inc. and Siemens Aktiengesellschaft's (collectively, "Siemens") Motion for Partial Summary Judgment of Invalidity Regarding Claims 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62 in U.S. Patent No. 5,560,360 in Light of Claim Construction Order.

## I. STATEMENT OF GENUINE DISPUTED MATERIAL FACT.

The following facts are genuinely disputed between the parties and are material to the invalidity arguments made by Siemens in its Motion for Partial Summary Judgment of Invalidity.

1. Figure 5 of J.V. Hajnal et al. J.V. Hajnal et al., *MR Imaging of Anistropically Restricted Diffusion of Water in the Nervous System: Technical, Anatomic, and Pathological Considerations*, 15 J. Computer Assisted Tomography, 1-18 (2001) ("the Hajnal reference") is not anticipatory prior art to the '360 patent.

2. Hajnal does not disclose a nerve with substantially longer T2 decay time than surrounding tissue.

3. Hajnal discloses a nerve with substantially shorter or similar T2 decay time than surrounding tissue.

## II. RESPONSES TO SIEMENS' ALLEGEDLY UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

NeuroGrafix's responses to each of Siemen's allegedly uncontroverted facts and conclusions of law can be found in the chart below.

///

///

///

1

**PLAINTIFFS' OPPOSITION STATEMENT OF FACTS & CONCLUSIONS OF LAW**

### A. Asserted Claims 3, 4, and 5 Compared to the Hajnal Prior Art Reference

| Def.'s Uncontroverted Facts | NeuroGrafix's Responses and Objections |
|---|---|
| 1. J.V. Hajnal et al., *MR Imaging of Anistropically Restricted Diffusion of Water in the Nervous System: Technical, Anatomic, and Pathological Considerations*, 15 J. Computer Assisted Tomography, 1-18 (2001) ("the Hajnal reference") is prior art to the '360 patent under 35 U.S.C. section 102. | Undisputed. |
| 2. The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a method that involved exposing an in vivo region of a subject to a magnetic polarizing field. | Undisputed. |
| 3. The Hajnal reference discloses the claim 3(a) element of "exposing an in vivo region of a subject to a magnetic polarizing field." | Undisputed. |
| 4. The Hajnal reference discloses expressly or inherently, that the region shown in Figure 5 includes non-neural tissue and a nerve. | Undisputed. |
| 5. The Hajnal reference discloses the claim 3(a) element of "the in vivo region including non-neural tissue and a nerve." | Undisputed. |
| 6. The Hajnal reference discloses, expressly or inherently, that the region shown in Figure 5 includes the trigeminal nerve, which is cranial nerve 5. | Undisputed. |
| 7. The Hajnal reference discloses the claim 3(a) element of "the nerve being a member of the group consisting of peripheral nerves, cranial nerve numbers three through twelve, and autonomic nerves." | Based on the Court's current claim construction and the statement in the prosecution history, undisputed. |
| 8. The Hajnal reference discloses, expressly or inherently, that the image | Undisputed. |

| | | |
|---|---|---|
| 1 2 3 | shown in Figure 5 was made using a method that involved exposing the in vivo region to an electromagnetic excitation field. | |
| 4 5 | 9.  The Hajnal reference discloses the claim 3(b) element of "exposing the in vivo region to an electromagnetic excitation field." | Undisputed. |
| 6 7 8 9 10 11 | 10.  The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a method that involved sensing a resonant response of the in vivo region to the polarizing and excitation fields and producing an output indicative of the resonant response. | Undisputed. |
| 12 13 14 15 | 11.  The Hajnal reference discloses the claim 3(c) element of "sensing a resonant response of the in vivo region to the polarizing and excitation fields and producing an output indicative of the resonant response." | Undisputed. |
| 16 17 18 19 20 | 12.  The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a method that involved controlling the performance of the steps (a), (b), and (c) (as recited in claim 3) to enhance, in the output produced, the selectivity of the nerve. | Undisputed. |
| 21 22 23 24 | 13.  The Hajnal reference discloses the claim 3(d) element "controlling the performance of the steps (a), (b), and (c) to enhance, in the output produced, the selectivity of said nerve." | Undisputed. |
| 25 26 27 | 14.  The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made while the nerve was living in the in vivo region of the subject. | Undisputed. |
| 28 | 15.  The Hajnal reference discloses the claim 3(d) element of "while the nerve is living in the in vivo region of the | Undisputed. |

RUSS, AUGUST & KABAT

| | | |
|---|---|---|
| | subject." | |
| | 16. The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a method that involved selecting a combination of echo time and repetition time that exploits a characteristic spin-spin relaxation coefficient of peripheral nerves, cranial nerves numbers three through twelve, and autonomic nerves, wherein said spin-spin relaxation coefficient is substantially longer than that of other surrounding tissue. | Disputed. The Hajnal reference does not disclose, expressly or inherently, that the image in Figure 5 was made using a method that involved selecting a combination of echo time and repetition time that exploits a characteristic spin-spin relaxation coefficient of peripheral nerves, cranial nerves numbers three through twelve, and autonomic nerves, wherein said spin-spin relaxation coefficient is substantially longer than that of other surrounding tissue. The characteristic T2 decay time of the nerve shown in Figure 5 of the Hajnal reference is not substantially longer than that of surrounding tissue. See BZ Decl. ¶ 8-11. |
| | 17. The Hajnal reference discloses the claim 3(d) element of "said step of controlling the performance of steps (a), (b), and (c) including selecting a combination of echo time and repetition time that exploits a characteristic spin-spin relaxation coefficient of peripheral nerves, cranial nerves numbers three through twelve, and autonomic nerves, wherein said spin-spin relaxation coefficient is substantially longer than that of other surrounding tissue." | Disputed. The Hajnal reference does not disclose the claim 3(d) element of "said step of controlling the performance of steps (a), (b), and (c) including selecting a combination of echo time and repetition time that exploits a characteristic spin-spin relaxation coefficient of peripheral nerves, cranial nerves numbers three through twelve, and autonomic nerves, wherein said spin-spin relaxation coefficient is substantially longer than that of other surrounding tissue." In addition, the characteristic T2 decay time of the nerve shown in Figure 5 of the Hajnal reference is not substantially longer than that of surrounding tissue. See BZ Decl. ¶ 8-11. |
| | 18. The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a method that involved processing the output to generate a data set describing the shape and position of the nerve. | Undisputed. |
| | 19. The Hajnal reference discloses the | Undisputed. |

| | |
|---|---|
| claim 3 (e) element of "processing the output to generate a data set describing the shape and position of said nerve." | |
| 20. The image shown in Figure 5 of the Hajnal reference shows cranial nerve 5 having conspicuity of at least 1.1 that of the non-neural tissue. | Based on the statement in the file history, undisputed. |
| 21. The Hajnal reference discloses the claim 3(e) element of "said data set distinguishing said nerve from non-neural tissue, in the in vivo region to provide a conspicuity of the nerve that is at least 1.1 times that of the non-neural tissue." | Based on the statement in the file history, undisputed. |
| 22. The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a method that did not involve the use of a neural contrast agent. | Undisputed. |
| 23. The Hajnal reference discloses the claim 3(e) element of "without the use of neural contrast agents." | Undisputed. |
| 24. The Hajnal reference discloses, expressly or inherently, each and every element of claim 3. | Disputed. The Hajnal reference does not disclose, expressly or inherently, the claim 3(d) element of "said step of controlling the performance of steps (a), (b), and (c) including selecting a combination of echo time and repetition time that exploits a characteristic spin-spin relaxation coefficient of peripheral nerves, cranial nerves numbers three through twelve, and autonomic nerves, wherein said spin-spin relaxation coefficient is substantially longer than that of other surrounding tissue." In addition, the characteristic T2 decay time of the nerve shown in Figure 5 of the Hajnal reference is not substantially longer than that of surrounding tissue. See BZ Decl. ¶ 8-11. |
| 25. The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a | Undisputed. |

| | |
|---|---|
| method that involved selection of an echo time that is greater than 60 milliseconds. | |
| 26. The Hajnal reference discloses the claim 4 element of "wherein the step of selecting said combination of echo time and repetition time includes selection of an echo time that is greater than 60 milliseconds to enhance the distinction of said nerve from non-neural tissue in the in vivo region." | Undisputed. |
| 27. The Hajnal reference discloses, expressly or inherently, each and every element of claim 4. | Disputed. Claim 4 contains all the limitations of claim 3 of the '360 patent. The Hajnal reference does not disclose the claim 3(d) element of "said step of controlling the performance of steps (a), (b), and (c) including selecting a combination of echo time and repetition time that exploits a characteristic spin-spin relaxation coefficient of peripheral nerves, cranial nerves numbers three through twelve, and autonomic nerves, wherein said spin-spin relaxation coefficient is substantially longer than that of other surrounding tissue." In addition, the characteristic T2 decay time of the nerve shown in Figure 5 of the Hajnal reference is not substantially longer than that of surrounding tissue. See BZ Decl. ¶ 8-11. |
| 28. The Hajnal reference discloses, expressly or inherently, that the image shown in Figure 5 was made using a method that involved repeating the step of exposing the in vivo region to an excitation field after a repetition time that is greater than one second. | Undisputed. |
| 29. The Hajnal reference discloses the claim 5 element of "repeating said step of exposing the in vivo region to an excitation field after a repetition time that is greater than one second to enhance the distinction of said nerve | Undisputed. |

| | |
|---|---|
| from the non-neural tissue in the in vivo region." | |
| 30. The Hajnal reference discloses, expressly or inherently, each and every element of claim 5. | Disputed. Claim 5 contains all the limitations of claim 3 of the '360 patent. The Hajnal reference does not disclose the claim 3(d) element of "said step of controlling the performance of steps (a), (b), and (c) including selecting a combination of echo time and repetition time that exploits a characteristic spin-spin relaxation coefficient of peripheral nerves, cranial nerves numbers three through twelve, and autonomic nerves, wherein said spin-spin relaxation coefficient is substantially longer than that of other surrounding tissue." In addition, the characteristic T2 decay time of the nerve shown in Figure 5 of the Hajnal reference is not substantially longer than that of surrounding tissue. See BZ Decl. ¶ 8-11. |

**B.  Statement of Uncontroverted Facts Supporting Partial Summary Judgment of Invalidity of Claims 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61 and 62**

| Def.'s Uncontroverted Facts | NeuroGrafix's Responses and Objections |
|---|---|
| 31. The Court has held claims 36, 39, 46, 55, 58, and 81 of the '360 patent are indefinite because the patent fails to disclose sufficient structures or acts corresponding to certain means- and steps-plus-function elements in those claims. | Undisputed. |
| 32. Claims 37, 40-44, 47, and 50 of the '360 patent depend on claim 36. | Undisputed. |
| 33. Claims 56, 59, and 62 of the '360 patent depend on claim 55. | Undisputed. |
| 34. Plaintiffs do not oppose partial summary judgment of invalidity for claims 55, 56, 58, 59, 61, and 62. | Undisputed. However, NeuroGrafix reserves all applicable rights, including the right to appeal. |

RUSS, AUGUST & KABAT

## II. CONCLUSIONS OF LAW

| Def.'s Conclusions of Law | NeuroGrafix's Responses and Objections |
|---|---|
| 1. An alleged invention must be new to meet the requirements of patentability. | Undisputed. |
| 2. A claim is anticipated [under 35 U.S.C. section 102] and thus invalid if each and every [step] of a claim is found, expressly or inherently, in a single prior art reference. | Undisputed. |
| 3. "While anticipation is a question of fact, 'it may be decided on summary judgment if the record reveals no genuine dispute of material fact.'" | Undisputed. |
| 4. Claims 3, 4, and 5 of the '360 patent are anticipated by the Hajnal reference and therefore invalid as a matter of law under 35 U.S.C. section 102. | Disputed. Hajnal does not disclose all elements of claims 3, 4, or 5. |
| 5. Indefinite claims are invalid as a matter of law under 35 U.S.C. section 112, paragraph 2. | Undisputed. |
| 6. A dependent claim incorporates the limitations of the claims from which it depends. | Undisputed. |
| 7. Claims 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62 are indefinite and therefore invalid as a matter of law. | Disputed for the reasons stated in NeuroGrafix's Motion for Reconsideration, filed concurrently herewith. |

Dated: August 8, 2011

Respectfully submitted,

**RUSS, AUGUST & KABAT**

By: /s/ Andrew D. Weiss
      Andrew D. Weiss

**Attorneys for Plaintiff NEUROGRAFIX**

**K&L GATES**

By: /s/ David T. McDonald (*by permission*)

David T. McDonald

**Attorneys for Plaintiff**
**WASHINGTON RESEARCH FOUNDATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on August 8, 2011. Any other counsel of record will be served via First Class U.S. Mail on this same date.

By: /s/ Andrew D. Weiss
Andrew D. Weiss