RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
Email: mfenster@raklaw.com
Alexander C.D. Giza, State Bar No. 212327
Email: agiza@raklaw.com
Andrew D. Weiss, State Bar No. 232974
Email: aweiss@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
NEUROGRAFIX

K&L GATES LLP
David T. McDonald
Email: david.mcdonald@klgates.com
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Facsimile: (206) 623-7022
Attorneys for Plaintiff
WASHINGTON RESEARCH FOUNDATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| NEUROGRAFIX, a California corporation; WASHINGTON RESEARCH FOUNDATION, a not-for-profit Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; and SIEMENS AKTIENGESELLSCHAFT, a German Corporation,<br><br>Defendants. | Case No. 10-CV-1990 MRP (RZx)<br><br>[Assigned to The Honorable Mariana R. Pfaelzer]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>First Amended Complaint Filed: July 30, 2010 |

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  RECONSIDERATION IS APPROPRIATE IN THIS CIRCUMSTANCE ......................................................................................... 3

III. CLAIMS 36, 39, 46 AND 49 ARE NOT SUBJECT TO THE STEP-PLUS FUNCTION DOCTRINE BECAUSE THEY DISCLOSE ACTS TO PERFORM THE STATED FUNCTIONS .......................................................... 3

IV.  CONCLUSION .................................................................................................. 8

RUSS, AUGUST & KABAT

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NEUROGRAFIX AND WRF'S MOTION FOR RECONSIDERATION**

# TABLE OF AUTHORITIES

**CASES**                                                                                                       **PAGE**

*Advanced Medical Optics, Inc. v. Alcon Inc.*,
   361 F. Supp. 2d 370 (D. Del. 2005).....................................................................6

*Agere Sys. Inc. v. Atmel Corp.*,
   No. 02-864, 2003 U.S. Dist. LEXIS 9823 (E.D. Pa. May 27, 2003) ..............7

*Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.* ......................................2, 5, 6, 7
   381 F.3d 1371 (Fed. Cir. 2004)

*Epcon Gas Sys. Inc. v. Bauer Compressors, Inc.* ........................................................1
   279 F.3d 1022 (Fed. Cir. 2002)

*Inventio AG v. Thyssenkrupp Elevator Am. Corp.*,
   No. 2010-1525 (Fed. Cir. June 15, 2011) .................................................3, 4

*Masco Corp. v. United States*,
   303 F.3d 1316 (Fed. Cir. 2002).......................................................2, 4, 5, 6, 7

*O.I. Corp. v. Tekmar Co.*,
   115 F.3d 1576 (Fed. Cir. 1997)................................................................4, 7

*Seal-Flex, Inc. v. Athletic Track & Court Constr.*,
   172 F.3d 836 (Fed. Cir. 1999)................................................................. 1-2, 5

*Synopsys, Inc. v. Magma Design Automation, Inc.*,
   No. C-04-3923, 2005 U.S. Dist. LEXIS 46882
   (N.D. Cal. Aug. 23, 2005) .......................................................................6


**STATUTES**

35 U.S.C. § 112 ¶6 ........................................................................1, 2, 3, 4, 5, 7, 8

## I. INTRODUCTION.

Plaintiffs NeuroGrafix and Washington Research Foundation ("WRF") (collectively, "NeuroGrafix") bring this motion for reconsideration because it respectfully believes that the Court improperly concluded that certain method claims were so-called "step-plus-function" claims pursuant to 35 U.S.C. § 112 ¶6, even though none of the claims uses the "step plus" formulation, even though the claims are therefore presumptively not subject to Section 112 ¶6, even though each of the claims recite acts ("processing," "analyzing," and "combining"), and even though the Federal Circuit has *never* applied Section 112 ¶6 to method claims that were not written in "step plus" language (or where the parties did not agree that Section 112 ¶6 applied). Because the law does not require the Court to apply Section 112 ¶6 to these method claims, Neurografix respectfully submits that it was improper for the Court to do so, particularly in light of the presumption of validity.

Neurografix appreciates that the Court spent considerable time and effort on the claims construction process, but this issue was not properly vetted. Throughout the briefing process and at the hearing, neither party concentrated on the argument that claims 36, 39, 46 and 49 were subject to 35 U.S.C. § 112 ¶6. As a result, the Court's Claim Construction Order (D.I. 114) also addressed the argument in summary fashion. Given the serious consequences of the Court's ruling that claims 36, 39, 46 and 49 are subject to 35 U.S.C. § 112 ¶6 and therefore indefinite, NeuroGrafix asked the Court to revisit this issue, and the Court indicated it was willing to do so.

The Federal Circuit has warned that the step-plus-function doctrine should only be applied in limited situations and, as a result, it is rarely invoked. *Epcon Gas Sys. Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1028 (Fed. Cir. 2002) ("For a method claim, § 112, paragraph 6 is implicated only when steps plus function without acts are present."); *Seal-Flex, Inc. v. Athletic Track & Court*

110801 Motion for 110801 Motion for Reconsideration v2.doc    1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NEUROGRAFIX AND WRF'S MOTION FOR RECONSIDERATION**

1   *Constr.*, 172 F.3d 836, 848 (Fed. Cir. 1999) ("This court has rarely examined step-
2   plus-function claim elements.") (Rader, J., concurring).  Section 112 ¶6 is rarely
3   applied to method claims.  Because the claims do not recite "step plus" or
4   otherwise indicate an intention to invoke Section 112 ¶6, the claims are presumed
5   not to be subject to Section 112 ¶6.  *Masco Corp. v. United States*, 303 F.3d 1316,
6   1327 (Fed. Cir. 2002).  The presumption can only be overcome if the claims do not
7   recite any *act* (any verb).  *Id.* ("[W]here a method claim does not contain the term
8   'steps for,' a limitation of that claim cannot be construed as a step-plus-function
9   limitation without a showing that the limitation contains no act.").  As noted above,
10  the Federal Circuit has never yet found a situation where that exception applied.
11  Neurografix respectfully submits this is not that case.

12      Claim 36, for example, describes the act of "processing the data" to
13  accomplish the function of "generating a data set describing the shape and position
14  of said selected structure in the region."  The dependent claim limitations of
15  "analyzing the data" and "combining the data" are similarly acts to accomplish the
16  stated functions.

17      Defendants' argument, and ultimately the Court's Claim Construction Order,
18  is based on a flawed understanding of Federal Circuit precedent.  A claim need
19  only contain an act, such as "processing said data set," to perform a function.  It
20  need not contain unnecessary limitations specifically explaining how that act must
21  be accomplished.  *See, e.g., Masco*, 303 F.3d at 1327-28; *Cardiac Pacemakers*,
22  381 F.3d at 1381.

23      Because claim 36, 39, 46 and 49 recite the acts of "processing the data,"
24  "analyzing the data" and "combining the data," NeuroGrafix respectfully requests
25  that the Court reconsider its Claim Construction Order and instead find that 35
26  U.S.C. § 112 ¶6 does not apply to claims 36, 39, 46 and 49.

27
28

## II. RECONSIDERATION IS APPROPRIATE IN THIS CIRCUMSTANCE.

Pursuant to Local Rule 7-18, a motion for reconsideration may be made "on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." As NeuroGrafix discussed at the hearing on May 26, 2011, NeuroGrafix respectfully believes that, as a result of the parties' treatment of the step-plus-function arguments in the briefing and at the hearing, the Court has not fully considered the material facts and law presented to the Court related to claim 36, 39, 46 and 49.[1] During the telephonic status conference following the Claims Construction Order, the Court indicated that it would "be up for" reconsidering this narrow issue. As a result, NeuroGrafix believes that this Motion is appropriate.

## III. CLAIMS 36, 39, 46 AND 49 ARE NOT SUBJECT TO THE STEP-PLUS-FUNCTION DOCTRINE BECAUSE THEY DISCLOSE ACTS TO PERFORM THE STATED FUNCTIONS.

The Court should reconsider its Claim Construction Order regarding claims 36, 39, 46 and 49 because the limitations at issue recite the acts to perform various functions. Indeed, the Federal Circuit has expressly stated that, unless the "steps for" language is used, it has been "unwilling to resort to that provision [35 U.S.C. §112 ¶6] to constrain the scope of coverage of a claim limitation" without the moving party meeting its burden of showing that the claim element does not

---

[1] Although the opinion is not a material change of the law, the Federal Circuit also recently reconfirmed that the heavy presumption against using §112 ¶ 6 where the "means for" or "step for" language is not used. *Inventio AG v. Thyssenkrupp Elevator Am. Corp.*, No. 2010-1525, slip op. at 18 (Fed. Cir. June 15, 2011)

RUSS, AUGUST & KABAT

contain an act. *Masco Corp.*, 303 F.3d at 1327; *see also Inventio AG v. Thyssenkrupp Elevator Am. Corp.*, No. 2010-1525, slip op. at 18 (Fed. Cir. June 15, 2011) (reiterating that there is a strong presumption against applying §112 ¶ 6 where "means" formatting is not used and requiring that the Defendant show the term is "so structurally devoid that we should rewrite them in means-plus-function format"). A court must be wary of "disrupt[ing] patentees' settled expectations regarding the scope of their claims." *Id.* The Federal Circuit has also warned: "If we were to construe every process claim containing steps described by an 'ing' verb, such as passing, heating, reacting, transferring, etc. into a step-plus-function limitation, we would be limiting process claims in a manner never intended by Congress." *O.I. Corp. v. Tekmar Co.*, 115 F.3d 1576, 1583 (Fed. Cir. 1997). Because claims contain language ("processing said data set," "analyzing the data set" and "combining said data set") that are routinely construed as acts by courts, Defendants have failed to meet their burden of showing the claims do not contain an act.

The basic law regarding the step-plus-function doctrine is indisputable. Where a claim element does not use the "step-for" formulation, the presumption is that the claim element is not a step-plus function term under 35 U.S.C. § 112 ¶6. *Masco Corp.*, 303 F.3d at 1327. A limitation of a method claim that does not use the "steps for" language can nonetheless be subject to 35 U.S.C. §112 ¶6 where there is "a showing that the limitation contains ***nothing*** that can be construed as an act." *Id.* (emphasis added). In considering whether to rewrite the claims in §112 ¶ 6 format, the Court must consider the entire intrinsic record, including the claims and specification. *Inventio*, slip op. at 12. It is Defendants' burden to show that claims 36, 39, 46 and 49 do not contains acts. *See Masco*, 303 F.3d at 1327; *see also Inventio*, slip op. at 18.

The basis for the Court's Claim Construction Order is that the "processing," "analyzing" and "combining" limitations in claims 36, 39, 46 and 49 of the '360

patent describe functions but not how to perform that function. The Federal Circuit, however, has construed similar terms without resorting to the unfavorable and limiting step-plus-function doctrine. For example, in *Masco*, the Federal Circuit reversed a finding by the lower court that the term "transmitting a force … to drive the level to a position" was subject to 35 U.S.C. § 112 ¶6 because the claim did not explain how the force was transmitted. 303 F.3d at 1327. Instead, the Federal Circuit found that "transmitting a force" is an act because the plain meaning of "transmitting." *Id.* at 1327-28. In particular, the Federal Circuit consulted the dictionary definition and found "'transmitting' in the sense of causing a force to be conveyed through a medium by mechanical parts is an act, since it describes how the function of the 'transmitting a force' limitation is accomplished." *Id.* at 1328.

Similarly, in *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 381 F.3d 1371 (Fed. Cir. 2004), the lower court found the claim element "determining a condition of the heart from among a plurality of conditions of the heart" to be subject to 35 U.S.C. § 112 ¶6 because otherwise it "would 'allow[] CPI to claim all possible methods of detecting hear arrhythmia.'" *Id.* at 1381. The Federal Circuit reversed the lower court and remanded for further construction of the term outside of the step-plus-function doctrine. *Id.* at 1381-82. Indeed, in Judge Rader's concurring opinion in *Seal-Flex, Inc.* (cited by the Court in its Claims Construction Order), even where the parties agreed that § 112 ¶6 applied, Judge Rader found that "spreading" was an act to accomplish the function of "adhering the mat to the foundation." *Id.* at 850 (considering the claim limitation "spreading an adhesive tack coating for adhering the mat to the foundation over the foundation surface").

Similar to the Federal Circuit precedent, claims 36, 39, 46 and 49 of the '360 patent contain the acts for performing their requisite functions. With respect to claim 36, the act of "processing said data set" performing the function of "generat[ing] a data set describing the shape and position of said selected structure

in the region." The plain meaning of "processing" defines the act: "put[ting] through the steps of a prescribed procedure." Defs.' Responsive Claim Construction Br. (D.I. 106) at 33 (citing Webster's II New College Dictionary). Thus, just as in *Masco*, "processing said data set" refers to the act of subjecting the data set to the steps of a prescribed procedure. Similarly, claims 39, 46 and 49 also contain acts ("analyzing the data set" and "combining said data set") to perform the functions of describing and generating, respectively. Merely because the claim language does not limit the act to a particular type of processing does not render this claim element subject to the step-plus function doctrine. *See, e.g.*, *Masco*, 303 F.3d at 1327-28; *Cardiac Pacemakers*, 381 F.3d at 1381.[2]

Defendants have not met their burden of showing that, despite the lack of "steps for" language, claims 36, 39, 46 and 49 should be narrowly construed as subject to the step-plus-function doctrine. Defendants acknowledge that the function in claim 36 is "to generate a dataset describing the shape and position." (Weiss Decl. ¶ 2, Exh. A). Defendants, however, assert that "processing the data" is not an act because claim 36 does not describe how to process the data to perform the stated function. *Id.* at 168-70 ("What do I do to process that to generate that dataset? . . . It doesn't say anything. There is no act at all."). Defendants' argument, however, is inconsistent with Federal Circuit precedent because "processing said data set" is an act for the purposes of the step-plus-function analysis even though the claims were not drafted to limit the claims to a specific

---

[2] Additionally, other district courts have refused to apply the step-plus-function doctrine when faced with similar language. *E.g.*, *Synopsys, Inc. v. Magma Design Automation, Inc.*, No. C-04-3923, 2005 U.S. Dist. LEXIS 46882, at *17 (N.D. Cal. Aug. 23, 2005) (finding that a "selecting a plurality of cell from the cell library" was an act to perform the function of "ensuring that predetermined timing constraints are met" and was therefore not subjecting to the step-plus-function doctrine); *Advanced Medical Optics, Inc. v. Alcon Inc.*, 361 F. Supp. 2d 370 (D. Del. 2005) (finding "engaging" and "holding" to be acts in the claim element "engaging and holding said housing and chamber to the console with the longitudinal axis in a vertical orientation with the fluid outlet disposed below the pump thereby enabling rise of gas, generated in or introduced into the chamber, from the chamber and into said aspiration pump").

algorithm or type of processing. *See, e.g.*, *Masco*, 303 F.3d at 1327-28; *Cardiac Pacemakers*, 381 F.3d at 1381.

Furthermore, Defendants' primary support for their argument is a district court case from the Eastern District of Pennsylvania, *Agere Sys. Inc. v. Atmel Corp.*, No. 02-864, 2003 U.S. Dist. LEXIS 9823 (E.D. Pa. May 27, 2003). The district court in *Agere*, however, found that the claim element in question was subject to the step-plus-function doctrine because expert testimony showed that a person of ordinary skill must consult the specification for further information regarding how to "control the temperature and environment." *Id.* at *62-*63. The district court in *Agere* did not cite any support for its interpretation of the law and, as discussed above, Federal Circuit precedent does not support it. This opinion is therefore, at best, irrelevant here.

Defendants' argument regarding claims 36, 39, 46 and 49 is also inconsistent. Defendants have only chosen to bring its step-plus-function arguments with respect to those claim limitations that are similar to the disputed elements of claim 55, 58 and 61, which the parties admitted were subject to 35 U.S.C. § 112 ¶6. The Defendants argued only, and the Court found, that claims 36, 39, 46 and 49 are subject to the step-plus-function doctrine because they are similar to claims 55, 58 and 61. The Federal Circuit has squarely rejected this "parallelism" argument. *O.I. Corp.*, 115 F.3d at 1583.[3]

The Court's application of Section 112 ¶6 is inconsistent because other claims recite the same acts (processing and analyzing), and were not held to be step plus function claims. *See, e.g.*, Claims 1(e), 3(e), 11(e), 12(e), 15(e), 16(e), 18(e), 36(d), 51(d) ("processing"); Claims 1(e), 12(e), 24 ("analyzing"). All of these claim elements are drafted in similar format (*e.g.*, processing data to generate) yet

---

[3] During the claim construction briefing, Defendants also raised in passing the disputed elements of claims 36, 39, 46 and 49 as indefinite. The Court did not rule on this argument and it is thus not addressed in this Motion.

110808 Motion for 110801 Motion for Reconsideration v2.doc             7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NEUROGRAFIX AND WRF'S MOTION FOR RECONSIDERATION**

Defendants have not alleged that any of these claim limitations are subject to the step-plus-function doctrine.  Thus, the Court's claim construction is therefore internally inconsistent in its treatment of the various processing and analyzing claims of the '360 Patent, in addition to being inconsistent with Federal Circuit precedent.

## IV.   CONCLUSION.

For the reasons above, the Court should grant NeuroGraifx's Motion and should find claims 36, 39, 46 and 49 are not subject to 35 U.S.C. § 112 ¶6.  The claims contain acts to preform the stated functions of each claim.

Dated: August 8, 2011

Respectfully submitted,

**RUSS, AUGUST & KABAT**

By:  /s/ Andrew D. Weiss
       Andrew D. Weiss

**Attorneys for Plaintiff
NEUROGRAFIX**


**K&L GATES**

By:  /s/ David T. McDonald (*by permission*)
       David T. McDonald

**Attorneys for Plaintiff
WASHINGTON RESEARCH FOUNDATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on August 8, 2011. Any other counsel of record will be served via First Class U.S. Mail on this same date.

By: /s/ Andrew D. Weiss
Andrew D. Weiss