# Exhibit 10

```
 1                    UNITED STATES OF AMERICA
                      UNITED STATES DISTRICT COURT
 2                    CENTRAL DISTRICT OF CALIFORNIA
                            WESTERN DIVISION
 3
                               - - -
 4            HONORABLE MARIANA R. PFAELZER,
        UNITED STATES DISTRICT JUDGE PRESIDING
 5                             - - -

 6
     NEUROGRAFIX,                    )
 7                                   )    CERTIFIED COPY
                   PLAINTIFF,        )
 8                                   )
     VS.                             )    CV 10-01990 MRP
 9                                   )
     SIEMENS MEDICAL SOLUTIONS       )
10   USA INC., et al.,               )
                                     )
11   DEFENDANTS.                     )
     _____)
12

13

14
                        MARKMAN HEARING
15            REPORTER'S TRANSCRIPT OF PROCEEDINGS
                   THURSDAY, MARCH 24, 2011
16                       A.M. SESSION
                     LOS ANGELES, CALIFORNIA
17

18

19

20

21          SHERI S. KLEEGER, CSR 10340
           FEDERAL OFFICIAL COURT REPORTER
22        312 NORTH SPRING STREET, ROOM 402
            LOS ANGELES, CALIFORNIA 90012
23                PH:   (213)894-6604

24

25
```

```
 1

 2
    APPEARANCES OF COUNSEL:
 3
    ON BEHALF OF PLAINTIFF:
 4
            RUSS AUGUST & KABAT
 5           BY:  MARC A. FENSTER, ESQUIRE
                  ANDREW D. WEISS, ESQUIRE
 6                ALEXANDER GIZA, ESQUIRE
            12424 WILSHIRE BOULEVARD
 7          12TH FLOOR
            LOS ANGELES, CA 90025
 8
    JOSH SEAT, SPECIAL AGENT
 9

10  ON BEHALF OF DEFENDANT:
            SIEMENS
11          BY:  ERIC C. LIEBELER, ESQUIRE
                 FRANK J. NUZZI, ESQUIRE
12
            KIRKLAND ELLIS
13          BY:  GREGG LOCASIO, ESQUIRE
                 SEAN M. MCELDOWNEY, ESQUIRE
14          655 15TH STREET NW
            SUITE 1200
15          WASHINGTON, D.C. 20005

16

17

18

19

20

21

22

23

24

25
```

```
 1   selectivity of the nerve and also met the other
 2   limitations of the claim.
 3              But right now we're only focusing on the
 4   controlling step.  And the question is:  Would one of
 5   skill in the art know whether this limitation is met or
 6   not?  And the --
 7              THE COURT:  Because the people who are in
 8   the art know how to do this?
 9              MR. FENSTER:  Because they know whether or
10   not the selectivity is being enhanced or not.
11              THE COURT:  Do they know how to do it?
12              MR. FENSTER:  With the teaching of this,
13   yes.  With the teaching of the patent, yes.  This
14   absolutely teaches you how to control the steps A, B and
15   C to enhance the selectivity of the nerve.
16              THE COURT:  Go on.
17              MR. FENSTER:  But it's not limited to a
18   particular method.  And that is their primary objection.
19              THE COURT:  Yes.
20              MR. FENSTER:  But that doesn't make it
21   indefinite.  Indefiniteness requires one of skill in the
22   art wouldn't know whether it's met or not.  And that --
23   they just have not made any showing that that's the
24   case.  And in fact, there is nothing ambiguous about
25   whether -- about the language enhancing the selectivity
```

of the nerve and whether one of skill in the art would know when that happened or not.

Now, defendants have tried to treat this controlling step in a blanket way applying to each of Claims 1 through 35. They have not made any particularized showing with respect to individual claims. And, Your Honor, that is just a failure on their part to meet their burden.

Let me show you why in Claim 3.

So in the next slide we see that the same controlling step appears in Claim 3, but it goes on to be more specific about what that controlling must include. And specifically it says --

THE COURT: So what you are saying is that any method you use to reach that end under one is all right.

MR. FENSTER: That's correct. And one of skill in the art would absolutely know whether or not it's being met. But Claim 3 is much more specific.

Claim 3 requires that that controlling step include selecting a combination of echo time and repetition time that exploits a characteristic spin-spin relaxation coefficient of peripheral nerves, et cetera, wherein said spin-spin relaxation coefficient is substantially longer than that of other surrounding

1  tissue.

2           So, Your Honor, what this is referring to is
3  that long T2-weighting.  Remember I showed you from the
4  specification that these inventors discovered for the
5  first time, contrary to the teaching of the prior art,
6  that that the T2 relaxation time for a nerve was twice
7  as long as that of muscle.  And once you get to long TE
8  echo times of greater than 60 milliseconds, for example,
9  you start to differentiate nerve from muscle.  That is
10 specifically what Claim 3 requires.

11          Now, Claim 3 has a very specific requirement
12 on what the controlling step must include.  There's no
13 argument or showing that one of skill in the art
14 wouldn't know whether that's met; and, therefore, you
15 can't find that Claim 3 is invalid for indefiniteness on
16 the controlling step.

17          In fact, the meaning of that language is
18 agreed.  The next slide, 15, shows that the specific
19 limitations in the controlling step in Claim 3 are
20 actually agreed.

21          So, in addition to the disputed terms, the
22 parties have worked together and reached agreement on
23 numerous agreed terms where we have agreed on the
24 construction.

25          One of those is echo time.  One is

1    repetition time.  And one is this phrase from Core 3,
2    where it -- a combination of echo time and repetition
3    time that exploits the spin-spin relaxation coefficient,
4    that is an agreed term.  They didn't take the position
5    that that is ambiguous somehow, let alone insolubly so.
6    Instead we've actually agreed on the limitation.
7             Now, I don't understand how a term that
8    includes -- that is limited to an agreed construction
9    can somehow be insolubly ambiguous.
10            The other claims illustrate this point
11   further in Slide 16.  Claim 4, Your Honor, requires that
12   this controlling step be limited to an echo time of over
13   60 milliseconds.  There's nothing ambiguous about that.
14   In fact, it's quite specific.
15            In Claim 5, it requires a repetition time of
16   over 1 second.  That's a further limitation on the
17   controlling step that they say is ambiguous.  Even if
18   Your Honor were to find that the controlling step were
19   ambiguous, then the dependent claims clarifying it and
20   limiting it are not.  And there is no showing to the
21   contrary.
22            And similarly, Claim 6 requires fat
23   suppression.  There are numerous limitations in the
24   dependent claims, and so the defendants' failure to go
25   through claim by claim is significant here.

```
 1

 2

 3              CERTIFICATE OF REPORTER.

 4

 5   COUNTY OF LOS ANGELES       )

 6                               )  SS.

 7   STATE OF CALIFORNIA         )

 8

 9   I, SHERI S. KLEEGER, OFFICIAL COURT REPORTER, IN AND FOR

10   THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

11   DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT

12   TO SECTION 753, TITLE 28, UNITED STATES CODE, THE

13   FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE

14   STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE

15   ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE

16   FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE

17   JUDICIAL CONFERENCE OF THE UNITED STATES.

18

19

20   DATE:  APRIL 4, 2011

21

22   _____

23   SHERI S. KLEEGER, CSR

24   FEDERAL OFFICIAL COURT REPORTER

25
```