Gregg F. LoCascio, P.C. (*pro hac vice*)
gregg.locascio@kirkland.com
Sean M. McEldowney (S.B.N. 248368)
sean.mceldowney@kirkland.com
Christopher Nalevanko (*pro hac vice*)
christopher.nalevanko@kirkland.com
Brian N. Gross (*pro hac vice*)
brian.gross@kirkand.com
Kirkland & Ellis LLP
655 Fifteenth St., N.W.
Washington, D.C.  20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Luke L. Dauchot (S.B.N. 229829)
luke.dauchot@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California  90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendant
SIEMENS MEDICAL SOLUTIONS USA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROGRAFIX, a California corporation; WASHINGTON RESEARCH FOUNDATION, a not-for-profit Washington corporation,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; and SIEMENS AKTIENGESELLSCHAFT, a German corporation,<br><br>                    Defendants. | CASE NO. CV 10-1990 MRP(RZX)<br><br>**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S CLAIM CONSTRUCTION**<br><br>**The Hon. Mariana R. Pfaelzer United States District Court Judge**<br><br>**Hearing date:  October 5, 2011**<br>**Time:            11:00 a.m.**<br>**Location:       Courtroom 12** |

1

2   SIEMENS MEDICAL SOLUTIONS USA,
    INC.,

3   Counterclaim Plaintiff,

4   vs.

5   NEUROGRAFIX, and WASHINGTON
    RESEARCH FOUNDATION,

6
    Counterclaim Defendants.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.     BACKGROUND. ...........................................................................2

    A.     Applicable Law Regarding 35 U.S.C. §112, ¶6.....................2

    B.     Background on Proceedings Regarding Claims 36, 39, 46, and 49......3

II.    ARGUMENT .............................................................................4

    A.     Plaintiffs' Motion Should Be Denied Because It Does Not Even Purport to Identify Any Permissible Ground for Reconsideration Under Local Rule 7-18. ................................................5

    B.     Plaintiffs' Motion Should Be Denied Because It Repeats Arguments that Plaintiffs Already Raised and the Court Correctly Rejected. ................................................................7

        1.     The Court Correctly Rejected Plaintiffs' Fundamental Argument that the Claim Language at Issue Sufficiently Discloses an "Act." ................................................8

        2.     The Court Was Correct During Claim Construction to Reject the Points that Plaintiffs Rehash in Their Motion. ...................11

III.   CONCLUSION..........................................................................16

# TABLE OF AUTHORITIES

**Cases**

*389 Orange Street Partners v. Arnold*,
  179 F.3d 656 (9th Cir. 1999) .................................................................5

*A.A. v. Orange Cnty. Health Care Agency*,
  2011 WL 86935 (C.D. Cal. Jan. 3, 2011) ...............................................7

*Activision Publ'g, Inc. v. Gibson Guitar Corp.*,
  2009 WL 586629 (C.D. Cal. Feb. 26, 2009) ...........................................7

*Advanced Med. Optics, Inc. v. Alcon Inc.*,
  361 F. Supp. 2d 370 (D. Del. 2005).......................................................16

*Agere Sys. Inc. v. Atmel Corp.*,
  2003 WL 21652264 (E.D. Pa. May 27, 2003).............................9, 10, 15

*Aventis Pharms. S.A. v. Amphastar Pharms., Inc.*,
  2005 WL 5957795 (C.D. Cal. Mar. 25, 2005)..........................................7

*Brown v. United States*,
  2011 WL 333380 (C.D. Cal. Jan. 31, 2011) ............................................7

*Cardiac Pacemakers, Inc., v. St. Jude Med., Inc.*,
  381 F.3d 1371 (Fed. Cir. 2004) .............................................................16

*Carroll v. Nakatani*,
  342 F.3d 934 (9th Cir. 2003) ...................................................................5

*Carter v. Variflex, Inc.*,
  2000 WL 35789500 (C.D. Cal. Apr. 18, 2000) ........................................7

*Caterpillar Inc. v. Detroit Diesel Corp.*,
  961 F. Supp. 1249 (N.D. Ind. 1996), *aff'd*, 194 F.3d 1336 (Fed. Cir. 1999) ........9, 10

*Davidson v. City of Culver City*,
  2004 WL 5361891 (C.D. Cal. 2004),
   *aff'd*, 159 Fed. App'x 756 (9th Cir. 2005)..............................................8

*In re Cohn*,
  438 F.2d 989 (C.C.P.A. 1971) ...............................................................16

*Inventio AG v. Thyssenkrupp Elevator Ams. Corp.*,
  2011 WL 2342744 (Fed. Cir. June 15, 2011)..........................................16

*j2 Global Commn's Inc. v. Captaris Inc.*,
  2011 WL 2882792 (C.D. Cal. July 19, 2011)............................................6

*Kinetics Noise Control, Inc. v. Ecore Int'l, Inc.*,
  2011 WL 940335 (C.D. Cal. Mar. 14, 2011)............................................7

*Kona Enters., Inc. v. Bishop*,
  229 F.3d 877 (9th Cir. 2000) ...................................................................5

*MAI Sys. Corp. v. Walbert Enters., Inc.*,
  116 F.3d 485 (9th Cir. 1997) ...................................................................8

*Martinis v. Barbanell*,
  211 F.3d 1274 (9th Cir. 2000) ...............................................................8

*Masco Corp. v. United States*,
  303 F.3d 1316 (Fed. Cir. 2002) ................................................2, 12, 15

*Mas-Hamilton Group v. LaGard, Inc.*,
  156 F.3d 1206 (Fed. Cir. 1998) ....................................................11, 12

*McCoy v. Roe*,
  234 Fed. App'x 559 (9th Cir. 2009) .......................................................7

*O.I. Corp. v. Tekmar Co.*,
  115 F.3d 1576 (Fed. Cir. 1997) ....................................................2, 3, 9, 10

*Raytheon Co. v. Roper Corp.*,
  724 F.2d 951 (Fed. Cir. 1983) ...............................................................12

*Seal-Flex, Inc. v. Athletic Track & Court Contr.*,
  172 F.3d 836 (Fed. Cir. 1999) .....................................................2, 9, 10, 12

*Selectron Indus., Inc. v. Selectron Int'l*,
  2007 WL 5193735 (C.D. Cal. Sept. 25, 2007) .....................................6

*Spacey v. Burgar*,
  207 F. Supp. 2d 1037 (C.D. Cal. 2001) ...............................................7

*Synopsys, Inc v. Magma Design Automation, Inc.*,
  2005 WL 6227071 (N.D. Cal. Aug. 23, 2005) ...................................16

*Townsend v. Chase Bank USA, N.A.*,
  2009 WL 764513 (C.D. Cal. Mar. 20, 2009) .......................................6

*Weber v. Gorenfeld*,
  8 F.3d 34 (9th Cir. 1993) ......................................................................8

*Welker Bearing Co. v. PHD, Inc.*,
  550 F.3d 1090 (Fed. Cir. 2008) ...........................................................12

*Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc.*,
  48 F. Supp. 2d 1049 (C.D. Cal. 1999) ..................................................7

**Statutes**

35 U.S.C. §112, ¶6 .....................................................................passim

**Rules**

C.D. Cal. L.R. 7-18. ...........................................................................5, 7

## EXHIBIT LIST

The following exhibits cited herein refer to the exhibits to the September 12, 2011 Declaration of Sean M. McEldowney In Support of Siemens' Memorandum in Opposition of Plaintiffs' Motion for Reconsideration, filed concurrently herewith.

**Exhibit OMR1:** Excerpts from the *Markman* Hearing, dated March 24, 2011

**Exhibit OMR2:** Email from Sean M. McEldowney to Andrew D. Weiss, dated September 6, 2011

**Exhibit OMR3:** Email from Andrew D. Weiss to Sean M. McEldowney, dated September 7, 2011

**Exhibit OMR4:** Excerpts from the telephonic status conference with the Court, dated May 26, 2011

Siemens' Opp'n to Mot. for Reconsideration

After unsuccessfully arguing their proposed constructions for the "step-plus-function" limitations in claims 36, 39, 46, and 49 of the '360 patent, Plaintiffs now want this Court to "revisit" the very same arguments based on the very same law and facts that Plaintiffs offered during claim construction.  By doing so, Plaintiffs' reconsideration motion does precisely what Local Rule 7-18 expressly prohibits.  Plaintiffs do not even bother to argue in their brief that their motion satisfies any of the three limited bases for seeking reconsideration under the local rule.  Instead, Plaintiffs flatly violate this Court's Local Rules by repeating (verbatim in several instances) the same arguments they made before that were rejected during claim construction.

Plaintiffs had a full opportunity during claim construction to address whether the "step-plus-function" provision of 35 U.S.C. §112, ¶6 applies to claims 36, 39, 46, and 49—Plaintiffs submitted two briefs totaling 60 pages, conducted expert discovery and submitted expert declarations, and argued their points at a four-hour *Markman* hearing.  After considering all of the arguments, the Court correctly rejected Plaintiffs' arguments the first time around, and the Court need not and should not "revisit" Plaintiffs' same flawed arguments.

Plaintiffs' argument in their motion for reconsideration boils down to the same assertion they made during claim construction:  that the "processing" step in claim 36 and the "analyzing" step in claims 39, 46, and 49 avoid step-plus-function treatment under 35 U.S.C. §112, ¶6 because, according to Plaintiffs, the claims sufficiently describe the "acts" required to accomplish the complex, computer-implemented functions recited in those claims simply by using the words "processing" and "analyzing." (*Compare* D.I. 128-1 at 2 (arguing that "[b]ecause claim 36, 39, 46, and 49 recite the acts of" "processing" and "analyzing" "NeuroGrafix respectfully requests that the Court reconsider its Claim Construction Order"), *with* D.I. 103 at 34-35 (arguing that the claims are not subject to 35 U.S.C. §112, ¶6 because claim 36

Siemens' Opp'n to Mot. for Reconsideration

"recites the act of 'processing'" and claims 39, 46, and 49 "discloses the acts of analyzing").)   That argument failed last time (and must fail again) because it is contrary to Federal Circuit law.   The test for whether a claim describes an "act," rather than merely a "generic description" of the step, is whether it describes "how the function is accomplished" or "implemented" in the claims.   *O.I. Corp. v. Tekmar Co.*, 115 F.3d 1576, 1582-83 (Fed. Cir. 1997); *Seal-Flex, Inc. v. Athletic Track & Court Contr.*, 172 F.3d 836, 849-50 (Fed. Cir. 1999) (Rader, J., concurring).   The claim language at issue here is devoid of anything describing how to accomplish the claimed steps, and the Court therefore correctly rejected Plaintiffs' contention, explaining that "because the claim term ***does not describe how*** to process the data [or analyze the data], it does not have the requisite act and is thus a step-plus-function claim."[1]   (D.I. 114 at 27, 5 (citing *Seal-Flex*).)   Thus, even if the Court were to revisit the applicability of §112, ¶6 for claims 36, 39, 46, and 49, which it need not and should not do, the Court's claim construction would be the same.

## I.   BACKGROUND

More than three months after the Court's claim construction order, and only in response to Siemens' motion for summary judgment of invalidity in light of the Court's claim construction order (D.I. 119-1 at 15-17), Plaintiffs' motion for reconsideration asks the Court to revisit its holding that method claims 36, 39, 46, and 49 are "step-plus-function" claims pursuant to 35 U.S.C. §112, ¶6.   (*See* D.I. 106 at 6-7, 21-22, 32-34; D.I. 108 at 12-15, 22-25 (claim construction briefing discussing applicable law and addressing method claims 36, 39, 46, and 49).)

### A.   Applicable Law Regarding 35 U.S.C. §112, ¶6.

As explained during claim construction, 35 U.S.C. §112, ¶6 applies to method claims that recite "steps plus function without ***acts***."   *Masco Corp. v. United States*, 303 F.3d 1316, 1326 (Fed. Cir. 2002).   Whereas "steps" for purposes of §112,

---

[1] All emphasis added unless otherwise noted.

¶6 are merely a "generic description of elements of a process," "acts" for this section refer to "implementation of such steps," i.e., "how the function is accomplished." *O.I. Corp.*, 115 F.3d at 1582-83 ("We interpret the term 'steps' [in §112, ¶6] to refer to the generic description of elements of a process, and the term 'acts' to refer to the implementation of such steps"); *Seal-Flex*, 172 F.3d at 849-50 (Rader, J., concurring) (when a step in a method claim requires achieving a specific function but the claim fails to disclose "how the function is accomplished," it is subject to § 112, ¶6). Plaintiffs have never disputed that claims 36, 39, 46, and 49 recite functional elements requiring that the steps in these claims accomplish specific results (i.e., creating several, specifically-defined data sets). Presumably driving their reconsideration efforts, Plaintiffs do not dispute that if these functional elements are governed by §112, ¶6, then the claims are indefinite because the specification of the '360 patent fails to disclose a corresponding algorithm for accomplishing the computer-implemented functions in these claims. Thus, the only question raised in Plaintiffs' motion for reconsideration is whether §112, ¶6 applies (i.e., whether claims 36, 39, 46, and 49 sufficiently describe the "acts" for performing the recited functions, rather than merely reciting generic steps).

## B.     Background on Proceedings Regarding Claims 36, 39, 46, and 49.

Before issuing its claim construction order, the parties and the Court conducted extensive discovery, briefing, and oral argument on claim construction, including specifically the "step-plus-function" issues re-raised in Plaintiffs' motion for reconsideration. The Court permitted discovery on claim construction issues, including expert discovery. (D.I. 91, 92.) Thereafter, so that the parties could thoroughly address the issues, the Court granted extensions on the page limits for *Markman* briefing, allowing both parties to submit a 35-page opening brief and a 25-page response brief. (D.I. 105.) The Court then held a four-hour *Markman* hearing, where Plaintiffs dedicated a specific portion of their argument to the "step-plus-

function" analysis and submitted slides on this issue to the Court for further explanation. (Ex. OMR1, Hr'g Tr. 166-70.) In addition to the briefing and argument focused specifically on these four method claims, the parties and the Court spent considerable time on several apparatus claims that Plaintiffs agreed are governed by §112, ¶6, as "means-plus-function" claims. (D.I. 103 at 18-33; D.I. 107 at 14-25; *see* D.I. 106 at 21-31; D.I. 108 at 12-22; Ex. OMR1, Hr'g Tr. at 108-170.) Much of that legal framework regarding §112, ¶6 applied equally to the question of whether method claims 36, 39, 46, and 49 are governed by §112, ¶6.

Plaintiffs contended in their claim construction briefing and at the *Markman* hearing (just as they reargue here) that claims 36, 39, 46, and 49 are not subject to §112, ¶6 because, according to Plaintiffs, the generic steps of "processing" and "analyzing" are sufficient to convey the "acts" for accomplishing the functions recited in claims 36, 39, 46, and 49. (D.I. 103 at 33-35; D.I. 107 at 24-25.) Siemens explained during briefing and at the *Markman* hearing why each one of Plaintiffs' arguments was wrong, and why these claims are properly considered step-plus-function claims. (D.I. 106 at 31-34; D.I. 108 at 22-25.)

In its 29-page Order, the Court relied on Federal Circuit law, including Plaintiffs' own cases, to conclude that the claims "do[] not have the requisite act," and therefore that claims 36, 39, 46, and 49 are "step-plus-function" limitations. (D.I. 114 at 5, 27-28.) After concluding that § 112, ¶6 governs these claims, the Court then found the claims indefinite because the specification of the '360 patent does not disclose the corresponding "acts" necessary to perform the claimed steps—i.e., the patent fails to disclose the necessary algorithms for implementing the computer-implemented functions recited in claims 36, 39, 46, or 49. (*Id.*)

## II.   ARGUMENT

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v.*

Siemens' Opp'n to Mot. for
Reconsideration

*Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances."); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (similar).   Plaintiffs' motion for reconsideration falls short of this rigorous standard for several reasons.

### A. Plaintiffs' Motion Should Be Denied Because It Does Not Even Purport to Identify Any Permissible Ground for Reconsideration Under Local Rule 7-18.

Plaintiffs' motion is facially defective because it fails to identify— indeed, it does not even argue that there exists—any permissible ground for reconsideration.   Local Rule 7-18 allows motions for reconsideration "*only* on the grounds" of:

> (a) *a material difference in fact or law* from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or

> (b) the emergence of *new material facts or a change of law* occurring after the time of such decision, or

> (c) a manifest showing of a *failure to consider material facts* presented to the Court before such decision.

C.D. Cal. L.R. 7-18.   Plaintiffs' brief facially does not even assert, let alone demonstrate, that the motion satisfies one of these three exclusive grounds for seeking reconsideration.   The facts and law relevant to construing claims 36, 39, 46, and 49 are neither different nor new compared to when the Court issued its claim construction order, nor is there any fact that the Court failed to consider.   Nor have Plaintiffs made any assertion to the contrary.

In light of this facial defect in the motion, Siemens followed up with Plaintiffs' counsel after receiving their brief and asked them to "identify … what fact or law Plaintiffs contend is materially different or new, or what fact Plaintiffs contend the Court manifestly ignored."   (Ex. OMR2, 9/6/11 Email from McEldowney to

Weiss.)   In response, Plaintiffs refused to identify any such fact or law, thus confirming that they have no proper basis for their motion.[2]   (Ex. OMR3, 9/7/11 Email from Weiss to McEldowney.)   Local Rule 7-18 exists for an important reason and the requirement that a party satisfy one of the three limited bases for seeking reconsideration is routinely and strictly enforced in this District.  *Selectron Indus., Inc. v. Selectron Int'l*, 2007 WL 5193735, at *3 (C.D. Cal. Sept. 25, 2007) (denying motion for reconsideration because motion was "improper in that it is does not appear to be brought on any of the three authorized grounds for reconsideration as set forth in Local Rule 7-18"); *j2 Global Commn's Inc. v. Captaris Inc.*, 2011 WL 2882792, at *1 (C.D. Cal. July 19, 2011) (similar); *Townsend v. Chase Bank USA, N.A.*, 2009 WL 764513, at *1 (C.D. Cal. Mar. 20, 2009) (similar).

Rather than pointing to any proper basis for reconsideration in their motion, Plaintiffs simply ask the Court to "revisit" the "step-plus-function" issue because Plaintiffs' counsel believes this issue was given "short shrift."  (Ex. OMR4, 5/26/2011 Scheduling Conf. Tr. at 6:8-10; 15:21-24.)  Not only is that not a proper basis for reconsideration, it also is simply not the case.[3]  *See supra* section I (noting claim construction was based on extensive discovery, 120 pages of briefing, and a four-hour *Markman* hearing); *Activision Publ'g, Inc. v. Gibson Guitar Corp.*, 2009

---

[2] Although Plaintiffs' email made a conclusory reference to 7-18(c), Plaintiffs' brief (and its email) do not identify any "material fact" that the Court manifestly failed to consider, as required by the local rules.  Any attempt by Plaintiffs in their reply brief or at the hearing to manufacture a proper basis for their motion should be stricken in light of Plaintiffs' failure in their opening brief—and their subsequent refusal when Siemens expressly asked prior to submitting this opposition—to explain how they contend their motion satisfies one of the categories in Local Rule 7-18.

[3] Plaintiffs stress that the Court stated during a telephonic status conference that it would be "up for" reconsideration.  (D.I. 128-1 at 3.)  Despite Plaintiffs' suggestion, Siemens respectfully believes that the Court was not inviting this mere repeat of Plaintiffs' claim construction arguments, but instead was noting that it would be "up for" a reconsideration motion if Plaintiffs had a proper basis and satisfied Local Rule 7-18.

WL 586629, at *3 (C.D. Cal. Feb. 26, 2009) (denying reconsideration of claim construction order where "[t]he Court allowed the parties two rounds of briefing, held a technology tutorial, and had a hearing").  Plaintiffs may be unhappy with the Court's conclusion on this issue, but that is not a proper basis, let alone the "highly unusual circumstance" necessary, for reconsideration.  *See, e.g.*, *Aventis Pharms. S.A. v. Amphastar Pharms., Inc.*, 2005 WL 5957795, at *2 (C.D. Cal. Mar. 25, 2005) (disagreeing with the court's application of the law to the facts is not a proper basis for reconsideration).

### B. Plaintiffs' Motion Should Be Denied Because It Repeats Arguments that Plaintiffs Already Raised and the Court Correctly Rejected.

Not only does Plaintiffs' motion fail to state a proper ground for reconsideration, it also flatly violates an express prohibition in Local Rule 7-18.  The law is crystal clear in this District—reconsideration motions that "***in any manner repeat any oral or written argument*** made in support of or in opposition to the original motion" are forbidden and will be denied.  C.D. Cal. L.R. 7-18.  Not only do courts in this District routinely and consistently deny reconsideration motions that merely repeat previous arguments,[4] but they often impose sanctions for filing

---

[4] For just a few examples, *see McCoy v. Roe*, 234 Fed. App'x 559, 560 (9th Cir. 2009) ("McCoy's motion merely restated the arguments and allegations made in support of his original motion and stated no grounds for reconsideration under [ ] local rule [7-18].");  *Activision*, 2009 WL 586629, at *3 (denying motion because it "violate[d] the rule against repeating prior arguments");  *Kinetics Noise Control, Inc. v. Ecore Int'l, Inc.*, 2011 WL 940335, at *2 (C.D. Cal. Mar. 14, 2011) (denying motion because "Plaintiff's Motion for Reconsideration merely recites the argument that Plaintiff made [previously]");  *A.A. v. Orange Cnty. Health Care Agency*, 2011 WL 86935, at *2 (C.D. Cal. Jan. 3, 2011) (plaintiff's "motion does nothing more than reiterate arguments made in support of her original motion");  *Brown v. United States*, 2011 WL 333380, at *3 (C.D. Cal. Jan. 31, 2011) (similar);  *Spacey v. Burgar*, 207 F. Supp. 2d 1037, 1054 (C.D. Cal. 2001);  *Aventis Pharms. S.A.*, 2005 WL 5957795, at *2 ("[Plaintiff] does exactly what Local Rule 7-18 prohibits repeating arguments made in its original opposition.");  *Carter v. Variflex, Inc.*, 2000 WL 35789500, at *1 (C.D. Cal. Apr. 18, 2000) (similar);  *Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc.*, 48 F. Supp. 2d 1049, 1057 (C.D. Cal. 1999) (similar).

reconsideration motions that fail to comply with Local Rule 7-18 and merely repeat previous arguments.[5]  Plaintiffs' motion merely rehashes the very same arguments and purported support (in many instances verbatim) that Plaintiffs offered during claim construction.  The motion should be denied on that basis alone.  And even if the Court were to entertain Plaintiffs' regurgitation of arguments that were already rejected, which it need not do, the Court correctly rejected all of them on the merits the first time around and should do so again, as explained below.

### 1. The Court Correctly Rejected Plaintiffs' Fundamental Argument that the Claim Language at Issue Sufficiently Discloses an "Act."

Plaintiffs' fundamental argument in its motion for reconsideration is the very same argument they made during claim construction:  that the claim limitations at issue are not steps-plus-function under 35 U.S.C. §112, ¶6 because, according to Plaintiffs, the claim language sufficiently describes "acts" for performing the required functions in claims 36, 39, 46, and 49:

---

[5] *See, e.g., MAI Sys. Corp. v. Walbert Enters., Inc.*, 116 F.3d 485, *15-16 (9th Cir. 1997) (unpublished) (affirming the award of attorneys' fees for violating Local Rule 7.16 (now 7.18) because plaintiffs merely "repeated arguments made in the underlying motion" which "unnecessarily and unreasonably multiplied this litigation"); *Martinis v. Barbanell*, 211 F.3d 1274, *2 (9th Cir. 2000) (unpublished) (affirming sanctions: "Local Rule [7.]16 [now Local Rule 7-18] provides…that '[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.'  A review of the motions in question establishes that Attorney Diaz violated this rule."); *Davidson v. City of Culver City*, 2004 WL 5361891, at *9 (C.D. Cal. 2004) (issuing "admonition" that "if Plaintiffs are under the impression that this Court will indulge endless motions for reconsideration that fail to satisfy one of the mandatory elements of Local Rule 7-18…, Plaintiffs should reconsider"), *aff'd*, 159 Fed. App'x 756 (9th Cir. 2005); *Weber v. Gorenfeld*, 8 F.3d 34, *1-2 (9th Cir. 1993) (unpublished) (affirming sanctions that were "based on violations of Rule 7.16 [now 7.18]").

Siemens' Opp'n to Mot. for
                                                                    Reconsideration

| Plaintiffs' Reconsideration Motion | Plaintiffs' *Markman* Briefs |
|---|---|
| Arguing that "because claim 36, 39, 46, and 49 recite the acts of" "processing" and "analyzing," "NeuroGrafix respectfully requests that the Court reconsider its Claim Construction Order." (D.I. 128-1 at 2.) | Arguing that Claim 36 "recites the act of 'processing'" and Claims 39, 46, and 49 "discloses the acts of analyzing." (D.I. 103 at 34-35.) |

The Court correctly rejected that argument and held that the limitations do "***not*** have the requisite act and thus [are] step-plus-function claim[s]." (D.I. 114 at 27.)

As Siemens explained during claim construction (D.I. 106 at 31-34; D.I. 108 at 22-25; Ex. OMR1, Hr'g Tr. 167-70), the claim language here is devoid of anything describing ***how to accomplish*** the claimed functions, which is the test for whether a claim should be construed as a step-plus-function claim. *Seal-Flex*, 172 F.3d at 849 (Rader, J., concurring) (when a step in a method claim requires achieving a specific function but the claim fails to disclose "how the function is accomplished," it is subject to § 112, ¶6); *see also O.I. Corp.*, 115 F.3d at 1582-83 ("We interpret the term 'steps' [in §112, ¶6] to refer to the generic description of elements of a process, and the term 'acts' to refer to the implementation of such steps"); *Agere Sys. Inc. v. Atmel Corp.*, 2003 WL 21652264, at *21-22 (E.D. Pa. May 27, 2003) (construing claim as step-plus-function "because the claim does not teach how to achieve the desired outcome by specifying the act"); *Caterpillar Inc. v. Detroit Diesel Corp.*, 961 F. Supp. 1249, 1255 (N.D. Ind. 1996) (noting §112, ¶6 "applies to functional methods claims where the element at issue sets forth a step for reaching a particular result, but not the specific technique or procedure used to achieve the result"), *aff'd*, 194 F.3d 1336 (Fed. Cir. 1999). A claim must include more than merely a generic description of a step to avoid §112, ¶6—rather, it must describe how the step is implemented, which claims 36, 39, 46, and 49 fail to do.

Specifically, step (e) in claim 36 requires achieving a specific result (i.e., "a data set describing the shape and position" of nerves). But nothing in the claim

describes *how* to achieve that result or gives any clue as to how to implement step (e).
Rather, "processing" is merely a generic description of the step.  Even more egregious
is the "analyzing" limitation found in claims 39, 46, and 49.[6]  Those claims purport to
cover using multiple two-dimensional data sets to somehow generate a three-
dimensional representation of nerve tracts.  Plaintiffs argue that the word "analyzing"
*by itself* is sufficient to convey the necessary "act," i.e., how to achieve the claimed
3D data set.  But rather than providing any act or implementation telling the reader
how to achieve the claimed 3D data set, the claim expressly begs that very question,
asking the reader to "analyze" the data set "*to determine how* to relate said data set" to
make a 3D data set.  ('360 patent, claims 39, 46, and 49).

Without any legitimate argument that the "processing" and "analyzing"
language alone describes how to perform the complex functions the claims purport to
cover, Plaintiffs resort to the legally incorrect position that the steps need not
"explain[ ] how that act must be accomplished" (D.I. 128-1 at 2), nor "describe how to
process the data to perform the stated function" (D.I. 128-1 at 6).  But that is precisely
what the act must convey—i.e., "'[a]cts,' . . . correspond to how the function is
accomplished"—and failure to do so is precisely when §112, ¶6 applies—i.e., when "a
claim element recites only an underlying function without acts for performing it."
*Seal-Flex*, 172 F.3d at 849-50 (Rader, J., concurring); *see also O.I. Corp.*, 115 F.3d at
1582-83; *Agere Sys.*, 2003 WL 21652264, at *21-22; *Caterpillar Inc.*, 961 F. Supp. at
1255, *aff'd*, 194 F.3d 1336 (Fed. Cir. 1999).

Indeed, according to Plaintiffs, the "processing" and "analyzing" steps in
claims 36, 39, 46, and 49 were inventive aspects of the '360 patent.  (D.I. 107 at 2
("The inventors of the '360 patent advanced the prior art by…linking [data] to show
the shape and position of nerves and neural tracts, in both two- and three-

---

[6] Claims 39, 46, and 49 also recite a "combining" step.  Although Siemens contends
the step for "combining" fails to recite an act—for the same reasons as the
"analyzing" step—the "analyzing" step is sufficient itself to invoke §112, ¶6.

dimensions."); D.I. 103 at 3 ("inventors figured out how to create three-dimensional data sets representative of neural tissue").) But the words "processing" and "analyzing" are simply not sufficient in the context of these claims or the specification in the '360 patent to describe any act suggesting how those supposed advancements are accomplished. Plaintiffs instead want their claims construed (impermissibly) to cover any and every conceivable way of performing the claimed functions. *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1214 (Fed. Cir. 1998) (a claim "cannot be construed so broadly to cover every conceivable way or means to perform [a] function"). The Court correctly rejected Plaintiffs' argument during claim construction, and need not revisit it now.

### 2. The Court Was Correct During Claim Construction to Reject the Points that Plaintiffs Rehash in Their Motion.

Plaintiffs raised several points during claim construction purporting to support their fundamental argument that the words "processing" and "analyzing" in claims 36, 39, 46, and 49 sufficiently describe "acts." Plaintiffs now raise those very same points (often verbatim) in their motion for reconsideration. But they are no more persuasive now than they were four months ago.

***First***, Plaintiffs' motion reiterates (repeatedly) the §112, ¶6 presumption that they stressed during claim construction:

| Plaintiffs' Reconsideration Motion | Plaintiffs' *Markman* Briefs |
| --- | --- |
| Arguing that the Court failed to appreciate that "where a claim element does not use the 'step-for' formulation, the presumption is that the claim element is not a step-plus function claim term under 35 U.S.C. §112, ¶6." (D.I. 128-1 at 4 (citing *Masco Corp.*).) | Arguing that "where a claim term does not use the 'step-for' formulation, the presumption is that the claim term is not a step-plus-function term under §112, ¶6." (D.I. 103 at 33 (citing *Masco Corp.*). ) |

The Court's claim construction order, however, expressly acknowledged this presumption, but correctly noted that it is rebuttable and that "claim elements without

express [step-for] language may **nevertheless** be step-plus-function claims if they claim a function without a recitation of the acts for performing the function." (D.I. 114 at 5 (citing *Masco Corp*. and *Seal-Flex*).)  The Court then correctly applied that law to conclude that "[b]ecause the claim term does not describe how to process the data, it does not have the requisite act and is thus a step-plus-function claim."[7]  (D.I. 114 at 27.)

**Second**, Plaintiffs' reconsideration motion repeats a mischaracterization of Siemens' arguments (and the Court's holding) in an attempt to create the very same strawman argument they raised during claim construction:

| Plaintiffs' Reconsideration Motion | Plaintiffs' *Markman* Briefs |
|---|---|
| Arguing that Siemens "argued only, and the Court found, that claims 36, 39, 46, and 49 are subject to the step-plus-function doctrine because they are similar to claims 55, 58, and 61." (D.I. 128-1 at 7 (citing *O.I. Corp*. as rejecting a "parallelism" argument).) | Arguing that Siemens' "argument is premised on the fact that the language used in claim 36 [is] very similar as the functional language used in claim 55" and that Siemens' argument is "based on the similarity in language between [claims 39, 46, and 49] and the means-plus-function language in claims 58 and 61." (D.I. 103 at 34-35 (citing *O.I. Corp*.).) |

But this was never Siemens' argument, nor was it the basis of the Court's claim construction order.  (Ex. OMR1, Hr'g Tr. 168:19-22; *see* D.I. 108 at 23 (the parallel language in the apparatus and method claims "has never been Siemens' argument" for why the method claims are subject to §112, ¶6).)  Indeed, at the claim construction hearing Siemens' counsel explained:  "I'm not suggesting, Your Honor, that there's a

---

[7] The Court's analysis finding §112, ¶6 applies is entirely consistent with Federal Circuit law.  *See, e.g.*, *Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1096-97 (Fed. Cir. 2008) (ruling that claim reciting "a mechanism for moving said finger" was subject to §112, ¶6 analysis despite lack of express §112, ¶6 language in the claim); *Mas-Hamilton Group*, 156 F.3d at 1214-15; *Raytheon Co. v. Roper Corp.*, 724 F.2d 951, 957 (Fed. Cir. 1983).

presumption that if you have it both as an apparatus and as a method that you automatically turn all those methods into step-plus-function." (Ex. OMR1, Hr'g Tr. 168:19-22.) Rather, as Siemens has always maintained, these claims are subject to step-plus-function analysis (independent of the apparatus claims) because the claim language does not "tell you any act to perform." (*See, e.g.* D.I. 108 at 23; Ex. OMR1, Hr'g. Tr. at 168:23-25 ("But what I am saying is when you have language like this that doesn't tell you any act to perform in the claim to do it.").) The Court based its decision on this correct rationale. (D.I. 114 at 27, 28.)

**Third**, Plaintiffs reargue their view that Siemens (and the Court) treated the claims inconsistently:

| Plaintiffs' Reconsideration Motion | Plaintiffs' *Markman* Briefs |
|---|---|
| Arguing that the Court's construction of claims 36, 39, 46, and 49 as "step-plus-function limitations" is "inconsistent because other claims recite the same" sort of "processing" step, and those claims (i.e., claims 1-35) were not held to be step-plus-function claims. (D.I. 128-1 at 7-8.) | Arguing that Siemens' "argument is also inconsistent" because Siemens did not argue that the "processing" steps in claims 1-35 were step-plus-function. (D.I. 107 at 24.) |

But Siemens never asked the Court to construe the limitations in claims 1-35 as "step-plus-function" limitations, because Siemens contended (and still contends) that the phrase "conspicuity of 1.1" in step (d) of claims 1-35 renders those claims indefinite, without having to reach the question of whether §112, ¶6 applies to those claims. (D.I. 106 at 8-17; D.I. 108 at 2-9.) The fact that the patent also fails to disclose how to achieve the claimed result in step (d) of claims 1-35 (i.e., the "processing" step in those claims) is simply a further reason those claims are invalid. Moreover, while Plaintiffs also point to claim limitation 36(d) as a "processing" limitation that was supposedly treated "inconsistently," claim limitation 36(d) recites "vector processing"

and not merely "processing," which is a limitation that was separately addressed by the parties and construed by the Court. (D.I. 114 at 28; *see also* D.I. 106 at 35 n.17.)[8]

*Fourth*, Plaintiffs repeat their argument—which still lacks any applicable legal support and fails to address the specific context of the claims at issue—that "processing" is "routinely" found to be a sufficient "act": [9]

| Plaintiffs' Reconsideration Motion | Plaintiffs' *Markman* Briefs |
|---|---|
| Arguing that the Court erred "because [the] claims contain language" (i.e., "processing" and "analyzing") "that are routinely construed as acts by courts." (D.I. 128-1 at 4.) | Arguing that "courts routinely construe processing steps without resorting to §112, ¶6." (D.I. 107 at 24.) |

As Siemens pointed out during claim construction, none of the cases Plaintiffs cited during claim construction for this proposition even considered the question of whether the "processing" step in those patents should be construed as step-plus-function

---

[8] Contrary to Plaintiffs' argument, Siemens did ask the Court to construe the "processing" step in claim 51(d) as subject to § 112, ¶6. (D.I. 108 at 24 n.34 ("method claim 63 (*and claims 51* and 52 from which it depends per the Certificate of Correction) should be construed as step-plus-function claims....").) Per the Certificate of Corrections attached to the end of the '360 patent, asserted method claim 63 depends from unasserted method claims 52 and 51. (*Id.*) While the Court correctly determined when to apply § 112, ¶6 to the "processing" steps in claim 36, it omitted claim 63 from its claim construction order. The "processing" step in claim 51 (which is incorporated into the asserted dependent claim 63) should be construed as subject to §112, ¶6, as explained in Siemens' claim construction briefing (D.I. 108 at 24 n.34), for all the same reasons that the "processing" step in element 36(e) is subject to §112, ¶6.

[9] Plaintiffs also contend that the "plain meaning of 'processing' defines the act," because the dictionary definition of "processing" is "put[ting] through the steps of a prescribed procedure." (D.I. 128-1 at 6.) That definition was discussed and quoted during claim construction. (D.I. 108 at 24.) In these claims and in the specification of the '360 patent, the "procedure" is not "prescribed," and so the dictionary definition only highlights that "processing" by itself does not disclose how the function is accomplished or implemented.

elements.  (D.I. 108 at 24 n.32; *see* cases cited D.I. 107 at 24, ll.17-22.)  And Plaintiffs cite no further support for this proposition in their motion for reconsideration.  The Court correctly found that the "processing" and "analyzing" limitations here do not constitute acts.[10]  (D.I. 114 at 27-28.)

*Fifth*, Plaintiffs fail to raise any new case law that in any way alters the Court's analysis of claims 36, 39, 46, and 49.  Instead, Plaintiffs reconsideration motion focuses on the very same passages from the very same cases that were the focus of their arguments during claim construction that the Court considered and rejected:[11]

| Plaintiffs' Reconsideration Motion | Plaintiffs' *Markman* Briefs |
| --- | --- |
| Discussing *Masco Corp.* and noting that in *Cardiac Pacemakers* "the Federal Circuit reversed the lower court" holding that the claim language "determining a condition of the heart from among a plurality of conditions of the heart" was subject to §112, ¶6.  (D.I. 128-1 at 5.) | Discussing *Masco Corp.* and noting that in *Cardiac Pacemakers* "the Federal Circuit has overturned a district court for holding" that the claim language "determining a condition of the heart from among a plurality of conditions of the heart" was subject to §112, ¶6.  (D.I. 103 at 34.) |

In *Masco Corp.* and *Cardiac Pacemakers*, §112, ¶6 did not apply because the precise "act" was readily apparent from the claim language itself, and also because "the invention [was] not based on how" the step was performed and the act was, moreover, described in the specification.  *See Masco Corp.*, 202 F.3d at 1328; *Cardiac*

---

[10] Plaintiffs contend that using ***"any verb"*** in a claim is sufficient to constitute an "act."  (D.I. 128-1 at 2).  That would completely eviscerate any application of §112, ¶6 to method claims, because method claims, virtually by definition, include a verb.

[11] Plaintiffs' attempt (D.I. 128-1, at 7) to distinguish *Agere Systems*, a case that was cited and discussed during claim construction, is unavailing.  (D.I. 106 at 32-33; D.I. 108 at 22-24).  The holding in *Agere Systems* was that "the claim language…falls within § 112, ¶6 because it recites a step…for performing a specified function…without reciting the acts necessary to perform this step and achieve this function."  2003 WL 21652264, at *22.  That is exactly why §112, ¶6 applies here.

*Pacemakers, Inc., v. St. Jude Med., Inc.*, 381 F.3d 1371, 1382 (Fed. Cir. 2004).  Here, in contrast, the supposed invention of the '360 patent is based on the complex "processing" and "analyzing" steps undisputedly performed by a computer.  But how to accomplish those steps with a computer is neither readily apparent from the claim language itself nor even described in the specification.[12]  *In re Cohn*, 438 F.2d 989, 999 (C.C.P.A. 1971) (looking to the specification to define a method step where the claim "expresses performing particular steps until a given result or state is reached" and then finding the claim indefinite); *Inventio AG v. Thyssenkrupp Elevator Ams. Corp.*, 2011 WL 2342744, *6 (Fed. Cir. June 15, 2011) (courts should consider "the written description, prosecution history, and extrinsic evidence to determine if" §112, ¶6 applies).

\*     \*     \*     \*

Simply put, each one of Plaintiffs' arguments is a repeat of an argument that was made and rejected during claim construction.  That is precisely what the Local Rules expressly forbid parties from doing in a reconsideration motion.  This Court need not and should not redo claim construction simply because Plaintiffs are unhappy with the outcome.  And in any event, the Court correctly rejected all of these arguments during claim construction based on its review of the '360 patent, §112, ¶6 itself, and case law interpreting that statute.  The law still dictates the same conclusion, on the same grounds the Court already found.

## III.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for reconsideration and grant Siemens' Motion for Summary Judgment of Invalidity of

---

[12] For similar reasons, the other cases cited by Plaintiffs are also inapposite.  *See Advanced Med. Optics, Inc. v. Alcon Inc.*, 361 F. Supp. 2d 370, 398 (D. Del. 2005) (simple non-computer-implemented steps of "engaging" and "holding" by themselves denoted sufficient structures); *Synopsys, Inc v. Magma Design Automation, Inc.*, 2005 WL 6227071, at *6 (N.D. Cal. Aug. 23, 2005) (sufficient description in the specification).

1   Claims 36, 39, 46, and 49, which Plaintiffs oppose exclusively on the basis of their

2   motion for reconsideration.  (D.I. 140 at 9-10.)

3

4

5

6

7   DATED:  September 12,              By:   ___/s/ Sean M. McEldowney_____
8   2011                               Gregg F. LoCascio, P.C. (*pro hac vice*)
                                       gregg.locascio@kirkland.com
9                                      Sean M. McEldowney (S.B.N. 248368)
                                       sean.mceldowney@kirkland.com
10                                     Christopher R. Nalevanko (*pro hac vice*)
                                       christopher.nalevanko@kirkland.com
11                                     Brian N. Gross (*pro hac vice*)
                                       brian.gross@kirkland.com
12                                     KIRKLAND & ELLIS LLP
                                       655 15th St. N.W.
13                                     Suite 1200
                                       Washington, D.C.  20005
14                                     Telephone: (202) 879-5000
                                       Facsimile: (202) 879-5200
15
                                       Luke L. Dauchot (S.B.N. 229829)
16                                     luke.dauchot@kirkland.com
                                       KIRKLAND & ELLIS LLP
17                                     333 South Hope Street
                                       Los Angeles, California  90071
18                                     Telephone: (213) 680-8400
                                       Facsimile: (213) 680-8500
19
                                       Attorneys for Defendant
20
                                       SIEMENS MEDICAL SOLUTIONS USA, INC.
21

22

23

24

25

26

27

28

17                               Siemens' Opp'n to Mot. for
                                 Reconsideration

1
2

**CERTIFICATE OF SERVICE**

3
4
5
6
7

    I hereby certify that on September 12, 2011, a copy of the foregoing MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S CLAIM CONSTRUCTION ORDER was served upon counsel of record for Plaintiffs registered with the Court's CM/ECF system.

8
9
10

                            /s/Sean M. McEldowney

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28