# Exhibit OMR4

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3                    ---

4     **HONORABLE MARIANA R. PFAELZER, JUDGE PRESIDING**

5                    ---

6
NEUROGRAFIX,                    :
7                                :
          PLAINTIFF,             :
8                                :
     VS.                        :   NO. LA10CV01990-MRP
9                                :
SIEMENS MEDICAL SOLUTIONS USA,:
10   INC., ET AL.,               :
                                 :
11   _____DEFENDANTS._____:

12

13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16          LOS ANGELES, CALIFORNIA

17          THURSDAY, MAY 26, 2011

18

19

20

21

22          MARK SCHWEITZER, CSR, RPR, CRR
            OFFICIAL COURT REPORTER
23          UNITED STATES DISTRICT COURT
            181-H ROYBAL FEDERAL BUILDING
24          255 EAST TEMPLE STREET
            LOS ANGELES, CALIFORNIA 90012
25          (213) 663-3494

2

```
 1    Appearances of Counsel:

 2

 3    For the Plaintiff:

 4    MARC FENSTER, AAL
      ALEXANDER GIZA, AAL
 5    DAVID McDONALD, AAL
      JOHN REAGH, AAL
 6

 7

 8

 9

10    For the Defendant:

11    GREGG LO CASCIO, AAL
      SEAN McELDOWNEY, AAL
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1     those are also indefinite as a result, and they are

2     collectively invalid.  We sought agreement from the plaintiff

3     that they would cede that point.  For some they have.  For

4     those I expect we could file an agreed-to summary judgment

5     motion with invalidity on those claims.

6               With respect to the other claims that your Honor

7     found indefinite, primarily the step plus function claims, as

8     I understand it, plaintiffs disagree not just to the point of

9     disagreeing that they would appeal later, but disagree that

10    they want to reargue the issue with your Honor.  So I gather

11    that would be a contested motion for summary judgment that

12    would need to be filed.

13              And then with respect to the first set of claims,

14    claims 1 to 35, we believe your Honor's construction itself

15    renders those valid.  So we would seek immediate summary

16    judgment on that.  There would still be a very narrow group of

17    claims left limited to the algorithms identified in your

18    Honor's decision.  The discovery needed on that is much

19    narrower obviously than on all the claims, and so it seems

20    prudent from the defendant's perspective that there is no

21    argument.  And if there is, I expect it will be made in

22    response to those motions as to why the bulk of the claims and

23    issues fall out of the case, as they sometimes do, as a result

24    of claim construction.

25              THE COURT:  All right.  Now, then, let's hear from

1    you, Mr. Fenster.

2            MR. FENSTER:  Your Honor, this is Mark Fenster.  We

3    actually disagree, as you might imagine, with Mr. Lo Cascio's

4    rendition in some respects.  With respect to the independent

5    claims for the means plus function, claims 55 and the

6    dependents that you found indefinite, while we reserve our

7    rights on appeal, we do agree and can move forward on summary

8    judgment with respect to those claims.  With the -- there are

9    some issues that we do want to revisit, and I'll go over those

10   in a minute.

11           With respect to the claims 1 through 35, those

12   claims are very much in the case.  The definition of nerve

13   does not set up the claims for summary judgment of invalidity-

14   for several reasons.  One, the nerve that Mr. Lo Cascio is

15   relying on that's discussed in the Hajnal reference does not

16   meet the Court's definition of peripheral nerve.  Even if it

17   did, there are other limitations in claims 1 through 35 that

18   are undisputedly not met by Hajnal.  For example, claim 1

19   requires analyzing for information representative of fascicle,

20   claim 18 requires that the nerve had epineurium and

21   perineurium which the nerve at issue in Hajnal did not.  And

22   there are other elements in the other independent claims from

23   1 through 35 that are clearly not met by Hajnal, even if they

24   were correct with respect to that nerve in the brain being

25   within the Court's definition of peripheral nerve, which it is

1   not.

2          So while we'll certainly address and deal with any

3   motion for summary judgment on invalidity, it should not hold

4   up discovery.  This is not -- it's not a strong motion, and

5   it's one that should not hold up discovery and hold up the

6   case, particularly given that we have claims 54, and it's

7   dependent to proceed on.

8          The other issue which Mr. Lo Cascio I think did not

9   address is the one raised by the Court in the Court's claim

10  construction order regarding conspicuity.  And we would seek

11  resolution of the claim construction issue on conspicuity, and

12  we would like to set up the opportunity to do that earlier in

13  the case rather than later.  We think that defendants simply

14  didn't meet their burden and would not be able to meet their

15  burden, but the selection of the region of interest is a

16  subjective matter, but rather is one that is done routinely

17  and repeatedly and that the definition based on a definition

18  of ROI is as specific as the art allows and therefore meets

19  the federal circuit's definition and certainly is not

20  something that can be decided on summary judgment against us.

21  So we would like that -- I think it makes sense to proceed on

22  that so we can get a good definition --

23          THE COURT:  Well, Mr. Fenster, tell me specifically

24  what kinds of motions and how you're going to do this.

25          MR. FENSTER:  Well, I thing our motion, I think that

1    expedited.  What I'll probably suggest to Mr. Fenster and

2    telegraph it now is that simultaneous with that window, other

3    claims that we agree should fall out or we may have a

4    disagreement whether the Court's existing order renders those

5    claims invalid, I think we ought to brief that as well --

6           THE COURT:  Now, wait a minute.  I am not going to

7    now go revisit everything that's been done in the claim

8    construction order.

9           MR. LO CASCIO:  I'm certainly not suggesting and I

10   apologize that was unclear.  I don't think a single thing in

11   your Honor's construction should be reconsidered or reargued

12   at this point.  What I was suggesting is because of the order,

13   there are claims that are now out as invalid.

14          THE COURT:  Yes, that's right.

15          MR. LO CASCIO:  And I'm suggesting that what we do

16   at this same time or as soon as Mr. Fenster's calendar allows

17   us, that be presented to your Honor so that summary judgment

18   where appropriate can be granted, and as soon as conspicuity

19   can be dealt with, we really do know at that point what's

20   left, if anything, in this case.

21          THE COURT:  Well, you can try that out on

22   Mr.  Fenster.  I think that's a good way to proceed.  Let's

23   see if you can work that out.  But I don't think -- I really

24   think, Mr. Fenster, until we get the substance of the case

25   worked out, you should not be looking at their customers or

1    the damages issue.

2           MR. FENSTER:  I'm absolutely fine with that, your

3    Honor.  I think that the discovery that is absolutely in the

4    case regardless of what happens is the discovery regarding,

5    you know, Siemens's own discovery regarding their own

6    products, and I'm happy to hold off on damages related to

7    discovery and discovery from their customers until after we

8    resolve the issues regarding claims 1 through 35.

9           THE COURT:  All right.  Now, with the caveat that

10   I'm not revisiting the claim construction.  I will come back

11   with you and do it again on conspicuity, but I'm not going to

12   be looking at reargument of all of the other things that were

13   done.  So do, please, as I suggested.  Give me a report on

14   Friday next about what it is you want to do, and when I read

15   the report -- and the dates on which you want to do it, and

16   when I read it, I'll be back in touch with you.

17          MR. FENSTER:  Yes, your Honor.  Your Honor, this is

18   Mark Fenster again.  And I understand that your Honor put in a

19   tremendous amount of work into the claim construction order,

20   and I understand the Court's comments that it does not intend

21   to revisit any of the claim construction issues.  There is one

22   narrow issue that in my view did get short shrift, both in the

23   briefing and was not even addressed really in the hearing.

24   And that is the step plus function.  We would ask the Court

25   allow us to file a motion for reconsideration with respect to

1   that.  It's a very narrow issue.  I think that it is just

2   contrary to the existing federal circuit law, and if we're not

3   able to resolve it with the Court, it's basically going to

4   take those claims out forever because we won't get to appeal

5   until the patent has expired on it.  And it's a very narrow

6   issue, and it's frankly one that was not argued at the

7   hearing.  And it wasn't given a lot of attention in the briefs

8   because it was kind one of the tertiary or --

9           THE COURT:  Well, I'm up for that, and you see if

10  Mr. Lo Cascio is.

11          MR. FENSTER:  Thank you, your Honor.

12          THE COURT:  I wouldn't mind that being done.

13          So now, give me a report on Friday next, and then

14  we'll get back together again probably.

15          MR. FENSTER:  Thank you, your Honor.

16          THE COURT:  Thank you for being on the phone.

17          MR. LO CASCIO:  Thank you, your Honor.

18

19              (Proceedings concluded at 2:00 P.M.)

20

21

22

23

24

25

1

2

3

4

5

6

7                    **C E R T I F I C A T E**

8

9

10          I hereby certify that pursuant to Title 28,

11   Section 753 United States Code, the foregoing is a true and

12   correct transcript of the stenographically reported

13   proceedings in the above matter.

14          Certified on September 2, 2011.

15

16

           /S/ MARK SCHWEITZER
17         **MARK SCHWEITZER, CSR, RPR, CRR**
           Official Court Reporter
18         License No. 10514

19

20

21

22

23

24

25