RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
Email: mfenster@raklaw.com
Alexander C.D. Giza, State Bar No. 212327
Email: agiza@raklaw.com
Andrew D. Weiss, State Bar No. 232974
Email: aweiss@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
NEUROGRAFIX

K&L GATES LLP
David T. McDonald
Email: david.mcdonald@klgates.com
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Facsimile: (206) 623-7022
Attorneys for Plaintiff
WASHINGTON RESEARCH FOUNDATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| NEUROGRAFIX, a California corporation; WASHINGTON RESEARCH FOUNDATION, a not-for-profit Washington corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; and SIEMENS AKTIENGESELLSCHAFT, a German Corporation,<br><br>Defendants. | Case No. 10-CV-1990 MRP (RZx)<br><br>[Assigned to The Honorable Mariana R. Pfaelzer]<br><br>**PLAINTIFFS NEUROGRAFIX AND WASHINGTON RESEARCH FOUNDATION'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND RESPONSE TO SIEMENS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF SIEMENS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY BASED ON INDEFINITENESS**<br><br>First Amended Complaint Filed: July 30, 2010 |

1

**PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS AND RESPONSE TO DEFENDANTS'**
**STATEMENT OF FACTS & CONCLUSIONS OF LAW**

Pursuant to Fed. R. Civ. P. 56(d) and Local Rule 56-2, Plaintiffs NeuroGrafix and Washington Research Foundation (collectively, "NeuroGrafix") set forth the following material facts as to which they contend exist a genuine issue necessary to be litigated with respect to Defendants Siemens Medical Solutions USA, Inc. and Siemens Aktiengesellschaft's (collectively, "Siemens") Motion for Partial Summary Judgment of Invalidity Based on Indefiniteness of "Conspicuity" in Claims 1, 3, 7, 11, 12, 18 and Their Asserted Dependent Claims in U.S. Patent No. 5,560,360 in Light of Claim Construction Order.

## I.     STATEMENT OF GENUINE DISPUTED MATERIAL FACTS.

The following facts are genuinely disputed between the parties and are material to the invalidity arguments made by Siemens in its Motion for Partial Summary Judgment of Invalidity:

1.     The calculation of conspicuity as required by U.S. Patent No. 5,560,360 ("'360 patent") is definite and repeatable. Ex. 2 at ¶¶ 42, 46-49.

2.     The '360 patent teaches a person of ordinary skill in the art how to calculate conspicuity. Ex. 2 ¶ 18.

3.     In light of the teachings of the '360 patent, a person of ordinary skill in the art would know how to select a region of interest representing a nerve to be used in the conspicuity calculation. Ex. 2 at ¶¶ 24, 32-34, 42; Ex. 4 at 27:66-28:7; *see also id.* at 21:55-57, 30:65-67; Ex. 3 at 75:14-17; Ex. 9 at ¶ 21.

4.     The selection of the region of interest representing a nerve by persons of ordinary skill in the art is definite and repeatable. Ex. 2 at ¶¶ 46-49; Filler Decl. ¶ 7, Ex. 20 at pane C; Ex. 9 at ¶ 21.

5.     In light of the teachings of the '360 patent, a person or ordinary skill in the art would know how to identify the appropriate non-neural tissue. Ex. 2 at ¶¶ 38, 42-43; Ex. 4 at 27:29-35; Filler Decl. ¶¶ 2-3, Exs. 15 & 16.

6.     In light of the teachings of the '360 patent, a person of ordinary skill in the art would know how to select a region of interest representing the non-neural

1

tissue to be used in the conspicuity calculation. Ex. 2 at ¶¶ 38, 42-43; Ex. 4 at 27:29-35; Filler Decl. ¶¶ 2-3, Exs. 15 & 16.

7. The selection of "any adjacent non-neural tissue" in claim 18 of the '360 patent is definite and repeatable. Ex. 2 at ¶¶ 38, 43-44.

8. The selection of "the non-neural tissue" in claim 1, 3, 7, 11, and 12 of the '360 patent is definite and repeatable. Ex. 4 at 27:29-35; Filler Decl. ¶¶ 2-3, Exs. 15 & 16.

## II. RESPONSES TO SIEMENS' ALLEGEDLY UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW.

NeuroGrafix's responses to each of Siemen's allegedly uncontroverted facts and conclusions of law can be found in the chart below.

|   | Def.'s Uncontroverted Facts | NeuroGrafix's Responses and Objections |
|---|---|---|
| 1. | The "conspicuity" limitation in claims 1-35 was a significant basis for distinguishing the prior art. | NeuroGrafix objects to the language "significant basis" as vague and unclear. It is undisputed, however, that the conspicuity limitation was used as a basis to distinguish prior art. |
| 2. | The calculation of "conspicuity" proposed by Plaintiffs' involves performing a calculation on a single MR image, not a set of images. | Disputed that this is a material fact. Also, disputed to the extent that the conspicuity calculation may involve a set of images. |
| 3. | The method of calculating "conspicuity" proposed by Plaintiffs does not take into account noise. | Disputed that this is a material fact. Disputed to the extent that the "fact" implies that the conspicuity calculation is not taught by the '360 patent. It is undisputed the formula for calculating conspicuity in the '360 patent does not expressly require a noise |

**PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS AND RESPONSE TO DEFENDANTS' STATEMENT OF FACTS & CONCLUSIONS OF LAW**

| | | | |
|---|---|---|---|
| | | | calculation. |
| 4. | | There is no industry standard, one way of calculating conspicuity. | Disputed that this is a material fact. NeuroGrafix also objects on the basis that this fact is vague and ambiguous. It is, however, undisputed that there is no industry standard for calculating the conspicuity of a structure. |
| 5. | | The '360 patent does not prescribe one particular method of selecting a region of interest ("ROI") used for "conspicuity" calculation in claims 1-35. | Disputed. Ex. 4 at 22:29-35; 27:66-28:7; *see also id.* at 21:55-57, 30:65-67; Ex. 3 at 75:14-17. |
| 6. | | The '360 patent does not prescribe how to choose the size of the ROIs to use for the "conspicuity" calculation in claims 1-35. | Disputed. Ex. 4 at 22:29-35; 27:66-28:7; *see also id.* at 21:55-57, 30:65-67; Ex. 3 at 75:14-17. |
| 7. | | The '360 patent does not prescribe how to choose the shape of the ROI to use for the "conspicuity" calculation in claims 1-35. | Disputed. Ex. 4 at 22:29-35; 27:66-28:7; *see also id.* at 21:55-57, 30:65-67; Ex. 3 at 75:14-17. |
| 8. | | The '360 patent does not prescribe one standard way of selecting an ROI to use for the "conspicuity" calculation in claims 1-35. | Disputed. Ex. 4 at 22:29-35; 27:66-28:7; *see also id.* at 21:55-57, 30:65-67; Ex. 3 at 75:14-17. |
| 9. | | There is no industry standard one way of selecting an ROI to use for performing measurements on an MR image. | Disputed that this is a material fact. Disputed to the extent that the "fact" implies that the conspicuity calculation is not taught by the '360 patent. NeuroGrafix' Opposition to Siemens' Motion for Summary Judgment of Indefiniteness of "Conspicuity." |
| 10. | | For purposes of calculating the "conspicuity" in claims 1-35 as proposed by Plaintiffs, different operators could choose to use different methods of selecting the ROIs. | Disputed. Ex. 9 at ¶¶ 18-19; Ex. 3 102:1-21. |
| 11. | | Manually selecting an ROI is dependent, at | Disputed. Ex. 9 at ¶¶ 22, 26. |

**PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS AND RESPONSE TO DEFENDANTS' STATEMENT OF FACTS & CONCLUSIONS OF LAW**

| | | |
|---|---|---|
| | least in part, upon the observer's ability to visually distinguish the boundary between two tissues, *e.g.,* the neural tissue and the non-neural tissue. | |
| 12. | The '360 patent does not expressly disclose how to select a representative portion of neural or non-neural tissue for purposes of choosing a neural or non-neural ROI. | Disputed. Ex. 2 at ¶¶ 42-43; Ex. 9 at ¶ 32; Ex. 4 at 27:29-35. |
| 13. | The size, shape, and position of an ROI can change the mean signal intensity measurements resulting from the selected ROI. | Disputed. Ex. 9 at ¶20; Ex. 3 at 49:8-13. |
| 14. | The method of selecting an ROI has a direct influence on quantitative outcome of the signal intensity measurement for a tissue. | Disputed to the extent this refers to the practical outcome of the signal intensity measurement for a tissue. Ex. 14 at 129:2-131:14. |
| 15. | For smaller peripheral nerves, there could be situations where those of skill in the art cannot see the nerve and therefore cannot measure its conspicuity. | Disputed that this is a material fact. Otherwise, undisputed. |
| 16. | Plaintiffs contend that the images in Exhibit A to Dr. Filler's Rebuttal Report were made using the method disclosed by the claims of the '360 patent. | Undisputed that the images in Exhibit A to Dr. Filler's Rebuttal Report were made using the method disclosed and claimed by the '360 patent. |
| 17. | The neural tissue in Figures 2, 3, and 8 of Exhibit A to Dr. Filler's Rebuttal Report do not have the strongest signal intensities in the image. | Disputed that this is a material fact. Disputed to the extent this "fact" implies that the patent requires the nerve to have the strongest signal intensity in an image. Undisputed that the signal intensity of the neural tissue in Figures 2, 3, and 8 do not have the strongest signal intensity in the image. |
| 18. | The method Dr. Bryan used to select ROIs in Exhibit C of his Opening Expert Report illustrates exactly the methods Dr. Brant- | Disputed. Ex. 9 at ¶¶ 32-33; Ex. 14 at 189:11-191:24. |

**PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS AND RESPONSE TO DEFENDANTS' STATEMENT OF FACTS & CONCLUSIONS OF LAW**

| | | | |
|---|---|---|---|
| | | Zawadzki discussed in his Opening Report. | |
| | 19. | The mean signal intensity of the non-neural background tissue adjacent to a nerve varies depending on the ROI selection. | Disputed. Ex. 9 at ¶20; Ex. 3 at 49:8-13. Also, disputed because the signal intensity of the adjacent non-neural tissue will be consistent if the method taught by the '360 patent is used. |
| | 20. | ROIs #1-5 in Figure 7 of Exhibit C to Dr. Bryan's Opening Expert Report identify nerve tissue. | Disputed that this is a material fact. NeuroGrafix also objects to this fact as vague and ambiguous as to "identify." Undisputed that ROIs #1-5 in Figure 7 of Exhibit C to Dr. Bryan's Opening Expert Report purports to identify nerve tissue. |
| | 21. | ROIs #1-10 in Figure 8 of Exhibit C to Dr. Bryan's Opening Expert Report identify nerve tissue. | Disputed that this is a material fact. NeuroGrafix also objects to this fact as vague and ambiguous as to "identify." Undisputed that ROIs #1-10 in Figure 8 of Exhibit C to Dr. Bryan's Opening Expert Report purports to identify nerve tissue. |
| | 22. | ROIs #1-8 in Figure 9 of Exhibit C to Dr. Bryan's Opening Expert Report identify non-neural tissue. | Disputed that this is a material fact. NeuroGrafix also objects to this fact as vague and ambiguous as to "identify." Undisputed that ROIs #1-8 in Figure 9 of Exhibit C to Dr. Bryan's Opening Expert Report purports to identify non-neural tissue. |
| | 23. | ROIs #1-5 in Figure 10 of Exhibit C to Dr. Bryan's Opening Expert Report identify non-neural tissue. | Disputed that this is a material fact. NeuroGrafix also objects to this fact as vague and ambiguous as to |

**PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS AND RESPONSE TO DEFENDANTS' STATEMENT OF FACTS & CONCLUSIONS OF LAW**

| | | |
|---|---|---|
| | | "identify." Undisputed that ROIs #1-5 in Figure 10 of Exhibit C to Dr. Bryan's Opening Expert Report purports to identify neural tissue. |
| 24. | In Figure 5 of Exhibit C to Dr. Bryan's Opening Report, ROI #2 is adjacent to ROI #1. | Disputed that ROI #2 is representative of the "any adjacent non-neural tissue" required by claim 18. |
| 25. | In Figure 5 of Exhibit C to Dr. Bryan's Opening Report, ROI #2 is placed in tissue that is surrounding ROI #1. | Undisputed. |
| 26. | In Figure 5 of Exhibit C to Dr. Bryan's Opening Report, ROI #2 identifies non-neural tissue. | Disputed that this is a material fact. NeuroGrafix also objects to this fact as vague and ambiguous as to "identifies." It is undisputed that ROI #2 in Figure 5 of Exhibit C to Dr. Bryan's Opening Expert Report purports to identify non-neural tissue. |
| 27. | In Figure 5 (and accompanying table) of Exhibit A to Dr. Filler's Rebuttal Expert Report, Dr. Filler measured a "conspicuity" of 5.22 of the "plexus" neural tissue as compared to the "lung" non-neural tissue. | Disputed. Dr. Filler did not attempt to do a formal conspicuity analysis on the images as required by the '360 patent. |
| 28. | In Figure 6 (and accompanying table) of Exhibit A to Dr. Filler's Rebuttal Expert Report, Dr. Filler measured a "conspicuity" of 4.56 of the "plexus" neural tissue as compared to the "lung" non-neural tissue. | Disputed. Dr. Filler did not attempt to do a formal conspicuity analysis on the images as required by the '360 patent. |
| 29. | In Figure 7 (and accompanying table) of Exhibit A to Dr. Filler's Rebuttal Expert Report, Dr. Filler measured a "conspicuity" of 3.80 of the "plexus" neural tissue as compared to the "Lung" non-neural tissue. | Disputed. Dr. Filler did not attempt to do a formal conspicuity analysis on the images as required by the '360 patent. |
| 30. | The images (and accompanying tables) in Figures 5, 6, and 7 of Exhibit A to Dr. Filler's Rebuttal Expert Report were all created using | Undisputed. |

**PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS AND RESPONSE TO DEFENDANTS' STATEMENT OF FACTS & CONCLUSIONS OF LAW**

RUSS, AUGUST & KABAT

| | | |
|---|---|---|
| | the same underlying DICOM data. | |
| 31. | The "intensity" limitation in claim 19 should be understood the same as "conspicuity" limitation in the other claims, such that claim 19 effectively requires a "conspicuity of the nerve that is at least 5 times that of the non-neural tissue." | Undisputed. |
| 32. | The same DICOM data used to generate Figures 5, 6, and 7 of Exhibit A to Dr. Filler's Rebuttal Expert Report may or may not satisfy the claim 19 "intensity" limitation, depending on how an observer selected the regions of interest to use in the conspicuity calculation. | Disputed. Ex. 9 at ¶¶ 20-21. NeuroGrafix also notes that Siemens has failed to cite to any evidence performing the conspicuity calculation taught by the '360 patent. |
| 33. | In Figure 7 of Exhibit C to Dr. Bryan's Opening Report, adjacent to ROI #4 is tissue that is brighter than the tissue in ROI #4. | Disputed. There is no tissue adjacent to ROI #4 that is brighter than the tissue in ROI #4 that has been measured. |
| 34. | In Figure 7 of Exhibit C to Dr. Bryan's Opening Report, ROI #4 identifies nerve tissue. | Disputed that this is a material fact. Undisputed that ROI #4 in Figure 7 purports to identify nerve tissue. |
| 35. | In Figure 7 of Exhibit C to Dr. Bryan's Opening Report, the brighter tissue adjacent to ROI #4 contains some non-neural tissue. | Disputed. There is no tissue adjacent to ROI #4 that is brighter than the tissue in ROI #4 that has been measured. |
| 36. | For the purposes of the "conspicuity" calculation proposed by Plaintiffs, the non-neural background tissue can be tissue other than muscle tissue. | Undisputed. Disputed to the extent that the "fact" implies that the conspicuity calculation is not taught by the '360 patent. |
| 37. | For the purposes of "conspicuity" calculation proposed by Plaintiffs, the non-neural background tissue adjacent to a nerve can be tissue other than muscle tissue. | Undisputed. Disputed to the extent that the "fact" implies that the conspicuity calculation is not taught by the '360 patent. |
| 38. | For the purposes of "conspicuity" calculation proposed by Plaintiffs, the non-neural background tissue surrounding a nerve can be tissue other than muscle tissue. | Undisputed. Disputed to the extent that the "fact" implies that the conspicuity calculation is not taught by |

PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS AND RESPONSE TO DEFENDANTS'
STATEMENT OF FACTS & CONCLUSIONS OF LAW

| | CONCLUSIONS OF LAW | LEGAL SUPPORT |
|---|---|---|
| | | the '360 patent. |
| 1. | A claim is indefinite where it does not inform a person of ordinary skill in the art of the bounds of the invention such that a person of ordinary skill in the art could avoid infringement. | Undisputed. |
| 2. | Claims are indefinite if they do not reasonably apprise those skilled in the relevant art of the patent applicant's intended scope of the invention when read in light of the specification. | Disputed that this is an accurate statement of the law. *Halliburton Energy Servs. v. M-I LLC*, 514 F.3d 1244, 1249 ("claims [are] held indefinite only where a person of ordinary skill in the art could not determine the bounds of the claims, i.e., the claims were insolubly ambiguous.") |
| 3. | Indefinite claims are invalid as a matter of law under 35 U.S.C. section 112, paragraph 2. | Undisputed. |
| 4. | A dependent claim incorporates the limitations of the claims from which it depends. | Undisputed. |
| 5. | When the meaning of claims is in doubt, especially when there is close prior art, they are properly declared invalid under 35 U.S.C. section 112, paragraph 2. | Undisputed that this is language from *Amgen, Inc. v. Chugai Pharm. Co.*, 927 F.2d 1200, 1218 (Fed. Cir. 1991). |
| 6. | Claims 1-35 are indefinite and therefore invalid under 35 U.S.C. section 112, paragraph 2. | Disputed. |

Dated: September 12, 2011

Respectfully submitted,

**RUSS, AUGUST & KABAT**

By:  /s/ Andrew D. Weiss
     Andrew D. Weiss

**Attorneys for Plaintiff NEUROGRAFIX**

**PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS AND RESPONSE TO DEFENDANTS' STATEMENT OF FACTS & CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**K&L GATES**

By: /s/ David T. McDonald (*by permission*)
David T. McDonald

**Attorneys for Plaintiff
WASHINGTON RESEARCH FOUNDATION**

RUSS, AUGUST & KABAT

**PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS AND RESPONSE TO DEFENDANTS' STATEMENT OF FACTS & CONCLUSIONS OF LAW**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 12, 2011. Any other counsel of record will be served via First Class U.S. Mail on this same date.

By: /s/ Andrew D. Weiss
Andrew D. Weiss

1

**PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS AND RESPONSE TO DEFENDANTS' STATEMENT OF FACTS & CONCLUSIONS OF LAW**