RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
Email: mfenster@raklaw.com
Alexander C.D. Giza, State Bar No. 212327
Email: agiza@raklaw.com
Andrew D. Weiss, State Bar No. 232974
Email: aweiss@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
NEUROGRAFIX

K&L GATES LLP
David T. McDonald
Email: david.mcdonald@klgates.com
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Facsimile: (206) 623-7022

Attorneys for Plaintiff
WASHINGTON RESEARCH FOUNDATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| NEUROGRAFIX, a California corporation; WASHINGTON RESEARCH FOUNDATION, a not-for-profit Washington corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; and SIEMENS AKTIENGESELLSCHAFT, a German Corporation,<br><br>        Defendants. | Case No. 10-CV-1990 MRP (RZx)<br><br>[Assigned to The Honorable Mariana R. Pfaelzer]<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>First Amended Complaint Filed: July 30, 2010 |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................1

II.   THE "PROCESSING," "ANALYZING" AND "COMPARING" STEPS IN CLAIMS 36, 39, 46 AND 49 ARE ACTS AND SHOULD NOT BE DEEMED SUBJECT TO THE STEP-PLUS-FUNCTION DOCTRINE .......2

III.   THE COURT HAS ALREADY AUTHORIZED NEUROGRAFIX'S MOTION FOR RECONSIDERATION ..........................................................7

IV.   CONCLUSION ..................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*,
   381 F.3d 1371 (Fed. Cir. 2004) .................................................................... 4

*Caterpillar Inc. v. Detroit Diesel Corp.*,
   961 F. Supp. 1249, (N.D. Ind. 1996) *aff'd*, 194 F. 3d 1336
   (Fed. Cir. 1999) ............................................................................................ 5

*Epcon Gas Sys. Inc. v. Bauer Compressors, Inc.*,
   297 F.3d 1022 (Fed. Cir. 2002) .................................................................... 6

*Inventio AG v. Thyssenkrup Elevator Ams. Corp.*,
   No. 2010-1525, 2011 U.S. App. LEXIS 12082 ........................................... 3

*Mas-Hamilton Group v. LaGard, Inc.*,
   156 F.3d 1206 (Fed. Cir. 1998) ................................................................ 2, 5

*Masco Corp. v. United States*,
   303 F.3d 1316 (Fed. Cir. 2002) ............................................................ 3, 4, 6

*O.I. Corp. v. Tekmar Co.*,
   115 F.3d 1576 (Fed. Cir. 1997) ................................................................ 1, 5

*Raytheon Co. v. Roper Corp.*,
   724 F.2d 951 (Fed. Cir. 1983) ...................................................................... 2

*Seal-Flex, Inc. v. Athletic Track & Court Constr.*,
   172 F.3d 836 (Fed. Cir. 1999) ................................................. 1, 2-3, 4, 5, 9

*Welker Bearing Co. v. PHD, Inc.*,
   550 F.3d 1090 (Fed. Cir. 2008) .................................................................... 2

**STATUTES**

35 U.S.C. § 112, ¶6 ................................................................................. 1, 2, 3, 4, 10

RUSS, AUGUST & KABAT

## I. INTRODUCTION.

Where, as here, the claims are presumptively not subject to Section 112, ¶ 6 because the claims are not written in step-plus-function form, the Federal Circuit has repeatedly been extremely hesitant to apply the step-plus-function doctrine to method claims. Indeed, the step-plus-function doctrine has never been invoked or upheld by the Federal Circuit. It is clear from the Federal Circuit's jurisprudence that courts should apply the step-plus-function doctrine, if ever, only in extraordinary cases – which is not the case here. Otherwise, nearly every process claim containing steps described by an "ing" verb would implicate § 112, ¶ 6, which was not the intent of Congress when it enacted § 112, ¶ 6. *See O.I. Corp. v. Tekmar Co.*, 115 F.3d 1576, at 1583 (Fed. Cir. 1997).

Judge Rader's analysis from one of the leading cases regarding the step-plus-function doctrine is analogous to the situation here. In *Seal-Flex, Inc. v. Athletic Track & Court Constr.*, 172 F.3d 836 (Fed. Cir. 1999), Judge Rader found that "spreading an adhesive tact coating for adhering the mat to the foundation over the foundation surface" was not subject to the step-plus-function doctrine because it included an act ("spreading…") for accomplishing the recited function ("for adhering the mat…"). *Id.* at 650. Similarly, here, claims 36, 39, 46 and 49 each disclose an act for performing the recited function. For example, element (e) to claim 36 ("processing…to generate a data set…."), discloses both an act ("processing") and the function accomplished by that act ("to generate a data set").[1] Judge Rader's reasoning that "spreading" must be an act (rather than a function) because spreading is what is done to achieve the recited function ("for adhering") compels the same conclusion here. Because it is undisputed that "to generate a data set" is a recited function, and because the claim recites "processing . . . to generate," "processing" must be an act (rather than a function). Accordingly, the claim is not subject to §112, ¶ 6.

---

[1] The parties agree that "to generate a data set" is a function.

110921 Reply In Support of Motion110921 Reply v3.doc   1

**REPLY IN SUPPORT OF NEUROGRAFIX AND WRF'S MOTION FOR RECONSIDERATION**

Siemens failed to meet its high burden of proof because it relies on an incorrect interpretation of the law. It argues that *Seal-Flex* and its progeny require a method detailing exactly how to do the processing or it must be subject to the step-plus-function doctrine. This is not the law and, tellingly, Siemens cannot point to a single Federal Circuit case that has required such detail in method claims. In fact, very few method claims likely rise to the level of detail required by Siemens to avoid the application of the step-plus-function doctrine. Therefore, the Court should grant NeuroGraifx's Motion and should find claims 36, 39, 46 and 49 are not subject to 35 U.S.C. § 112, ¶6.

Siemens also spends a substantial portion of its Opposition questioning whether NeuroGrafix's Motion is proper. Siemens' argument, however, ignores that NeuroGrafix requested permission to file its Motion during the May 26, 2011 status hearing and the Court stated that it was "up for [such a motion]" and that it "wouldn't mind that being done." Furthermore, in light of the arguments made at the May 26 hearing as well the Motion and this brief, this Motion was also appropriate pursuant to Local Rule 7-18(c). Thus, NeuroGrafix's Motion is appropriate.

## II.  THE "PROCESSING," "ANALYZING" AND "COMPARING" STEPS IN CLAIMS 36, 39, 46 AND 49 ARE ACTS AND SHOULD NOT BE DEEMED SUBJECT TO THE STEP-PLUS-FUNCTION DOCTRINE.

It is undisputed that the Federal Circuit has never found that a claim element that is not written in "steps for" form should still be considered to be in step-plus-function format.[2] Indeed, the Federal Circuit has even reversed an ***agreed*** construction applying § 112, ¶6 to a claim not written in "steps for" function. *Seal-*

---

[2] The cases cited by Defendants do not change the legal landscape. In *Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090 (Fed. Cir. 2008), *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206 (Fed. Cir. 1998), and *Raytheon Co. v. Roper Corp.*, 724 F.2d 951 (Fed. Cir. 1983), the Federal Circuit analyzed means-plus-function, not step-plus-function, limitations. The analysis is not the same.

*Flex, Inc. v. Athletic Track & Court Constr.*, 172 F.3d 836, 850 (Fed. Cir. 1999). As discussed in NeuroGrafix's Motion, this is because the Federal Circuit is extremely hesitant to constrain the scope of a patent by applying the step-plus-function doctrine. *See Masco Corp. v. United States*, 303 F.3d 1316, 1327 (Fed. Cir. 2002) ("Where the claim drafter has not signaled his intent to invoke § 112, ¶ 6 by using the 'steps for' language, we are unwilling to resort to that provision to constrain the scope of coverage of a claim limitation without a showing that the limitation contains nothing that can be construed as an act."); *Inventio AG v. Thyssenkrup Elevator Ams. Corp.*, No. 2010-1525, 2011 U.S. App. LEXIS 12082, at *11-*12 ("[W]here, as here, the claim language does not recite the term 'means,' we presume that the limitation does not invoke § 112, ¶ 6".). The burden on Siemens to overcome the presumption against the application of the step-plus-function doctrine is high where the claim element does not include the "step for" language. Indeed, Siemens has failed to meet its burden here to show that § 112, ¶6 applies because claims 36, 39, 46 and 49 disclose acts to perform the stated functions.

Judge Rader's concurring opinion in *Seal-Flex*, which both the Court and Siemens heavily rely upon, is directly applicable here. Judge Rader wrote that a claim limitation could be deemed to be a step-plus-function limitation where the claim limitation fails to recite an act for performing the stated function. 172 F.3d at 850. In applying the standard, and despite the fact that the parties agreed to apply § 112, ¶ 6 to the claim element, Judge Rader found that the claim element "spreading an adhesive tack coating for adhering the mat to the foundation over the foundation surface" was not subject to the step-plus-function doctrine because the claim language included both a function ("for adhering…") and an act for performing the function ("spreading"). *Id.* at 850. In contrast, Judge Rader notes that if the claim element at issue was simply "spreading an adhesive tack coating," it would have been a difficult question. *Id.* at 849. In that hypothetical, without

further analysis of the evidence, it is unclear whether "spreading" is an act or a function. *Id.*

As in *Seal-Flex*, Claims 36, 39, 46 and 49 are written in the form where an action is specified for a particular function. For example, for claim 36, the parties agreed[3] that the stated function was "to generate a data set describing the shape and position of said selected structure in the region," which is comparable to the stated function of "for adhering" in *Seal-Flex*. Also, like the act of "spreading" in *Seal-Flex*, element (e) of claim 36 discloses the act of "processing…" to accomplish the stated function. Element (e) of claim 36 therefore contains both an act and a function and is not subject to the step-plus-function doctrine. *Seal-Flex*, 172 F.3d at 849-50. The "processing," "analyzing" and "combining" claim limitations from claims 39, 46 and 49 are written in similar act and function form and are, therefore, similarly not subject to the step-plus-function doctrine. *Id.*

In its Claim Construction Order, the Court indicated that the "processing" language in claim 36 was a recitation of the function and therefore applied § 112, ¶ 6. D.I. 114 at 27. This is inconsistent with the parties agreed construction of the claim and the Court's understanding at the claim construction hearing. Ex. 21 at 168:14-16. Because this argument was not the focus for either party during the briefing process or at the hearing, NeuroGrafix believes that the Court misunderstood the arguments raised by the parties. As illustrated by this briefing, the argument is whether "processing," "analyzing" and "combining" is an act pursuant to the controlling case law. Pursuant to *Seal-Flex* and the other cases relied on by NeuroGrafix in its Motion, "processing," "analyzing" and "combining" are all acts and the application of the step-plus-function doctrine is inappropriate.[4]

---

[3] D.I. 106 at 33; Ex. 21 at 168:14-16.
[4] Even if "processing," "analyzing," and "combining" are functions, despite the agreement of the parties otherwise, the Federal Circuit has repeatedly held that similar language such as "transmitting" and "determining" sufficiently describe the act necessary to perform the stated function. *Masco*, 303 F.3d at 1327-28; *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 381 F.3d 1371, 1381-82 (Fed. Cir. 2004). Further, here, as described later in the brief, the specification describes processing, analyzing and combining as an act, not merely a function.

Siemens argues that "nothing in the claim describes how to achieve" the stated function because "'processing' is merely a generic description of the step." Opposition at 9-10 (emphasis removed). Siemens provides no legal support, however, for its argument. *Seal-Flex*, the primary case relied on by Siemens, does not require that a method claim provide detail on how to accomplish the act. As described above, it requires that the claim provide an act ("spreading") to accomplish the stated function ("for adhering…"). *Seal-Flex* does not hold, as Siemens argues, that any additional description of "how" to spread the adhesive is necessary.[5] The other cases relied on by Siemens similarly fail to support its position. *See Caterpillar Inc. v. Detroit Diesel Corp.*, 961 F. Supp. 1249, 1256 (N.D. Ind. 1996) (holding that "providing," "determining," "retrieving" and "using" were acts, not functions), *aff'd*, 194 F. 3d 1336 (Fed. Cir. 1999); *O.I. Corp. v. Tekmar Co.*, 115 F.3d 1576, 1583 (Fed. Cir. 1997) ("If we were to construe every process claim containing steps described by an 'ing' verb, such as passing, heating, reacting, transferring, etc. into a step-plus-function limitation, we would be limiting process claims in a manner never intended by Congress.").[6]

Furthermore, Siemens' argument ignores the extensive specification of the '360 patent. Judge Rader in *Seal-Flex* wrote that, where there is a question of what the act is, the Court should consider the specification as well. 172 F.3d at 849. When viewed by a person of ordinary skill, the specification teaches a person of ordinary skill examples of the actions encompassed by the "processing," "analyzing," and "combining" steps.[7] In the context of the specification, the "processing," "analyzing" and "combining" steps are actions, not functions. For

---

[5] For example, Judge Rader in *Seal-Flex* does not hold that the claim needs to recite that the "spreading" must have been done using a specific tool or be spread to a sufficient thickness.
[6] Siemens also repeats its argument that it is impermissible to broadly interpret claims, citing *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1214 (Fed. Cir. 1998). *Mas-Hamilton*, however, addresses a means-plus-function claim and does not apply the same analysis as required by *Seal-Flex* and its progeny.
[7] NeuroGrafix disagrees with the Court's Claim Construction Order as it stands now finding certain elements of claims 36, 39, 46, 49, 55 and its dependent claims indefinite. NeuroGrafix reserves its right to address these issues on appeal.

110921 Reply ISO Motion for Reconsideration     5
**REPLY IN SUPPORT OF NEUROGRAFIX AND WRF'S MOTION FOR RECONSIDERATION**

example, as described in the claim construction briefing related to claim 55(c)(ii) (which has parallel language to the "processing" element of claim 36), the specification provides exemplary actions to be taken to perform the processing required by element (e) of claim 36. *See, e.g.*, D.I. 103 at 29 (citing to the algorithm described in the '360 patent at 21:55-22:25).[8] Similarly, the claim construction briefing regarding the "analyzing" and "combining" elements of claims 58 and 61 illustrate that these elements of claims 39 and 46 are also actions, not functions. *See, e.g.*, D.I. 103 at 32 (citing to various algorithms described in the '360 patent at 19:33-38, 21:55-22:25, 32:25-45 and 33:33-45). While the Court found that these disclosures were not sufficiently linked structures for the purposes of the mean-plus-function analysis of claims 55, 58 and 61, these disclosures in the specification do indicate that the "processing," "analyzing," and "combining" elements of claims 36, 39, 46 and 49 are acts, not functions.

Finally, in addition to applying the "step-plus-function" doctrine inconsistently, as discussed in the Motion, Siemens' argument and the Court's resulting Claim Construction Order are also problematic for policy reasons. The Federal Circuit has held that the application of the step-plus-function doctrine where a claim is not in "steps for" format should be exceedingly rare, if ever used. *Epcon Gas Sys. Inc. v. Bauer Compressors, Inc.*, 297 F.3d 1022, 1028 (Fed. Cir. 2002); *Masco Corp. v. United States*, 303 F.3d 1316, 1327 (Fed. Cir. 2002). However, very few, if any, method claims provide the "how to" claim language that Siemens argues is required to avoid the application of § 112, ¶6. For example, the first element of claim 1 of U.S. Patent No. 8,024,612 (issued to Siemens on September 20, 2011) recites, "providing a signature for a respective module, the signature being uniquely associated with the respective module." Ex. 22 at claim

---

[8] In light of the Court's limited claim construction of "vector processing," other aspects of the specification are also relevant to the "processing" act, such as equations (4), (5) and (6) which describe further actions to be taken in addition to the vector processing described in equation (3). '360 patent at 20:57-64; 21:16-23.

110921 Reply ISO Motion for Reconsideration     6

**REPLY IN SUPPORT OF NEUROGRAFIX AND WRF'S MOTION FOR RECONSIDERATION**

1.  Although this claim element is not written in step-plus-function format, pursuant to Siemens expansive view of the law, the claim element merely describes the function of "providing" but does not disclose how the signature is provided. This claim element, as well as the millions of similarly written claims, would be deemed to be subject to the step-plus-function doctrine under Siemens' argument. *See, e.g.*, Ex. 23 at claim 1 (another Siemens patent containing similar claim language: "applying a block-matching algorithm, such that the parallel processors execute the block-matching algorithm for a plurality of blocks of an image simultaneously"). Under the proper interpretation of the law and consistent with the Federal Circuit policy, these claim elements are likely not subject to the step-plus-function doctrine.

## III. THE COURT HAS ALREADY AUTHORIZED NEUROGRAFIX'S MOTION FOR RECONSIDERATION.

Despite Siemens' argument to the contrary, NeuroGrafix's Motion is appropriate and should be considered because it has already been authorized by the Court:

> MR. FENSTER: Yes, your Honor. Your Honor, this is Mark Fenster again. And I understand that your Honor put in a tremendous amount of work into the claim construction order, and I understand the Court's comments that it does not intend to revisit any of the claim construction issues. There is one narrow issue that in my view did get short shrift, both in the briefing and was not even addressed really in the hearing. And that is the step plus function. We would ask the Court allow us to file a motion for reconsideration with respect to that. It's a very narrow issue. I think that it is just contrary to the existing federal circuit law, and if we're not able to resolve it with the Court, it's basically going to take those claims out forever because we won't get to appeal

> until the patent has expired on it. And it's a very narrow issue, and it's frankly one that was not argued at the hearing. And it wasn't given a lot of attention in the briefs because it was kind one of the tertiary or --
>
> THE COURT: Well, I'm up for that, and you see if Mr. Lo Cascio is.
>
> MR. FENSTER: Thank you, your Honor.
>
> THE COURT: I wouldn't mind that being done.

McEldowney Decl. OMR4 at 15:17-16:12.  NeuroGrafix's Motion is just as it was described to the Court:  it substantiates NeuroGrafix's concern that, because the step-plus-function doctrine was not discussed at length at the claim construction hearing or during the briefing, it was given "short shrift" by the Court's Claim Construction Order.[9]  Notably, counsel for Siemens did not object or dispute during the hearing that NeuroGrafix should be able to bring this Motion.

Siemens spends a substantial portion of its Opposition lamenting the "repetitive" nature of NeuroGrafix's Motion and ignores the Court's ruling. Instead, it simply inserts a footnote that misinterprets the record and the Court's ruling.  *See* Opp. at 6 n.3.  NeuroGrafix expressly explained the narrow basis on which it intended to bring its Motion and, unlikely Siemens' argument, the Court did not expressly or impliedly condition its ruling on if NeuroGrafix satisfied Local Rule 7-18 to Siemens' satisfaction, as implied by Siemens.

Furthermore, Siemens' argument that NeuroGrafix's Motion fails to identify any permissible ground within Local Rule 7-18 for reconsideration is disingenuous.  NeuroGrafix has made it clear to Siemens that its Motion is based

---

[9] As pointed out by Siemens, the parties spent very little time discussing the step-plus-function argument at the claim construction hearing (only 4 of the 179 pages of hearing transcript address this argument).  Despite this, Siemens asserts that the work done by the court regarding the means-plus-function claims is applicable to this analysis.  Opposition at 4.  This argument is irrelevant, however, because the question of whether the step-plus-function doctrine should apply at all is different from the analysis engaged by the Court here to determine if there was sufficient structure in the specification for the apparatus claims written in means-plus-function form.

on Local Rule 7-18(c) because the Court's Claim Construction Order is based on a misapplication of the fact (such as the parties agreed function for claims 36, 39, 46 and 49) and the applicable Federal Circuit precedent. NeuroGrafix informed Siemens of the applicability of Local Rule 7-18(c) on three separate occasions. First, as described above, it was clear during the May 26, 2011 telephonic status conference that NeuroGrafix's Motion would be based on NeuroGrafix's belief that the facts and law presented by NeuroGrafix were not fully considered by the Court, which complies with Local Rule 7-18(c). Second, it is clear on its face that NeuroGrafix's Motion is based on Local Rule 7-18(c). *See* Motion at 1, 3 (explaining that while NeuroGrafix appreciates that the Court spent considerable time and effort on the claim construction process, NeuroGrafix respectfully believes that the Court has not fully considered the material facts and law presented to the Court related to claims 36, 39, 46, and 49). Third, as Siemens acknowledges, NeuroGrafix explicitly informed Siemens that its Motion is made pursuant to at least Local Rule 7-18(c). McEldowney Decl. ¶ 4, Ex. OMR3. Consistent with Local Rule 7-18(c), NeuroGrafix has identified material facts and law that did not appear to be fully considered by the Court in rendering its Claim Construction Order.

Therefore, NeuroGrafix's Motion is permissible pursuant to both Court Order as well as Local Rule 7-18(c).

## IV. CONCLUSION.

As described in detail above, claim 36, 39, 46 and 49 should not be subject to the step-plus-function doctrine. Consistent with Judge Rader's bell-weather opinion in *Seal-Flex*, the relevant claim elements are written in a form that includes the act (processing, analyzing, combining) necessary to accomplish the stated function. Furthermore, Siemens' position that an act must be stated in some detail is unsupported by its cited case law as well as the public policy of the Federal Circuit against the application of the step-plus-function doctrine where the

110921 Reply ISO Motion for Reconsideration     9

**REPLY IN SUPPORT OF NEUROGRAFIX AND WRF'S MOTION FOR RECONSIDERATION**

claim element is not written in "step for" format. Accordingly, the Court should grant NeuroGrafix's Motion and should find claims 36, 39, 46 and 49 are not subject to 35 U.S.C. § 112, ¶ 6.

Dated: September 21, 2011    Respectfully submitted,

**RUSS, AUGUST & KABAT**

By: /s/ Andrew D. Weiss
    Andrew D. Weiss

**Attorneys for Plaintiff
NEUROGRAFIX**


**K&L GATES**

By: /s/ David T. McDonald (*by permission*)
    David T. McDonald

**Attorneys for Plaintiff
WASHINGTON RESEARCH FOUNDATION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 21, 2011. Any other counsel of record will be served via First Class U.S. Mail on this same date.

By: /s/ Andrew D. Weiss
Andrew D. Weiss

Russ, August & Kabat

110921 Reply ISO Motion for Reconsideration      11

**REPLY IN SUPPORT OF NEUROGRAFIX AND WRF'S MOTION FOR RECONSIDERATION**