RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
Email: mfenster@raklaw.com
Alexander C.D. Giza, State Bar No. 212327
Email: agiza@raklaw.com
Andrew D. Weiss, State Bar No. 232974
Email: aweiss@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone:  (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
NEUROGRAFIX

K&L GATES LLP
David T. McDonald
Email:  david.mcdonald@klgates.com
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158
Telephone:  (206) 623-7580
Facsimile:  (206) 623-7022

Attorneys for Plaintiff
WASHINGTON RESEARCH FOUNDATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| NEUROGRAFIX, a California corporation; WASHINGTON RESEARCH FOUNDATION, a not-for-profit Washington corporation,<br><br>              Plaintiffs,<br><br>    vs.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; and SIEMENS AKTIENGESELLSCHAFT, a German Corporation,<br><br>              Defendants. | Case No. 10-CV-1990 MRP (RZx)<br><br>[Assigned to The Honorable Mariana R. Pfaelzer]<br><br>**PLAINTIFFS' OPPOSITION TO SIEMENS' MOTION TO STRIKE DR. FILLER'S DECLARATION AND EXHIBITS OFFERED AFTER DISCOVERY DEADLINES**<br><br>**Hearing Date:  October 5, 2011**<br>**Time:          11:00 a.m.**<br>**Location:      Courtroom 12**<br><br>First Amended Complaint Filed:<br> July 30, 2010 |

RUSS, AUGUST & KABAT

3199-002

# I.   INTRODUCTION.

The images used by plaintiffs NeuroGrafix and Washington Research Foundation (collectively, "NeuroGrafix") were used only as a demonstrative example of the region of interest selection method that would be understood by a person of ordinary skill in the art.  As described at length by NeuroGrafix in the concurrent briefing, the method described by NeuroGrafix in its briefing is well supported by the text of the '360 patent as well as the expert testimony that Siemens does not deny was timely submitted.   The images provided by NeuroGrafix (and authenticated by Dr. Filler's declaration) were offered only as a visual example of the process described in NeuroGrafix's Opposition to Siemens' Partial Motion for Summary Judgment (D.I. 144) ("Opposition").   As Siemens admits, the images and declaration are noticeably devoid of the type of expert opinion and analysis that would be present if Dr. Filler's declaration was in fact an expert opinion.

Conversely, Siemens uses its mischaracterization of Dr. Filler's declaration as an excuse to provide extensive additional expert testimony and analysis from its own expert, Dr. Bryan.  Dr. Bryan's declaration, however, goes well beyond any alleged expert opinion contained in Dr. Filler's declaration.  For example, although NeuroGrafix's expert, Dr. Brant-Zawadzki, testified repeatably about the use of the thresholding algorithm to select the appropriate region of interest for a nerve, Dr. Bryan's new declaration contains extensive additional testimony that could have and should have been presented in his previous reports.   Therefore, while Dr. Filler's declaration should be not struck, Dr. Bryan's declaration is unquestionably undisclosed expert testimony and it should therefore be struck.

RUSS, AUGUST & KABAT

**PLAINTIFFS' OPPOSITION TO SIEMENS' MOTION TO STRIKE**

## II. SIEMENS' MOTION TO STRIKE SHOULD BE DENIED BECAUSE DR. FILLER'S DECLARATION ONLY AUTHENTICATES EXEMPLARY IMAGES AND DOES NOT PROVIDE EXPERT TESTIMONY.

Dr. Filler's declaration is facially not an expert report and does not purport to be an expert report. As described in NeuroGrafix's Opposition to Siemens' Motion for Summary Judgment (D.I. 144), the '360 patent itself tells a person of ordinary skill in the art how to select the regions of interest to be used in the conspicuity analysis. It is undisputed that the '360 patent teaches a person of ordinary skill in the art how to identify nerve on an MR image. Opposition at 7-8; D.I. 144-3 at ¶¶ 31-34. Once the nerve has been identified, the '360 patent expressly teaches a thresholding algorithm, as described at column 28, lines 2 to 7 of the '360 patent, that establishes the boundaries of the identified nerve and allows for the calculation of average signal intensities of the selected region. Opposition at 8-11; D.I. 144-10 at ¶ 10, 21. Contrary to Siemens' argument, nothing in this disclosure limits the selected neural tissue to the "fascicle identification method" described in a completely different paragraph. Because it is undisputed that the '360 patent teaches how to identify a nerve, the selection and calculation of the average signal intensity of a region selected using the disclosed process will identify a consistent selected region of interest.[1] Similarly, the '360 patent expressly teaches how to select the non-neural tissue to be used in the conspicuity calculation. Opposition at 11-14. Like the selection of the nerve, NeuroGrafix's position is completely

---

[1] Siemens tries to dispute this fact. However, Siemens miscites the testimony of Drs. Filler and Brant-Zawadzki. Dr. Filler, for example, never testified that the thresholding process was limited to the "fascicle identify method" and not calculating conspicuity. D.I. 160-8 (McEldowney Decl. ¶ 4, IND20) at 122:2-124:2. Similarly, contrary to Siemens representations to the contrary, Dr. Brant-Zawadzki testified consistent with NeuroGrafix's position that the thresholding process was sufficiently described in the '360 patent to be used by a person having ordinary skill in the art. Weiss Decl. ¶ 2, Ex. 1 at 58:24-64:12. Even in Dr. Bryan's supplemental expert report, Dr. Bryan continues to fail to present any evidence to support his opinion that the teachings of the '360 patent result in meaningfully different conspicuity calculations.

3199-002

2

RUSS, AUGUST & KABAT

supported by the disclosure of the '360 patent and expert testimony, not Dr. Filler's declaration or the exhibits.  NeuroGrafix's argument is entirely supported by evidence that Siemens acknowledges is proper and timely, such as the '360 patent and the expert testimonies from Drs. Brant-Zawadzki and Bryan.

The images and Dr. Filler's authenticating declaration are nothing more than exemplary of the region of interest selection process that is amply supported by the evidence that has been in Siemens' possession for month.  They are not offered as (nor do they purport to be) a conspicuity analysis.  They are also not offered to support or alter the evidence and argument in NeuroGrafix's Opposition brief.  Indeed, contrary to Dr. Bryan's "declaration," which is discussed below, Dr. Filler does not provide any analysis or opinion in his declaration on the issue of indefiniteness or how one of ordinary skill in the art would understand the term "conspicuity."[2]  Instead, the declaration merely describes Exhibits 16-20 to properly authenticate them.  The purpose of the images is to illustrate, not prove, NeuroGrafix's arguments in the Opposition brief – which is apparent from the lack of expert opinion or analysis accompanying the images.  Thus, the declaration and exhibits are not expert opinion.  *See Laser Design Int'l, LLC v. BJ Crystal, Inc.*, Lead Case No. C 03-1179, 2007 U.S. Dist. LEXIS 21329, at *12-*13 (N.D. Cal. Apr. 7, 2007) (allowing declaration authenticating images attached to a declaration because the declaration did not provide specialized explanations or interpretations).

Siemens' primary argument is that Dr. Filler's declaration is an expert report because it is based on "scientific, technical or other specialized knowledge" and therefore is subject to Fed. R. Evid. 702 and should have been disclosed previously.  Siemens, however, misapplies Fed. R. Evid. 702 because Dr. Filler's declaration is based on his personal knowledge of how he generated the images

---

[2] Siemens takes out of context Dr. Filler's statement in paragraph 3 of the declaration.  Dr. Filler did not intend to opine on the teachings of the '360 patent.  Rather, pane A is an example of a region of interested selected pursuant to the '360 patent, as argued in NeuroGrafix's Opposition.  The selection in pane A is illustrative, not argumentative.

Russ, August & Kabat

rather than on specialized or technical knowledge.  For example, similar to here, the court in *Laser Design* rejected a motion to strike a declaration that simply authenticated attached images and described how they were produced.  2007 U.S. Dist. LEXIS 21329, at *12-*13.[3]  The cases relied on by Siemens are distinguishable.  In each of those cases, either the party submitting the declaration did not dispute that the declaration in question constituted expert evidence or the declaration contained extensive opinion testimony.  For example, in *Baran v. Medical Device Techs., Inc.*, 616 F.3d 1309, 1318 (Fed. Cir. 2010), cited on page 5 of Siemens' motion, "[t]he declaration was a detailed, 22-page report attesting to Dr. Baran's qualifications as an expert, describing the asserted patent claims and the accused device, and offering extensive opinion testimony in support of his theories of infringement."  While Dr. Bryan's declaration is similar to the declaration in *Baran*, Dr. Filler's two-page declaration does not contain any analysis or opinion on the issue of indefiniteness or how one of ordinary skill in the art would understand the term "conspicuity."

Siemens' argument that it is prejudiced because the images and Dr. Filler's declaration are untested must also fail.  D.I. 157 at 4.  First, as explained above, the images and declaration are merely exemplary and not expert opinion.  Second, Siemens undermines its own argument by complaining that Dr. Filler provided "little text" with the exhibits.  D.I. 157 at 6.  As explained above, the declaration does not contain any opinion or analysis because it was not intended to be, and does not purport to be, an expert report.  Dr. Filler's declaration merely authenticates the images he generated, which were provided to illustrate the arguments made in NeuroGrafix's Opposition.

Siemens' final argument that Dr. Filler's declaration should be struck as untimely factual evidence must also fail because the images and the declaration are

---

[3] In *Laser Design*, unlike here, the other declaration at issue was struck because the party had effectively admitted it contained expert testimony.  2007 U.S. Dist. LEXIS 21329, at *10-*12.  Here, Dr. Filler's declaration is not expert testimony as explained above.

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

not factual evidence. The exhibits to Dr. Filler's declaration serve as demonstratives, not as evidence that give rise to an issue of fact or substantiate NeuroGrafix's arguments. NeuroGrafix's argument is supported entirely by the text of the '360 patent and expert testimony timely submitted by the parties. Furthermore, the case relied on by Siemens, *Wood v. Santa Barbara Chamber of Commerce*, is distinguishable because the declaration there was submitted "on the day [the summary judgment] motion was to be heard." 705 F. 2d 1515, 1519 (9th Cir. 1983). This is not the case here.

Therefore, the images and Dr. Filler's authenticating declaration are not untimely expert or factual evidence and should not be stricken. Furthermore, even if the Court agrees that the images and declaration are untimely evidence and should be struck, it does not affect NeuroGrafix's argument or the ample support within the '360 patent and expert testimony that defeats Siemens' Motion for Partial Summary Judgment.

**III.  SIEMENS HAS MISCHARACTERIZED DR. FILLER'S DECLARATION IN ORDER TO PROVIDE FURTHER EXPERT TESTIMONY FROM DR. BRYAN AND THE COURT SHOULD, THEREFORE, STRIKE DR. BRYAN'S DECLARATION.**

Unlike the simple two-page authenticating declaration submitted by Dr. Filler, Siemens has offered and relied on the untimely declaration of Dr. Bryan in its Reply brief. *See* D.I. 160-4 (McEldowney Decl. ¶4, IND20). Siemens and Dr. Bryan attempt to excuse this untimely expert testimony and analysis as a response to Dr. Filler's declaration but it in actuality addresses NeuroGrafix's argument in the Opposition, not any alleged untimely expert opinions presented by Dr. Filler. For example, Dr. Bryan provides extensive supplemental expert testimony regarding the use of the thresholding algorithm to identify the nerve region of interest. D.I. 160-4 at 7-9. But this thresholding algorithm was disclosed and relied on by Dr. Brant-Zawadzki during expert discovery and Dr. Bryan chose not

**PLAINTIFFS' OPPOSITION TO SIEMENS' MOTION TO STRIKE**

to address it sufficiently at the time.  It is untimely and inappropriate for Siemens and Dr. Bryan to do so now.  Similarly, although Dr. Filler provided no expert opinion or analysis regarding the selection of the region of interest of non-neural tissue, except to authenticate images, Dr. Bryan devotes over three pages of his supplemental opinion to "responding" to Dr. Filler's non-existent opinion.  *See* D.I. 160-4 at 3-7.  Pursuant to Siemens' own arguments and case law, the declaration of Dr. Bryan and his supplemental expert opinion should be struck.  *See Baran*, 616 F.3d at 1318; *Mallinckrodt, Inc. v. Masimo Corp.*, 254 F. Supp. 2d 1140, 1157-58 (C.D. Cal. 2003).

## V.    CONCLUSION.

For all the reasons articulated above, the Court should find that Dr. Filler's declaration is not an expert report and deny Siemens' motion to strike.


Dated: September 28, 2011          Respectfully submitted,

**RUSS, AUGUST & KABAT**


By:    /s/ Andrew D. Weiss
       Andrew D. Weiss

**Attorneys for Plaintiff
NEUROGRAFIX**


**K&L GATES**


By:    /s/ David T. McDonald (*by permission*)
       David T. McDonald

**Attorneys for Plaintiff
WASHINGTON RESEARCH FOUNDATION**

**PLAINTIFFS' OPPOSITION TO SIEMENS' MOTION TO STRIKE**

RUSS, AUGUST & KABAT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUSS, AUGUST & KABAT

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 28, 2011.  Any other counsel of record will be served via First Class U.S. Mail on this same date.


By:   /s/ Andrew D. Weiss
Andrew D. Weiss

3199-002

7

**PLAINTIFFS' OPPOSITION TO SIEMENS' MOTION TO STRIKE**